IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BUSH AND CHRISTOPHER BUSH | : | |
| | : | |
| Plaintiffs | : | NO. |
| -vs- | : | |
| | : | |
| S. C. ADAMS; Lt. ____ RUSSELL, (*Richmond* | : | |
| *City .PD., Virginia);* KENNETH HILL, | : | |
| STEVEN J. IGNATZ,  SERGEANT ___TRIPP; | : | |
| (*Pennsylvania State Police*); AND, | : | |
| SARA NICOLE BUSH A/K/A | : | |
| SERENE ISARA ISABELLA, A/K/A | : | CIVIL ACTION |
| SARA NICOLE MONSERRATE A/K/A | : | |
| SARA NICOLE MONSERRATE BUSH | : | |
| | : | |
| Defendants | : | JURY TRIAL DEMAND |

COMPLAINT

I. INTRODUCTION

1.     Plaintiffs bring this 42 U.S.C. §1983, 1964 Civil Rights action against the

Defendants seeking all relief the law provides for a deprivation under color of state law of

the Plaintiffs' First, Fourth, and Fourteenth Amendment United States Constitutional

rights, which depirvaton and Defendants' conduct is the proximate and legal cause of

the Plaintiffs' injuries as are more fully described below, which in juries and damages

entitled the Plaintiffs' to, and they seek, compensatory, consequential, nominal and punitive

damages, reasonable attorney fees, litigation costs, and equitable relief.

2.     Plaintiff contends that the Defendants at all times acted for themselves

and in concert with one another, under a common understanding and under color of

state law, did on or about October 25, 2006 intentionally, recklessly, maliciously, with

gross negligence, a total disregard for the Plaintiffs' rights, in reckless disregard for the

rights, and in deliberate indifference to the rights, which rights were at the time clearly

established at law, deprived the Plaintiffs of their federal rights, privileges and

immunities, as such deprivation is in more detail provided below but which include such

rights as secured under the First, Fourth and Fourteenth Amendments of the United

States Constitution: to wit, free speech, petition clause, liberty and association right to

be with and raise his children, and right to be free from an unreasonable seizure.

II. JURISDICTION / VENUE

3.       Jurisdiction for the District Court to hear this action is afforded pursuant to 42

U.S.C. § 1983, et seq., the Civil Rights Act of 1964, its amendments and under 28 U.S.C.

§1331 (Federal Question) and § 28 U.S.C. 1343 (3) and (4) (Civil Rights). Venue properly

lies in the United States District Court for the Eastern District of Pennsylvania because the

causes of action herein pleaded occurred in Bucks County, which location is within the

venue established for this District Court. Plaintiffs invoke supplemental jurisdiction under 28

U.S.C. §1367 for the District Court to resolve the state pendent claims.

III. PARTIES

4.       David Bush (Plaintiff) is a natural person, domiciled in Pennsylvania, and

for all time related to this action resided in Bucks County, Pennsylvania.

5       S.C Adams (Defendant Adams) and Lt. _____ Russell (Defendant Russell)

are natural persons who are believed to be domiciled and a resident in the

Commonwealth of Virginia. Defendants Adams and Russell work a sworn employees for

the City of Richmond's Police Department; they are "Person" who acted under color of

law as such is intended and/or defined by 42 U.S.C. §1983 et seq.

6        Kenneth Hill (Defendant Hill), Steven J. Ignatz (Defendant Ignatz, and

Sergeant ___Tripp (Defendant Tripp) are natural persons who are believed to be

domiciled in and residents of the Commonwealth of Pennsylvania, they are sworn employees of the Commonwealth of Pennsylvania, with the Pennsylvania State Police, and they are "Person" who acted under color of law, as such is intended and/or defined by 42 U.S.C. §1983 et seq.

7.      Sara Nicole Bush a/k/a Serene Isara Isabella, a/k/a Sara Nicole Monserrate a/k/a Sara Nicole Monserrate Bush (Defendant Sara Bush) is a natural person who is believed to be domiciled in and a resident of the Commonwealth of Virginia. Defendant Sara Bush acted in concert with Defendants Russell, Adams and Tripp to deprive the Plaintiff of his First and Fourteenth Amendment rights to association, and she conspired with Russell and Adams to initiate, procure and cause criminal process against Plaintiff D Buss, which process lacked probable cause but ended favorably for Plaintiff D. Bush, and which process deprived  Plaintiff d. Bush of his liberty; to wit,  incarcerated for months. Defendant Sara Bush is a "Person"  who acted under color of state law and conspired to deprive federal rights as such is intended and/or defined by 42 U.S.C. §1983 et seq.

8.      Plaintiff is the natural father of three children born from a marriage with Defendant Sara Bush. At the time of the births, Plaintiff and Defendant Sara Bush were domiciled in and citizens of Pennsylvania.

9.      On or about the year of 2000 Defendant Sara Bush and David Bush were husband and wife. Defendant Sara Bush in 2000 initiated in Pennsylvania  a divorce and child custody action; whereas, Plaintiff D. Bush was the defendant.

10.     On or about 2004 Defendant Sara Bush without court approval, or notice to D. Bush or a hearing afforded to him, absconded from the Commonwealth of Pennsylvania with the children born of the marriage between Sara and David Bush.

11.     On or about June 23, 2006 D. Bush was granted by Order of Court from the Luzern County Common Pleas, Pennsylvania, Family Court Division full and exclusive custody of the aforementioned three children.

12.     Thereafter Defendant Tripp was instructed by the District Attorney for the Mansfield Pennsylvania area to search for Defendant Sara Bush. Such search was to place the absconded children into NCIC. Plaintiff David Bush at such time also tried to obtain the aid of Defendant Tripp to locate the children; however, Defendant Tripp would not render aid to D. Bush,  comply with the instructions of the District attorney, or place the children into NCIC. Nevertheless, on or about October 12, 2006 Plaintiff D. Bush located his children in the City of Richmond, Virginia; although their names and social security numbers had been changed.

13.     On or about October 13, 2006 Plaintiff D Bush was awarded full and exclusive custody of his children by the Court, Juvenile Division, for the City of Richmond; under such order, the children are recovered by the City of Richmond Police Department and turned over to Plaintiff D Bush. Defendant Russell and Adams instructed D Bush to immediately leave Virginia and returned to Bucks County Pennsylvania with his children; those instructions were followed.

14.     On or about October 25, 2006 Defendants Adams and Russell, with the aid of Sheriff Shuck of the Richmond Sheriff's Department, demanded Plaintiff D. Bush be arrested and the children taken into custody by Plaintiff C. Bush (a police officer for

Newtown Township, Bucks County, Pennsylvania) or other members of the Newtown Township Police Department.

15.     Defendants Adams and Russell's demand was rejected until the Bucks County district Attorney's office approved the arrest and seizure, which approval was not obtained unless Defendants Adams and Russell "domesticated" their paperwork with the Bucks County Court of Common Pleas. Defendant Russell and Adams did not and would not domesticate any paperwork to approve the arrest of D Bush and/or seizure of his children.

16.     On or about October 26, 2006 Plaintiff D Bush was unreasonably seized and held in the Bucks County Jail; he was then taken to and held for weeks in the Philadelphia Federal Detention Center, and then taken to other detention facilities.

17.     Plaintiff's unreasonable seizure as described in paragraph 16 included unreasonable searches of his person and taking of his property, which unreasonable search and seizure was caused by Defendants Adams and Russell, who obtained a warrant that lacked probable cause or a process that was inadequate to protect Plaintiff D. Bush's constitutional rights.

18.     Defendant Adams and Russell on or about October 25, 2006 and with the defective warrant contacted the Pennsylvania State Police, Newtown Township, Bucks County Police Department, Federal Bureau of Investigation and United States Marshall, whereas, Adams and/or Russell instructed these law enforcement entities to arrest D Bush and seize his children.

19.     Defendants Adams and Russell imitated and procured against Plaintiff D Bush felony criminal charges; whereas, Defendant Adams falsely alleged and swore

under oath that David Bush had  abducted his children. Adams charged D. Bush with "Abduction by Parent, removal from State" (three counts) and "Conspiracy" (three counts). These charges when made were known by the Defendants to be false, fabricated, factually unsupported, and lacking of probable.

20.     On or about November 21, 2006 (the day before Thanksgiving) the Defendants were put on notice by the Juvenile Court of the Commonwealth of Virginia, for the City of Richmond, that there was "no case" or insufficient legal or factual basis for the charges against " David Bush"; the Court observing and stating from the bench that "he [David Bush] had done nothing wrong". Despite such, the prosecution continued against D. Bush and he was barred from further association with his children; who were transported to Virginia from Pennsylvania and turned over to Sara Bush.

21.     On or about January 5, 2007 the Juvenile Court of the Commonwealth of Virginia, for the City of Richmond, dismissed the felony criminal charges, on the motion of the Prosecutor for the Commonwealth of Virginia, who saw there was  "no case" against Plaintiff or insufficient legal or factual basis for the charges; the charges were not dismissed before Plaintiff spent a month in jail on the charges and lost custody of his children.

22.     On or about November 2006 Defendant Tripp contacted Plaintiff C. Bush about his relationship with D. Bush, Tripp questioned C. Bush about the entry of D. Bush's  children into the Nation Crime Information Center's Missing Child Data System, and Defendant Tripp wanted to know why C. Bush entered the children into the Missing Child system; Tripp, however, when asked did not explain why Tripp had not entered the children into NCIC, as was his duty and the instructions of the District Attorney.

23.     Plaintiff D Bush believes and so avers that Defendant Tripp is involved the Mansfield Chapter of an organization that hides children and  women, which organization Defendant Sara Bush belongs and/or her attorney belongs.

24.     D. Bush further believes and avers that Defendant Tripp intentionally did not place the children into NCIC under an agreement with Defendant S. Bush and her attorney.

25.     Following the November contact from Defendant Tripp,  Plaintiff C. Bush made a verbal complaint to the Pennsylvania State Police about Defendant Tripp's phone call. On January 1, 2007 the complaint was placed in writing.

26.     Following the January 1, 2007 written complaint, Plaintiff C. Bush was subjected to adverse and retaliatory action by Defendants Tripp, Hill and Ignatz, who initiated a bogus investigation against C. Bush and the entry of D. Bush's children into the NCIC Missing Children Data System.

27.     Plaintiff C. Bush was questioned by Ignatz and other members of the Pennsylvania State Police about the NCIC Missing Children Data System entry; however, there was no wrong doing by C Bush and such was known by Defendants Tripp, Hill and Ignatz.

28.  Plaintiff C Bush was cleared of wrong doing; however, Defendant Hill on or about July 31, 2007 took adverse and retaliatory action against C. Bush, for making the complaint against Tripp, and for performing police duties, such as entering missing children into NCIC so reported, and being associated with D. Bush. In that Hill in an "extraordinary step" sent a letter and requested in writing that the Board Of Supervisor

take action against C. Bush; intimating that C. Bush had engaged in some improper action or conduct which he had not.

28.     The actions of the Defendants were done under color of state law, and they were intentional, willful, deliberate, reckless, and done with ill will and hatred for the Plaintiff's; the actions were done with deliberate indifference and/or reckless disregard for the Plaintiff's rights, and the Defendants at such time of their actions and agreements were on notice of the other defendants' action, which action they acquiesced to, and which actions the Defendant knew would deprive clearly established rights of the Plaintiffs.

IV. CAUSES OF ACTION

## COUNT I
## 42 U.S.C.§1983 /  FOURTH AND FOURTEENTH AMENDMENT
## UNREASONABLE SEIZURE
## D Bush v. Adams, and Russell

29.     Plaintiff repeats all preceding paragraphs as if each were repeated verbatim hereto.

30.     On or about October 26, 2006 Defendants Adams, Russell and S. Bush caused Plaintiff to be unreasonably seized and searched, which conduct deprived D. Bush of his liberty for weeks.

31     Further, Defendants Adams and Russell failed to provide Plaintiff D. Bush with adequate notice of the factual basis for the deprivation and/or adequate or reasonable opportunity to contest the charges, which inadequacies caused Plaintiff D. Bush to be deprived of valid due process.

32.     The process on its face and as applied to deprive the Plaintiff of his liberty and as the process as applied to deprive the Plaintiff of his liberty was and is insufficient

or inadequate to meet minimal due process requirements, or to afford Plaintiff with due process protections, such as notice and reasonable opportunity to understand and defend against the defendants allegations of criminal conduct that was relied on for the deprivation of liberty.

33.     The process used by the Defendants to deprive Plaintiff of his liberty was invoked because of his associational rights, such as  to raise and care for his children; the process was insufficient as applied to prevent a deprivation of Plaintiff D. Bush. Constitutional associational and due process rights.

34.     Defendants Adams, Russell and S Bush initiated and/or procured, or caused to be initiated or procured, criminal process against the Plaintiff; to wit, six warrants and/or complaints for six felony charges, which charges and process lacked probable cause and a writing that establish the existence of probable cause or provided a basis for a reviewing or neutral judicial officer to find probable cause.

35.     The substantial or motivating reason for Defendants Adams, Russell and S. Bush's initiation, procurement and use of criminal process against the Plaintiff was Plaintiff D. Bush's constitutionally protected activities, such as engaged in petition clause activity to recover and or associate with his children, and/or the activity of invoking the association and liberty right to raise his children.

36.     Plaintiff was unreasonably seized through inadequate or insufficient due process that was initiated and procured by Defendants Adams, Russell and S. Bush, which unreasonable seizure and search deprived Plaintiff D Bush of his First, Fourth and Fourteenth Amendment rights.

37.     Plaintiff sustained injury to his person and economic damages as a result of Defendants Adams' Russell's and S. Bush's acts, conduct and agreement, which conduct included the initiation and procurement of the criminal process as a retaliatory act for engaging in constitutionally protected activities.

**COUNT II
42 U.S.C.§ 1983 / FOURTH AMENDMENT
MALICIOUS PROSECUTION
D. Bush v. Adams, Russell and S. Bush**

38.     Plaintiff D. Bush repeats all preceding paragraphs as if each were repeated verbatim hereto.

39.     The Defendants Adams, Russell and S. Bush initiated, procured, and continued criminal process against Plaintiff D. Bush.

40.     Said Defendants' initiated, procured and continued criminal process against Plaintiff D. Bush without there existing probable cause for the process.

41.     Said Defendants' initiated, procured and continued criminal process against Plaintiff D. Bush without there existing probable cause for the process and for a purpose not intended for the process.

42.     Said Defendants' initiated, procured and continued criminal process against Plaintiff D. Bush to extort him into surrendering his right to custody of his natural children and/or to retaliate or punish him for not surrendering such rights or others by petitioning the court to gain lawful custody of his natural children.

43.     The Defendants intentionally and with ill will and malice for Plaintiff D. Bush initiated, procured and continued criminal process against said Plaintiff when there was no probable cause for the process and for the purpose to extort him into

surrendering his right to custody of his natural children and/or to retaliate or punish him

for petitioning the court to gain lawful custody of his natural children.

44.     Plaintiff D. Bush was unreasonably deprived of his liberty as a result of the

process, which caused his person to be unreasonably seized and searched.

45.     The process ended favorably for said Plaintiff as the process was

dismissed by the Court.

46.     Plaintiff D. Bush as a direct result of and the proximate cause from said

Defendants' initiation, procurement and continuation of the criminal process, was

deprived under color of state law of his liberty, and he sustained economic damages

and extreme emotion distress, humiliation, embarrassment and injury to his good name

and reputation in the community, which injury was extreme, outrageous and beyond the

bounds that society is willing to accept, so to entitle recovery of punitive damages.

**COUNT III**
**42 U.S.C.§ 1983 /**
**RETALIATION FOR FIRST AMENDMENT ACTIVITY**
**D Bush  v Adams, Russell and S. Bush**
**C. Bush v Hill, Tripp and Ignatz**

47.     Plaintiffs repeat all preceding paragraphs as if each were repeated

verbatim hereto.

48.     Plaintiffs are member of a protected class, in that D. Bush is the parent to

children natural to him; Both Plaintiffs have engaged in First Amendment activity; in that,

D. Bush has engaged in Petition Clause, Liberty, and Associational activity by initiating

court action to obtain lawful custody of his natural children and traveling to and leave

the Commonwealth of Virginia to be with and obtain lawful custody of his children.

Plaintiff D Bush further engaged in such activity by return to the Commonwealth of

Pennsylvania with his children were they were illegally removed before arriving in the Commonwealth of Virginia, so to raise them. Plaintiff C Bush engaged in such protected activity by making a complaint as a citizen against members of the Pennsylvania State Police and placing D. Bush's children into the NCIC Missing Children Data system.

49.     Defendants Adams, Russell and S. Bush initiated criminal process against Plaintiff D. Bush, and the substantial or motivating reason for the Defendants action was Plaintiff's protected activity and membership in a protective class.

50.     Defendants Hill, Tripp and Ignatz initiated a CLEAN investigation against Plaintiff C. Bush, and took the "extraordinary step" to seek punishment against C. Bush, when there was no wrongdoing done by CF. Bush and he was cleared of any alleged wrongdoing in the CLEAN investigation.

51.     The substantial or motivating reason for Defendants Hill's Tripp's' and Ignatz's action was Plaintiff C. Bush's protected activity and membership in a protective class.

52.     Plaintiffs D Bush suffered adverse action as a direct result of the Said Defendants adverse action; in that, Plaintiff D. Bush lost his liberty by being incarcerated in jail for weeks; he lost custody of his children and was deprived of his liberty and associational rights to be with and raise his children, and he sustained economic damages in the form of costs and attorney fees to defend against the process, and he suffered injury to his reputation in the community and person because of the process, which injury included humiliation, embarrassment, anxiety, depression, extreme emotional distress that manifest into physical conditions, such as headaches, stomachs, loss of hair, eye twitches, loss of sleep, and weight loss.

53.     Plaintiffs C Bush suffered adverse action as a direct result of the Said

Defendants adverse action; in that, Plaintiff C. Bush good name was harmed and

without a name clearing hearing being afforded to him. Such allegation by these

defendants of improper conduct as a police officer will harm C. Bush's promotional

opportunity and thus pay and other benefits attendant to the employment. In additional

Plaintiff C. Bush as been retaliated against for his associational rights to be with and

lawfully aid his brother D Bush. Plaintiff C Bush as suffered injury to his reputation in the

community and person because of the process, which injury included humiliation,

embarrassment, anxiety, depression, extreme emotional distress that manifest into

physical conditions, such as headaches, stomachs, loss of hair, eye twitches, loss of

sleep, and weight loss.

54.     The Plaintiffs have been retaliated against for engaging in First

Amendment activities, and they believe, so therefore aver, that the substantial and

motivating reason for the Defendants acts, actions and resulting adverse action was

because they had engaged in constitutionally protected activities.

**COUNT IV**
**42 U.S.C.§ 1985- CONSPIRACY**
**D Bush and C Bush v. Adams, Russell, S Bush, Tripp, Hill and Ignatz**

55.     Plaintiffs repeat all preceding paragraphs as if each were repeated

verbatim hereto.

56.     The Defendants are from two different states, to wit, Commonwealth of

Virginia and Commonwealth of Pennsylvania. The  Defendants number in two or more

persons as such s intended to mean by section 1985(3).

57.     All Defendants knowingly and intentional engaged in an agreements or

conspiracy to retaliate against the Plaintiffs because of their association to one another and

13

for protected activities. In that Defendants Adams and Russell with S. Bush procured, imitated and used criminal process. Defendants Adams, Tripp Hill, S Bush and Ignatz initiated and used a bogus CLEAN investigation.

58.     All of the Defendants knew of the others actions, and they acquiesced and condones such action; they conspired and acted in furtherance of the others action, and they willingly aided the others action by taking their own action and furthering the common goal to deny Plaintiff of their constitutional rights, such as the right to associate, petition the court, equal projection and procedural and substantive due process of law, and to full faith and credit.

59.     The Defendants took substantial steps in furtherance of the common goal or conspiracy by initiating criminal, civil and administrative action., and by taking an "extraordinary step" to contact C. Bush's employer for the purpose to harm C. Bush's employment and good name.  .

60.     Further, Defendants Adams, Russell and Tripp in the scope and/or course of the conspiracy with Defendant Sara Bush did, in furtherance of the conspiracy, use or misuse their positions in law enforcement to achieve her goal of depriving Plaintiff D. Bush of constitutional association right to be with and raise his children. In that, for example, but not limited to such, Tripp Adams and Russell used their positions in law enforcement to influence others to aid them, such others as Newtown Bucks County Pennsylvania Township Police, which did not aid the Defendants on the advice of the Bucks County District Attorney's Office, which Office and thus Newtown Police Department required the Defendants to follow Pennsylvania Law and "domesticate" their process and claim that Plaintiff had engaged in criminal conduct by removing his children from Virginia under a Virginia court order and Pennsylvania custody order.

61.     The Defendants individually, collectively and jointly acted and/or omitted an

act in furtherance of the described conspiracy to deprive the Plaintiffs of their federal rights

as secured under the First, Fourth and Fourteenth Amendments of the United States

Constitution.

62.     The acts or omissions of the Defendants caused Plaintiff to suffer an actual

loss, economic and consequential damages, emotional distress, humiliation,

embarrassment, and extreme emotional distress, such as fright, fear, anger, disappointment

and worry, which thus constitutes a section 1985(2) conspiracy claim and entitles Plaintiff to

the relief requested below as is permitted by law.


**COUNT V**
**DECLARATORY RELIEF**
**DECLARE UNCONSTITUTIONAL THE PROCESS USED BY DEFENDANTS**
**TO OBTAIN A WARRANT OF ARREST**


63.     Plaintiffs repeat all preceding paragraphs as if each were repeated

verbatim hereto.

64.     Plaintiffs D. Bush was arrested by warrant that did not have a probable cause

affidavit attached.

65.     The process used against Plaintiff D. Bush did or does not require an affidavit

of probable cause top be used and/or provided.

66.     The process used against Plaintiffs D. Bush is on its face or as applied

inadequate to provide due process protections under the Fourth or Fourteenth

Amendments. In that, the process does not allow for a review by a neutral judicial officer of

the same facts relied on to obtain a warrant, and the process does not offer the accused the

opportunity to prepare for court; thus the process does not meet Fourteenth or Fourth

Amendments mandates.

Wherefore, Plainitf D. Bush prays for declaratory relief to declare the Virginia process unconstitutional and thus may not be used.

## COUNT VI
## STATE PENDENT CLAIMS
## DRAGONETTI  MALICIOUS PROSECUTION ABUSE OF PROCESS
## ASSAULT/ BATTERY, FALSE IMPRISONMENT
## DEFAMATION – FALSE LIGHT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67.     Plaintiffs repeat all preceding paragraphs as if each were repeated verbatim hereto.

68.     Defendants Adams, Russell and S Bush on or about October 25, 2006 intentionally caused Plaintiff D Bush to be in reasonable and immediate apprehension of a harmful or offensive contact with his body.

69.     Defendants Adams, Russell and S Bush on or about October 25, 2006 intentionally caused Plaintiff to be deprived of his free movement for weeks, in that they cause his arrest and subsequent incarceration in no less than three different jails in two different states and for a period lasting month.

70.     Defendants by extreme and outrageous atrocious conduct, as was set forth above is conduct society would view as intolerable, did intentionally or recklessly cause serve emotional distress on the Plaintiffs, and did so to humiliation and embarrass them, and to cause fright, fear, anger, and disappointment, which was sever, lasted weeks, and resulted into physical symptoms, such as itching skin, twitching eyes, sick stomach and loss of hair and weight and mood changes.

71.     Defendants Adams, Russell and S. Bush's actions as set forth above caused Plaintiff D. Bush to be confined for weeks and against his will, and without right of law, privilege, probable cause or other proper basis that a reasonable person would believe

would allow the arrest or confinement of D. Bush. IN that they did cause Plaintiff D. Bush to be placed in two jails and a federal detention center, which jails and detention center offered Plaintiff D, Bush no ability to escape without a risk of injury or harm to him or his property.

72.     Defendants at all times set forth acted, intentionally, recklessly, with gross negligence and malice for the Plaintiffs.

73.     Defendants Adams, Russell and S. Bush initiated, produced, used, and continued criminal process when there was no probable cause for such process. In that they did on or about October 25, 2006 cause criminal proceedings to be initiated procured, and/or continued against the Plaintiff, for a purpose primarily not intended by the process, which process resulting in the Plaintiff being arrested and his property seized, and which process terminated favorably for the Plaintiff when the Court dismissed the process after conducting a hearing and viewing the Defendants' facts or lack thereof, but not dismissing before the process first resulted in actual injury and damages to the Plaintiff, who suffering injury to his reputation and person, and sustained economic damages, and after the Court noticed the Defendants there was no case against Plaintiff D. Bush.

74.     Defendant Sara Bush published a knowing false communication to others, such as Defendant Adams and Russell, and in doing so did abuse any privilege for such communication.

75.      As a direct result of Defendant S. Bush's communications to others, Plaintiff D. Bush was harmed in his good name and standing in the community, and caused injury to be suffered by the Plaintiff in the form of humiliation, embarrassment, emotional distress of the they ordinarily suffered by a reasonable person accused of committing a crime that was not committed by the person, and actual economic damages.

17

VII. PRAY FOR RELIEF

WHEREFORE, Plaintiff prays the Court enter judgment for him and against the Defendants, that Judgment be entered jointly and severally, and that damages sufficient to make the Plaintiffs whole be awarded.. Plaintiffs pray the Court award punitive damages to punish the defendants and prevent others from engaging in the same of substantially similar conduct. Plaintiffs' pray they be awarded all relief the law and equity allows, such as but not limited to consequential, compensatory, special, punitive, and statutory damages, reasonable attorney fees, costs, and other relief, including equitable relief, which the Court deems proper and just to make the Plaintiff whole.

Date: 11/26/07

KRAVITZ AND PURICELLI

BY:   BMP3198   /s/
      *Brian M. Puricelli*
      Brian M. Puricelli, Esquire