IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICE OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BUSH AND CHRISTOPHER BUSH | : | |
| | : | |
| Plaintiffs | : | NO. 07 4936 |
| v. | : | |
| | : | |
| S.C. ADAMS; Lt _____ RUSSELL (*Richmond* | : | CIVIL ACTION |
| *City. PD., Virginia);* KENNETH HILL, | : | |
| STEVEN J. IGNATZ, SERGEANT _____ TRIPP; | : | |
| (*Pennsylvania State Police);* AND, | : | |
| SARA NICOLE BUSH A/K/A | : | |
| SERENE ISARA ISABELLA, A/K/A | : | |
| SARA NICOLE MONSERRATE A/K/A | : | JURY TRIAL DEMAND |
| SARA NICOLE MONSERRATE BUSH | : | |
| | : | |
| Defendants | : | |

## <u>ORDER</u>

NOW, this _____ day of _____, 2008, upon consideration of

Defendant Sara Nicole Bush a/k/a Serene Isara Isabella, a/k/a Sara Nicole Monserrate

a/k/a Sara Nicole Monserrate Bush's (hereinafter "Defendant Serene") Motion to Dismiss

Plaintiffs' Complaint and Plaintiffs' response thereto, it is ORDERED that said Motion to

Dismiss is GRANTED, and all claims against Defendant Serene are hereby DISMISSED.

BY THE COURT:

_____
MARY A. MCLAUGHLIN, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICE OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BUSH AND CHRISTOPHER BUSH | : | |
| | : | |
| Plaintiffs | : | NO. 07 4936 |
| v. | : | |
| | : | |
| S.C. ADAMS; Lt _____ RUSSELL (*Richmond* | : | |
| *City PD., Virginia);* KENNETH HILL, | : | |
| STEVEN J. IGNATZ, SERGEANT _____ TRIPP; | : | |
| (*Pennsylvania State Police);* AND, | : | |
| SARA NICOLE BUSH A/K/A | : | CIVIL ACTION |
| SERENE ISARA ISABELLA, A/K/A | : | |
| SARA NICOLE MONSERRATE A/K/A | : | |
| SARA NICOLE MONSERRATE BUSH | : | |
| | : | |
| Defendants | : | JURY TRIAL DEMAND |

## DEFENDANT SERENE'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b), defendant Sara Nicole Bush a/k/a Serene Isara Isabella, a/k/a Sara Nicole Monserrate a/k/a Sara Nicole Monserrate Bush (hereinafter "Defendant Serene") moves to dismiss all counts of Plaintiffs' Complaint against her. Defendant Serene's motion should be granted for the following reasons:

1.      This court lacks subject matter jurisdiction over the claims against Defendant Serene under Fed. R. Civ. P. 12(b)(1).

2.      This court lacks personal jurisdiction over Defendant Serene under Fed. R. Civ. P. 12(b)(2).

3.      Plaintiffs fail to state a claim against Defendant Serene upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

4.      Plaintiffs have not stated any viable Section 1983 claim against Defendant Serene.

5.      Plaintiffs have not stated any viable constitutional claims against Defendant Serene.

6.      Plaintiffs have failed to state a Dragonetti state claim against Defendant Serene.

This motion is supported by the attached memorandum of law and accompanying affidavit.

WHEREFORE, Defendant Serene respectfully requests that the Court enter an order substantially in the form attached hereto, granting this Motion to Dismiss, and granting Defendant Serene any such further relief as is just and proper.

BY: /s/ CAROL D. DEEM

_____
Carol D. Deem
Attorney ID No. 60846
Attorney for Defendant Serene

590 Centerville Road, # 285
Lancaster, PA  17601
Ph:  (717) 892-3900
Fax: (717) 892-3901

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Defendant, Sara Nicole Bush a/k/a Serene Isara Isabella, a/k/a Sara Nicole Monserrate a/k/a Sara Nicole Monserrate Bush's Motion to Dismiss Plaintiffs' Complaint and Memorandum of Law in Support thereof, has been electronically filed and is available for viewing and downloading from the ECF system at https://ecf.paed.uscourts.gov/.

**Deem, Farney & López Law Offices**

By:    /s/Carol D. Deem

Attorneys for Defendant
Sara Nicole Bush a/k/a Serene
Isara Isabella a/k/a Sara Nicole Monserrate
a/k/a Sara Nicole Monserrate Bush

Carol D. Deem, Esquire
PA Atty ID No 60846
590 Centerville Road, # 285
Lancaster, PA 17603
(717) 892-3900

Dated: January 9, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICE OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BUSH AND CHRISTOPHER BUSH | : | |
| | : | |
| Plaintiffs | : | NO. 07 4936 |
| | : | |
| | : | |
| S.C. ADAMS; Lt _____ RUSSELL (*Richmond City PD., Virginia)*; KENNETH HILL, STEVEN J. IGNATZ, SERGEANT _____ TRIPP; (*Pennsylvania State Police)*; AND, SARA NICOLE BUSH A/K/A SERENE ISARA ISABELLA, A/K/A SARA NICOLE MONSERRATE A/K/A SARA NICOLE MONSERRATE BUSH | : : : : : : : : | CIVIL ACTION |
| | : | |
| Defendants | : | JURY TRIAL DEMAND |

## DEFENDANT SERENE'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFFS' COMPLAINT AS TO DEFENDANT SERENE

Defendant Sara Nicole Bush a/k/a Serene Isara Isabella, a/k/a Sara Nicole Monserrate a/k/a Sara Nicole Monserrate Bush (hereinafter "Defendant Serene"), pursuant to Fed.R.Civ.P.12(b), submits this brief in support of her motion to Dismiss Plaintiffs' Complaint as to the claims against her.

## I.  INTRODUCTION

Plaintiffs David Bush and Christopher Bush commenced this case under 42 U.S.C. § 1983 and pendant state law.  Compl. ¶ 1.  Plaintiffs have sued various police officers in the Commonwealth of Pennsylvania and Virginia as well as Defendant Serene.  Compl. ¶¶ 5-7.  Defendant Serene has moved to dismiss Plaintiffs' Complaint against her.

This court has no personal jurisdiction over Defendant Serene. This court also lacks subject matter jurisdiction over the First Amendment claims (Count III) alleged against Defendant Serene. Further, assuming only for the purposes of this motion that Plaintiffs' allegations are true, Plaintiffs still fail to state claims upon which relief may be granted against Defendant Serene in Counts II, III, IV and the Dragonetti state claim in Count VI. This Court should therefore dismiss all claims against Defendant Serene.

## II.    RELEVANT FACTUAL ALLEGATIONS

Defendant Serene lives and works in Richmond, Virginia. Serene Affidavit ¶ 2 (Attached hereto as Exhibit "A"). Defendant Serene has resided in Virginia for three years. Serene Affidavit ¶ 2. She fled Pennsylvania in 2004 with her minor children after receiving a Protection From Abuse Order from the Tioga County Court of Common Pleas. Serene Affidavit ¶ 3. She was granted full legal and physical custody of her children pursuant to that order. Serene Affidavit ¶ 3. The Tioga County PFA Order expired in January 2006. Serene Affidavit ¶ 4. She has intentionally not maintained any continuous and systematic contacts with the Commonwealth of Pennsylvania. Serene Affidavit ¶ 5.

Defendant Serene defended a custody action improperly filed by Defendant David Bush in Luzerne County, Pennsylvania on May 4, 2006, under which he was granted custody of her minor children. Serene Affidavit ¶ 6a. Defendant Serene responded to Defendant David Bush's improper filing with an Emergency Petition for Special Relief on October 23, 2006. Serene Affidavit ¶ 6a. The Court granted her petition, vacating the custody order as improperly granted due to: the Luzerne County Court's lack of jurisdiction; an ongoing proceeding in Tioga County that was not disclosed to the court

pending at the time the petition was filed; and the record was devoid of proof of service of the original Petition. Serene Affidavit ¶ 6a. Defendant Serene also had contact with her attorneys at Deem, Farney & López Law Offices in Lancaster County, Pennsylvania. Serene Affidavit ¶ 6b.

Defendant Serene's aforementioned activities were to defend herself in an improper forum in the Luzerne County Court of Common Pleas, and to defend and seek redress of her legal rights. Serene Affidavit ¶ 7. She has not purposefully directed any injury toward either Plaintiff in Pennsylvania. Serene Affidavit ¶ 8. Defendant David Bush was arrested and jailed pursuant to a duly issued Virginia custody order. Serene Affidavit ¶ 9. It would defeat traditional notions of fair play and substantial justice to hail Defendant Serene into court in Pennsylvania, the jurisdiction she purposefully fled with her children for safety reasons. Serene Affidavit ¶ 10. She has had unwelcome contact with Defendant David Bush in the Commonwealth of Virginia. Serene Affidavit ¶ 11. Defendant David Bush filed a custody action in the City of Richmond, Virginia, which is currently ongoing. Serene Affidavit ¶ 12.

Plaintiffs make no allegations in their Complaint that Defendant Serene was acting under color of state law, other than the following broad allegations: "Defendants at all times acted for themselves and in concert with one another, under a common understanding and under color of state law…;" that Defendant Serene is a "'Person' who acted under color of state law and conspired to deprive federal rights…;" and that the "actions of the Defendants were done under color of state law…." Compl. ¶¶ 2, 7, 28. Under no set of facts can Plaintiffs allege that Defendant Serene was acting under color of state law.

## III.   ARGUMENT

**A.  Plaintiffs have failed to state any federal claim or any Dragonetti state law claim upon which relief can be granted against Defendant Serene; therefore, all federal claims and the Dragonetti state law claim against her should be dismissed under Fed. R. Civ. P. 12(b)(6).**

A court must examine the legal sufficiency of the complaint when ruling upon a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). It is appropriate to dismiss a complaint for failure to state a claim when it is certain that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint. Fed.R.Civ.P. 12(b)(6);   *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988).   The court must accept all material factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  *Carino v. Stefan,* 376 F.3d 156 159 (3d Cir. 2004); *Startzell v. City of Philadelphia,* 2006 U.S. Dist. LEXIS 34128, *7, Civ. Action No. 05-05287 (E.D.Pa. May 26, 2006).

However, a court will not accept as true either "bald assertions" or "vague and conclusory allegations."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997); *Startzell, supra at *7*; *see also, Lewis v. Marriott Int'l, Inc.,* 2007 U.S. Dist. LEXIS 93412, Civ. Action No. 07-3701 (E.D. Pa. Dec. 19, 2007).  The Court need not credit broad conclusions unsupported by factual allegations.  *Morse,* 132 F.3d at 909.

Further, when a defendant's motion to dismiss challenges personal jurisdiction, the plaintiff bears the burden of showing the existence of personal jurisdiction as to that defendant.  *New Trail Capital v. The Northwest Co., Inc.,* 2007 U.S. Dist. LEXIS 74189, Civ. Action No. 07-2073, *5 (E.D. Pa. Oct. 4, 2007)*, citing GE v. Deutz AG,* 270 F. 3d 144, 150 (3d Cir. 2001).   A plaintiff must establish a *prima facie* case of personal

jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Id. at \*6, quoting Mellon Bank East (PSFS) Nat'l Ass'n v. Farino,* 960 F.2d 1217, 1223 (3d Cir. 1992)(citations omitted).

**B.    The Rooker-Feldman doctrine bars federal courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment; therefore, this court should dismiss the First Amendment claims against Defendant Serene for lack of jurisdiction.**

This Court does not have subject matter jurisdiction over the First Amendment claims in Plaintiffs' Complaint.  In the Complaint, Plaintiff David Bush alleges "Despite [the fact child abduction charges were dropped in Virginia Court], the prosecution continued against D. Bush and he was barred from further association with his children; who were transported to Virginia from Pennsylvania and turned over to [Defendant Serene]." Compl. ¶ 20.  This paragraph makes it clear that Plaintiff David Bush is using his access to the federal courts to change the order of a state custody court that did not rule in his favor. This is a violation of the *Rooker-Feldman* doctrine.

"A case is the functional equivalent of an appeal from a state court judgment in two instances: (1) when the claim was actually litigated before the state court; or (2) when the claim is inextricably intertwined with the state adjudication." *Marran v. Marran*, 376 F.3d 143, 149 (3d Cir. 2004), *citing ITT Corp. v. Intelnet International Corp.*, 366 F.3d 205, 210 (3d Cir. 2004).  "*Rooker-Feldman* applies only when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered, or must take action that would render the state judgment ineffectual." *Marran*, 376 F.3d at 149, *citing FOCUS v. Allegheny Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996).  In the *Marran* case, the Third Circuit reviewed a case filed by a parent who failed to secure the custody provisions desired at

the state court level.  The court reviewed the facts of the case, including the state court custody record, and held that any errors made by the state court judge should more appropriately be handled by an appeal.  "Whether the judge erred in not holding a hearing, accepting other evidence, or allowing additional testimony … is an issue that must be decided by the Pennsylvania courts through the appeals process."  *Marran,* 376 F. 3d at 150.

 Plaintiff David Bush's federal complaint against Defendant Serene for violation of his First Amendment right to associate freely with his children is nothing more than an invitation for this federal court to review and reverse a state court judgment.  Any claims Plaintiff David Bush alleges against Defendant Serene are attempts to remedy an outcome he was unwilling or unable to achieve in state court.  Enforcement provisions for custody orders are available under both Pennsylvania and Virginia law.  This court should dismiss Plaintiff David Bush's First Amendment claims against Defendant Serene.

Further, the allegations in the Complaint clearly indicate that this court would have to engage in the oversight of possible multiple state court decisions if it maintains jurisdiction over this matter.  Plaintiffs' Complaint makes it clear there was recent and ongoing custody litigation in both Pennsylvania courts and Virginia courts.  Plaintiffs' allegations demonstrate the inextricable nature of his federal complaint with the state court litigation:

- Plaintiff David Bush alleges a Pennsylvania state court granted him custody on June 23, 2006.  "On or about June 23, 2006 D. Bush was granted by Order of Court

from the Luzern (sic) County Common Pleas, Pennsylvania, family Court Division full and exclusive custody of the aforementioned three children." Compl. ¶ 11.

- Defendant David Bush Further alleges filing a court action in Virginia. "On or about October 13, 2006 Plaintiff D. Bush was awarded full and exclusive custody of his children by the Court…" Compl. ¶ 13.

- Another custody order was issued in Virginia because Plaintiff David Bush was arrested and the children were returned to their mother in Virginia. "On or about October 25, 2006 Defendants Adams and Russell, with the aid of Sheriff Shuck of the Richmond Sheriff's Department, demanded Plaintiff D. Bush be arrested and the children taken into custody …"    Compl. ¶ 14.

- Plaintiff David Bush admits that he lost custody in the Virginia court in ¶ 20 of the Complaint. "[The children] were transported to Virginia from Pennsylvania and turned over to [Defendant Serene]." Compl. ¶20.

By the Plaintiffs' own admission, the allegations and claims against Defendant Serene arise from several state court custody proceedings. The claims Plaintiff David Bush makes against Defendant Serene were already litigated in state custody court. Furthermore, the claims alleged by Plaintiff David Bush are inextricably intertwined with the state adjudication. *Marran*, 376 F.3d at 149. As such, this court should dismiss the First Amendment claims against Defendant Serene for lack of subject matter jurisdiction.

**C.  This court does not have personal jurisdiction over Defendant Serene, and must dismiss this action against her pursuant to Fed. R.Civ. P. 12(b)(2).**

Pursuant to Rule 12(b)(2) and 12(d) of the Federal Rules of Civil Procedure, and based on her accompanying affidavit, Defendant Isabella Serene moves the Court to dismiss this action for lack of personal jurisdiction. To be subject to *in personam*

jurisdiction, Defendant Serene must have "certain minimum contacts with [Pennsylvania] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945) (citations omitted); *Marten v. Godwin,* 499 F.3d 290, 296 (3d Cir. 2007). The minimum contacts test requires in "each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed. 2d 1283, 1298 (1958); *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). A defendant's connection with the state must be such that she "should reasonably anticipate being haled into court" in the state in the event of a dispute. *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed. 2d 490, 501 (1980); *Marten v. Godwin*, 499 F.3d at 297.

"Personal jurisdiction may be exercised under two distinct theories, a defendant's general, or claim-specific contacts with the forum." *Remick v. Manfredy*, 238 F.3d 248, 255 (2001), *citing Vetrotex CertanTeed Corp. v. Consol Fiber Glass Prod. Co.*, 75 F.3d 147, 151 n. 3 (3d Cir. 1996). A third personal jurisdiction theory applicable to intentional acts was recognized by the United States Supreme Court in *Calder et al v. Jones*, 465 U.S. 783, 789,104 S.Ct. 1482, 1487, 79 L.Ed. 2d 804, 812 (1984). This test is known as the "effects test." *Marten*, 499 F.3d at 297. Plaintiff fails to allege sufficient facts to meet the requirements of due process expressed in any of the aforementioned personal jurisdiction tests.

### 1. *General jurisdiction is lacking.*

The exercise of general jurisdiction requires that a defendant's contacts with the forum be "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S. Ct. 1868, 1872, 80 L.Ed. 2d 404, 411& n.8 (1984); *Marten*, 499 F.3d at 296. Even "continuous activity of some sort within a state is not enough to support [general jurisdiction]." *International Shoe*, 326 U.S. at 318. For Pennsylvania to assert general jurisdiction over a non-resident defendant, her contacts with Pennsylvania must be of such a "continuous and systematic" nature that personal jurisdiction over the defendant is proper even if the action is unrelated to the defendant's contacts with the state. *Remick*, 238 F.3d at 255, *citing Vetrotex CertanTeed Corp. v. Consol Fiber Glass Prod. Co.*, 75 F.3d 147, 151 n. 3 (3d Cir. 1996).

Defendant Serene is domiciled in Virginia, i.e. is not a resident of Pennsylvania. Serene Affidavit ¶ 2; Compl. ¶ 7. Defendant Serene left the Commonwealth of Pennsylvania more than three years ago in an attempt to sever all ties with Plaintiff David Bush. Serene Affidavit ¶¶ 3-5. Defendant Serene has limited contacts in Pennsylvania. Serene Affidavit ¶ 6. Furthermore, the only contact she has had in Pennsylvania in recent years has been because of the legal filings of Plaintiff David Bush. Serene Affidavit ¶¶ 7-8. Defendant Serene is presently engaged in custody litigation with Plaintiff David Bush in Virginia. Serene Affidavit ¶ 11. But for Plaintiff David Bush's improper custody filing in Luzerne County, Defendant Serene would not have reentered Pennsylvania. Serene Affidavit ¶ 6. Plaintiffs' Complaint fails to allege any facts supporting the exercise of general jurisdiction. Clearly, Defendant Serene does not have

"systematic and continuous" contacts with the Commonwealth of Pennsylvania so as to support the exercise of general jurisdiction.

### 2. Specific Jurisdiction Is Lacking.

Specific jurisdiction is proper when the defendant's contacts with the forum are related to the controversy underlying the litigation. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 412, 104 S. Ct. 1868, 1873, 80 L.Ed. 2d 404, 416 & n.8 (1984); *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). To maintain specific personal jurisdiction, Plaintiffs must show that: (1) Defendant Serene has purposely directed her activities at the forum state, Pennsylvania;  and (2) the cause of action arises from or relates to her activities in Pennsylvania; the court may consider and apply other factors to ensure the assertion of jurisdiction comports with fair play and substantial justice. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007), *citing Burger King*, 471 U.S. at 476.

The Plaintiffs do not allege any specific facts with regard to this court's personal jurisdiction over Defendant Serene.  *See* Complaint ¶ 3.  Nor do any of the counts listing Defendant Serene include allegations that support specific jurisdiction. *See* Count II, Count III and Count IV.  Plaintiffs allege that Defendant Serene is domiciled in Virginia. *See* Complaint ¶ 7.  Plaintiffs allege that Plaintiff David Bush and Defendant Serene were married and had children in Pennsylvania. *See* Complaint ¶ 8.  However, the fact the parties were married and have children together does not support specific jurisdiction. According to Plaintiffs' Complaint, and looking at the allegations in the light most favorable to Plaintiffs, the alleged harm Plaintiff David Bush suffered was as follows:

- Plaintiff was arrested; Complaint ¶ 16.

- Plaintiff was charged with three felonies of parental abduction and three charges of conspiracy; Complaint ¶ 19.

- Plaintiff was detained for several months after the arrest; Complaint ¶ 16.

- Plaintiff' David Bush's children were taken into custody and turned over to Defendant Serene. Complaint ¶ 20.

Defendant Serene did not direct any of her activities to Pennsylvania.  Serene Affidavit ¶ 8.  Any of the activities Defendant Serene engaged in were a direct result of Plaintiff David Bush's unlawful attempts to secure child custody.  Serene Affidavit ¶¶ 6-7.  Plaintiff David Bush only suffered arrest, felony charges and incarceration because of his own actions in violation of a Virginia Court Order. Serene Affidavit ¶ 9.  Finally, this Court would not achieve fair play and substantial justice if it maintains jurisdiction over Defendant Serene; therefore, specific jurisdiction is not applicable in this case.

### 3. The Calder effects test will not support personal jurisdiction.

The "effects test" for personal jurisdiction applies when an intentional tort is alleged.  *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007), *citing IMO Indus. v. Kiekert AG,* 155 F.3d 254, 265-66 (3d Cir. 1998).  To demonstrate personal jurisdiction exists under the "effects test" a plaintiff must show:

(1)     The defendant committed an intentional tort;

(2)     The plaintiff felt the brunt of the harm in the forum, such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; and

(3)     The defendant expressly aimed her tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity.  *Id.*

A plaintiff must specifically allege activity the defendant engaged in that shows the tortious conduct was "expressly aimed" at the forum state.  *Id.*  Furthermore, the plaintiff must "Point to the specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." *Id.*  The plaintiff must first meet the "expressly aimed" requirement before the court considers the other elements in the "effects test." *Id.*  The "effects test" applies to Plaintiffs' claims because all of the counts and claims against Defendant Serene require some level of intent or state of mind requirement.

All of Plaintiffs' claims require state of mind or intent.  Malicious prosecution requires intent.  One of the elements of a malicious prosecution claim is that "the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice." *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007).  First Amendment violations require intent.  "[W]here the *First Amendment* is concerned, the motives of government officials are indeed relevant, if not dispositive, when an individual's exercise of speech precedes government action affecting that individual." *Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir. 1997), *citing Mt. Healthy City School District v. Doyle,* 429 U.S. 274, 287, 50 L.Ed. 2d 471, 97 S. Ct. 568 (1977); *Trujillo v. Board of County Commissioners*, 768 F. 2d 1186, 1190 (10th Cir. 1985)(recognizing freedom of intimate association under the First Amendment requires intent).

Conspiracy requires intent.  A plaintiff must prove that the defendants engaged in a conspiracy, which is "motivated by a racial or class-based discriminatory animus…" *Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S.Ct. 1790, 1799, 29 L.Ed. 2d 338, 348

(1971); *Lake v. Arnold*, 112 F.3d 682 (3d Cir. 1997).  Because Plaintiffs' claims require proof of state of mind, this court may apply the "effects test" to assess whether the court has personal jurisdiction over Defendant Serene.

The next step in assessing whether the "effects test' confers the court with personal jurisdiction over Defendant Serene is determining whether the "expressly aimed" requirement is met on the face of Plaintiffs' Complaint against Defendant Serene.  While it can be argued that the Complaint alleges Defendant Serene sought to enforce a Virginia custody order against Plaintiff David Bush, it does not follow that she expressly aimed her enforcement of that Virginia Order at Pennsylvania.  To be sure, had Plaintiff been stopped in Delaware on his way back from Virginia with the children, Plaintiff David Bush would have been arrested in Delaware.  The object of any action on the part of Defendant Serene was to secure the enforcement of the Virginia Order, not to engage in tortious conduct against Plaintiff David Bush in Pennsylvania.

Given that neither general jurisdiction, specific jurisdiction, nor the "effects test" confer this court with personal jurisdiction over Defendant Serene, this court should dismiss the claims brought against Defendant Serene.

**D.  Plaintiffs fail to state a claim upon which relief can be granted under 42 U.S.C. § 1983 against Defendant Serene because she was not acting under color of state law; therefore, this Court should dismiss all federal claims against her (Counts II-IV of Plaintiffs' Complaint).**

> ### *1.      Elements of a §1983 Claim and the "Under of Color of State Law" Requirement*

Plaintiffs brought their complaint as a civil rights action pursuant to 42 U.S.C. §1983.  42 U.S.C. § 1983 provides in relevant part:

> Every person, who, under color of any
> statute, ordinance, regulation, custom, or
> usage, of any State…, subjects, or causes to
> be subjected, any citizen of the United
> States…to the deprivation of any rights,
> privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured…

Section 1983 is a means, not a source, of substantive rights conferred by the U.S. Constitution or by federal statute. *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed. 2d 443 (1989); *DiBella v. Borough of Beachwood,* 407 F.3d 599, 601 (3d Cir. 2005). It is well settled that for a plaintiff to recover against a defendant under § 1983, he must establish that the defendant acted under color of state law to deprive the plaintiff of a right secured by the Constitution or the laws of the United States. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed. 2d 40 (1988); *Barna v. City of Perth Amboy,* 42 F.3d 809 (3d Cir. 1994).

Whether or not a person was acting "under color of state law" is a threshold inquiry under § 1983. That is, there is no liability under § 1983 for those not acting under color of state law. *Groman v. Twp. of Manalapan,* 47 F.3d 628 (3d Cir. 1995). Thus, to establish liability under § 1983, Plaintiffs must show that Defendant Serene, while acting under color of state law, deprived Plaintiffs of rights or privileges secured by the Constitution or laws of the United States. *See Doe v. Delie,* 257 F.3d 309, 314 (3d Cir. 2001).

**2.     "Under Color of State Law" is a legal conclusion properly before this Court on a motion to dismiss.**

The threshold issue that Plaintiffs must establish is that Defendant Serene acted under color of state law. The determination whether Defendant Serene was engaged in

purely private acts or was acting under color of state law is a legal conclusion for the court. Plaintiffs cannot resist a motion to dismiss by reliance on their own legal conclusion that Defendant Serene was acting under color of state law. Indeed, Plaintiffs make no allegations in their Complaint that Defendant Serene was acting under color of state law, other than the following broad allegations: "Defendants at all times acted for themselves and in concert with one another, under a common understanding and under color of state law…;" that Defendant Serene is a "'Person' who acted under color of state law and conspired to deprive federal rights…;" and that the "actions of the Defendants were done under color of state law…." *See* Compl. ¶¶ 2,7, 28. This Court need not credit Plaintiffs' "bald assertions" or "legal conclusions" when deciding a motion to dismiss and should "reject unwarranted inferences" and "unsupported conclusions." *Kalian at Poconos v. Saw Creek Estates Community Ass'n,* 275 F. Supp. 2d 578, 588 (M.D. Pa. 2003), *citing Morse v. Lower Merion School District,* 132 F.3d 902, 906 (3d Cir. 1997).

In *McCoy v. SEPTA,* 2002 U.S. Dist. LEXIS 11630, Civ. Action No. 01-5881, (E.D. Pa. March 6, 2002), the court dismissed plaintiff's §1983 claim on defendant's motion for judgment on the pleadings because plaintiff offered no allegations of fact that, if proven, would allow recovery. In *Kalian,* the court dismissed plaintiff's civil rights claim under § 1983 because plaintiff could not show that defendant acted under color of state law.[1] In *Woolley v. Commonwealth of PA,* 2006 U.S. Dist. LEXIS 11136, Civ. Action No. 3:CV-03-1031 (M.D. Pa. Feb. 27, 2006), the court granted defendants'

---

[1] The *Kalian* court ended up treating the parties' motions as one for summary judgment because they attached materials outside of the pleadings and the plaintiff's motion for judgment on the pleadings was premature because the Defendants had not answered the complaint. This procedural posture does not negate the fact that the court determined as a matter of law the "under color of state law" legal issue because it had the requisite facts before it, just as Defendant Serene argues here.

motion for judgment on the pleadings because the defendants could not be considered "persons" for purposes of a §1983 action.   Clearly, whether Defendant Serene acted under color of state law is a question of law for this court to answer at this time.

> **3.      *Plaintiff's allegations and all reasonable inferences therefrom show that Defendant Serene was not a state actor.***

Plaintiffs' allegations establish that they have no claim under § 1983 against Defendant Serene.   Under specific circumstances of joint action, a private entity may be considered a state actor.   *Cooper v. Police Officer Muldoon,* 2006 U.S. Dist. LEXIS 23388, *6, Civ. Action No. 05-4780 (E.D. Pa. 2006), *citing Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 90 S.Ct. 1598, 26 L.Ed. 2d 142 (1970).

> A plaintiff must aver "the existence of a pre-arranged plan [between the police and a private entity] by which the police substituted the judgment of [a] private party for their own official authority.   Absent allegations … tending to show such a plan, [a private entity cannot] be said to have engaged in the 'concerted' or 'joint action' with the police necessary to bring them within the scope of a § 1983 claim.

*Cooper,* 2006 U.S. Dist. LEXIS at *6, *quoting Cruz v. Donnelly,* 727 F.2d 79, 80 (3d Cir. 1984).

The Third Circuit has concluded that "the critical issue … is whether the state, through its agents or laws, has established a formal procedure or working relationship that drapes private actors with the power of the state."   *Cruz,* 727 F.2d at 82.   Merely calling the police or communicating with a state official does not rise to the level of joint action.   *See, Cooper,* 2006 U.S. Dist. LEXIS at *7 (citations omitted)(communications between a private person and a state actor without facts supporting a concerted effort or plan between them are insufficient to transform a private party into a state actor).   In the case at bar, Plaintiffs have made bald allegations of concerted actions between Defendant

Serene and the other police officer defendants, such as "All of the Defendants knew of the others actions," Compl. ¶ 58, and "The Defendants individually, collectively and jointly acted and/or omitted an act…."  Compl. ¶ 61.  Plaintiffs have not alleged any further facts supporting any alleged joint action between Defendant Serene and the other state actors.

Defendant Serene is undeniably a private individual and was not acting under color of state law.  Under no set of facts can Plaintiffs sustain any §1983 claim against Defendant Serene.

**E.  Plaintiffs fail to state a claim upon which relief can be granted against Defendant Serene for Fourth Amendment Malicious Prosecution (Count II of Plaintiffs' Complaint).**

Count II of Plaintiffs' Complaint is entitled "42 U.S.C. §1983/Fourth Amendment Malicious Prosecution".  Initially, this Section 1983 claim must fail because Defendant Serene was not acting under color of state law.  *See Section D, supra.*  Plaintiffs cannot establish that Defendant Serene was a state actor for the purposes of § 1983.

Moreover, to successfully plead a § 1983 Fourth Amendment malicious prosecution claim a plaintiff must allege the following:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.
> *Johnson v. Knorr,* 477 F.3d 75, 82 (3d Cir. 2007).

Plaintiffs have made bare allegations in ¶¶ 39-45 of their Complaint regarding this claim. However, a court will not accept as true either "bald assertions" or "vague and conclusory allegations."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.

1997); *Startzell, supra at* *7.  The Court need not credit broad conclusions unsupported by factual allegations.  *Morse,* 132 F.3d at 909.

Therefore, to establish the first prong of a malicious prosecution claim, Plaintiffs must allege sufficient facts to sustain a claim that a private individual, Defendant Serene, "initiated" the criminal proceeding.  The complaint must allege that the defendant "either directly instituted the proceedings against the plaintiff or can be charged with the responsibility for the institution of the proceedings."  *Collins v. Christie,* 2007 U.S. Dist. LEXIS 61579, *27, Civ. Action No. 06-4702 (E.D. Pa. Aug. 22, 2007), *quoting Griffiths v. CIGNA Corp.,* 988 F.2d 457, 464 (3d Cir. 1993).  To define "initiate," Pennsylvania courts rely upon the Restatement (Second) of Torts.  *See, e.g., Collins,* 2007 U.S. Dist LEXIS at *27; *Turner v. McCollum,* 2007 U.S. Dist. LEXIS 11476, *13, Civ. Action No. 98-3605 (E.D. Pa. Jan. 30, 2007).  A private person can be held responsible for initiating the institution of criminal proceedings in very limited circumstances:

> In order to charge a private person with responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution, or that the information furnished by him upon which the official acted was known to be false.

Restatement (Second) of Torts § 653, comment g.

Absent allegations of intentional false statements by Defendant Serene, she is not liable for the discretionary decisions made by law enforcement officials to institute criminal proceedings.  The duty falls on police and prosecutors, not private individuals, to determine significant facts in an investigation.  *See, Collins, supra. at* *28.*

Plaintiffs have failed to state a §1983 malicious prosecution claim against Defendant Serene: she is not a state actor, and as a private citizen she did not initiate criminal proceedings against Plaintiff David Bush.  Under no set of facts can Plaintiffs allege that Defendant Serene was a state actor and/or a person who initiated criminal proceedings.

**F.  Plaintiffs fail to state a claim upon which relief can be granted against Defendant Serene for violations of the First Amendment of the United States Constitution (Count III of Plaintiffs' Complaint).**

   **1.  *Plaintiffs David Bush and Christopher Bush fail to state a claim against Defendant Serene for violation of their First Amendment right to Freedom of Association.***

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983.  To succeed the Plaintiffs must prove that 1) the person committing the violations was acting under color of state law, and 2) the person must be deprived of a right, privilege or immunity protected under the United States Constitution.  *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 923, 102 S.Ct. 2744, 73 L.Ed. 2d 482 (1982).  Although Plaintiffs baldly assert that Defendant Serene is a state actor, or is acting under color of state law, these bald and conclusory allegations are insufficient to support their First Amendment Claim. *See Section D, supra.* (Defendant Serene is not a state actor or acting under color of state law).  Therefore, all claims alleging Defendant Serene engaged in violations of Plaintiffs' rights under the Constitution should be dismissed for failure to state a claim.

   Plaintiffs' allegations also insinuate that Defendant Serene acted in concert with Defendants Adams and Russell to violate Defendant's First Amendment rights.  Compl. ¶ 49. The conspiracy claims are addressed in *Section G, infra.*  Defendant Serene also asserts that even if she were a state actor or in any way acted under color of state law,

Plaintiffs' Complaint still fails to state a claim against her for violation of Plaintiffs' First Amendment rights.

The First Amendment protects two distinct freedoms related to association. *Roberts v. United States Jaycees*, 468 U.S. 609, 617, 104 S.Ct. 3244, 82 L.Ed. 2d 462 (1984). The first is referred to as freedom of intimate association. The U. S. Supreme Court described it as follows: "[T]he Court has concluded that choices to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitution." *Id.*

The other type of association protected under the U.S. Constitution is the right to associate "for the purpose of engaging in those activities protected by the First Amendment - - speech, assembly, petition for the redress of grievances, and the exercise of religion." *Id.* Plaintiffs do not clearly identify which right to association they assert was violated, but Plaintiffs do allege that: (1) Plaintiff David Bush engaged in the activity of filing a state court custody action on behalf of his children (Compl. ¶ 11); (2) Plaintiff Christopher Bush engaged in the activity of entering his nephews and niece's names into the National Criminal Information Center Database ("NCIC") and the National Center for Missing and Exploited Children Database ("NCMEC") (Compl. ¶ 12); and (3) Plaintiff Christopher Bush engaged in the protected activity of filing a complaint against the Pennsylvania State Police. Compl. ¶ 48. These averments raise only the first type of First Amendment association: the right to freedom of intimate association.

The Third Circuit has not developed a clear test for a First Amendment freedom of intimate association claim. However, the Third Circuit has developed a more general

claim of freedom of association that provides guidance for this court.  To plead a general freedom of association claim the plaintiff must allege that: (1) the group engaged in protected activities such as expressing its views on political, economic, cultural, and social affairs; (2) the state action at issue significantly infringed the group's ability to advocate its viewpoints; and (3) the state's interest in its action was outweighed by the burden imposed on the associational expression. *Pi Lambda Phi Fraternity, Inc. v. University of Pittsburgh*, 229 F.3d 435, 438 (3d Cir. 2000).

Applying these principles to a freedom of intimate association claim, a plaintiff must allege that: (1) the intimate association asserted is the type of relationship protected by the First Amendment; (2) the state action at issue significantly infringed on the protected relationship; and (3) the state's interest in its action was outweighed by the burden imposed on the protected relationship.  In addition, the Tenth Circuit held that a fourth element is required for freedom of association claims; the plaintiff must allege that the state actor intentionally interfered with the particular protected relationship.  *Trujillo v. Board of County Commissioners*, 768 F.2d 1186, 1190 (10th Cir. 1985).  "We realize that other courts have not imposed any state of mind requirement to find a deprivation of intimate associational rights …. As the Seventh Circuit recognized …, we must provide a logical stopping place for such claims."  *Id.* (internal citations omitted).

Plaintiffs' Complaint does not allege, nor can it, sufficient facts to state a claim on behalf of either Plaintiff with respect to this theory of a First Amendment violation.  Plaintiffs have alleged insufficient facts, and cannot allege any facts, to meet the pleading requirements of a *First Amendment*  freedom of intimate association claim.

### a. *Plaintiff Christopher Bush Fails to State a Freedom of Association Claim Against Defendant Serene.*

Plaintiff Christopher Bush does not allege that he has a relationship with the natural children of Defendant Bush, which is protected as an intimate relationship for the purposes of the *First Amendment*. "While the precise limits of what is a private or intimate relationship is unclear, established constitutionally protected relationships include marriage; bearing, rearing, and educating children; and living with relatives." *Martinez v. Marino*, 2007 U.S. Dist. LEXIS 44421, *10, Civ. Action No. 06-05278 (E.D. Pa. June 19, 2007), *citing Board of Dirs. of Rotary Int'l v. Rotary Club of Duarte*, 481 U.S. 537, 545, 107 S.Ct. 1940, 95 L.Ed. 474 (1987). Plaintiff Christopher Bush is not the natural parent of the children, nor can he allege that he ever lived with the children. Failing to meet the first requirement of this claim, no freedom of association claim can survive.

### b. *Plaintiff David Bush Fails to State a Freedom of Association Claim Against Defendant Serene.*

Plaintiff David Bush's First Amendment freedom of intimate association claim fails because he did not plead sufficient facts to meet prongs number two through four of the claim. Plaintiff David Bush must allege that the state action at issue significantly infringed on the protected relationship he has with his children. However, he alleges that he initiated "court action to obtain lawful custody of his natural children." Compl. ¶ 48. Plaintiff David Bush does not allege that the state interfered with his application for custody. Indeed, the fact that he used the state custody laws to secure custody of his children is direct proof that the state did not interfere with his custodial rights.

The enforcement of private custodial orders does not give rise to a constitutional right. *Estate of Cooper v. Leamer*, 705 F. Supp. 1081, 1086 (M.D. Pa.1989), *citing Denman v. Wertz*, 372 F.2d 135 (3d Cir. 1967).  The *Denman* case involved a custody dispute between two parents.  One parent took the children from their legal custodial home in Ohio and attempted to transport them to Massachusetts.  Denman was stopped as he traveled through Pennsylvania.  The police arrested the kidnapping parent and returned the children to the custodial parent in Ohio.  Plaintiff Denman sued the two police officers and the arresting probation officer for violating his constitutional rights.  The District Court dismissed the case and the Third Circuit affirmed.  "[W]e have concluded that the facts alleged are insufficient to establish that Denman himself was deprived of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States or 'of equal protection under the laws'…"  *Denman v. Wertz*, 372 F.2d 135 (3d Cir. 1967), *cert. denied* 389 U.S. 941, 88 S.Ct. 300, 19 L.Ed. 2d 293 (1967).

The facts alleged in Plaintiffs' Complaint are materially indistinguishable from the *Denman* case.  Both involve child custody actions.  Both involve law enforcement responding to a report about missing children.  Both involve plaintiffs that filed actions against law enforcement pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985.  Plaintiffs' claims against Defendant Serene are equally lacking in any violation of a freedom of association right, and these claims should be dismissed.

**2.    Plaintiffs fail to state a claim against Defendant Serene for violation of their First Amendment   right to be free from retaliation for exercising First Amendment rights to petition for redress and expression.**

Once again the Plaintiff has failed to state a claim on two grounds: (1) Defendant Serene did not act under color of state law, and (2) Plaintiffs were not denied any right,

privilege or immunity under the United States Constitution. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923, 102 S.Ct. 2744, 73 L.Ed. 2d 482 (1982). Nevertheless, should the court find that Defendant Serene acted under color of state law, she asserts that Plaintiffs failed to allege a constitutional violation under the First Amendment for retaliation.

A First Amendment retaliation claim requires the Plaintiff to allege: (1) the Plaintiff engaged in protected activity; (2) the government responded with retaliation; and (3) the protected activity was the cause of the retaliation. *Graw v. Fantasky*, 68 Fed. Appx. 378, 2003 U.S. App. LEXIS 13764 (3d Cir. 2003). Plaintiff Christopher Bush does not allege any discernable protected activity for the purposes of a First Amendment retaliation claim that involve Defendant Serene.

Plaintiff Christopher Bush alleges that Defendants Hill, Tripp and Ignatz retaliated against him by initiating a CLEAN investigation. Compl. ¶ 50. There are no allegations of retaliation involving Defendant Serene. This court should dismiss all of Plaintiff Christopher Bush's claims of First Amendment retaliation against Defendant Serene.

Plaintiff David Bush alleges that he engaged in the protected activity of filing for custody of his children. However, once again, he was arrested and charged under the laws of Virginia. Compl. ¶ 52. Furthermore, he continues to enjoy access to the courts in Virginia with regard to his children. Plaintiff David Bush is asserting the protected activity he engaged in was filing for custody. This court may not maintain jurisdiction over allegations that are barred under the *Rooker-Feldman* doctrine. *See Section B,*

*supra.* This court should dismiss Plaintiff David Bush's claims of First Amendment retaliation against Defendant Serene.

**G.  Plaintiffs fail to state a claim upon which relief can be granted against Defendant Serene for 42 U.S.C. § 1985 Conspiracy (Count IV of Plaintiffs' Complaint).**

Section 1985 by itself does not create substantive rights but "serves as a vehicle for vindicating federal rights and privileges which have been defined elsewhere." *Brown v. Philip Morris, Inc.,* 250 F.3d 789, 805 (3d Cir. 2001).  Plaintiffs must first establish a violation of their constitutional rights to have a successful claim under Section 1985.  *Id.* at 805 (citations omitted).  Section 1985 only provides a cause of action to vindicate rights that are constitutionally protected against private interference.  *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 278, 113 S.Ct. 753, 122 L. Ed. 2d 34 (1993).

42 U.S.C. § 1985(3) provides as follows:

> Depriving persons of rights or privileges.  If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; [and] in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

Initially, Plaintiffs' Complaint is unclear as to which section of the statue Defendants allegedly violated, although the allegations appear to parallel subsection (3)

of Section 1985 more closely.[2]  To state a claim under § 1985(2) or (3), a plaintiff must

allege each of the following:

> (1) a conspiracy; (2) motivated by a racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*See Griffin v. Breckenridge,* 403 U.S. 88, 102-03, 91 S.Ct. 1790, 29 L.Ed. 2d 338 (1971);

*Bray,* 506 U.S. at 268; *Lake v. Arnold,* 112 F.3d 682 (3d Cir 1997); *Brawer v. Horowitz,*

535 F.2d 830, 839 (3d Cir. 1976).

The Supreme Court has been careful to limit the statute's scope to avoid creating

a "general federal tort law."  *Griffin,* 403 U.S. at 101-102.  As outlined above (*see

Section D, supra.*), Plaintiffs have not established beyond mere bare allegations that

Defendant Serene was a state actor or that she was acting under color of state law.  The

Third Circuit has recognized that, in limited circumstances, "the conspiracy provision of

§1985(3) provides a cause of action … against both private and state actors."  *Brown,* 250

F.3d at 805.

Defendant Serene is a private individual.  In the context of actions brought against

private conspirators, the Supreme Court has thus far recognized only two rights protected

under § 1985(3): the right to be free from involuntary servitude and the right to interstate

travel. *Id.; see also, Bray,* 506 U.S. at 278; *Collins,* 2007 U.S. Dist. LEXIS at *35;

*Harden v RR Donnelly,* 2002 U.S. Dist. LEXIS 12124, *3, Civ. Action No. 01-6147

---

[2] ¶ 56 of Plaintiffs' Complaint notes that the "Defendants number in two or more persons as such s (sic) intended to mean by section 1985(3)."  ¶ 62 alleges, however, that the "acts or omissions of the Defendants caused Plaintiff (sic) to suffer …. which thus constitutes a section 1985(2) conspiracy claim…."

(E.D. Pa. April 1, 2002).  These rights must be "consciously targeted" by the alleged conspiracy and "not just incidentally affected."  *Bray,* 506 U.S. at 275-276.  The rights Plaintiffs seek to vindicate do not fall within these two categories.

### 1. Plaintiffs have not and cannot allege that Defendant Serene participated in a conspiracy motivated by a racial or class-based discriminatory animus under the Griffin test.

To establish a conspiracy claim under § 1985(3), a plaintiff must present specific factual allegations of a mutual understanding between the conspirators to take action toward an unconstitutional end.  *See, June v. Spano,* 2005 U.S. Dist. LEXIS 25681, *6, Civ. Action No. 05-1495 (E.D. Pa. Oct. 27, 2005), *citing Robinson v. McCorkle,* 462 F.2d 111, 113 (3d Cir. 1972).  Plaintiffs' Complaint contains mere conclusory statements that a conspiracy existed.  Plaintiffs must allege specific facts "'of a combination, agreement or understanding among all or between any of the defendants' along with 'factual allegations that the defendants plotted, planned, or conspired together to carry out the chain of events.'"  *Startzell,* 2006 U.S. Dist. LEXIS at *10, *quoting Ammlung v. City of Chester,* 494 F.2d 811, 814 (3d Cir. 1974).

Plaintiffs' Complaint contains an even greater flaw:  the Complaint also does not contain any allegations that Plaintiffs are members of a certain race or class of persons, or that any alleged conspiracy was motivated by a racial or class-based discriminatory animus designed to deprive Plaintiffs of the equal protection of the law.  In determining the applicability of § 1985(3), "the initial inquiry must be whether the actions which form the basis for [the] case are the offspring of a 'class-based invidiously discriminatory animus' within the meaning of the *Griffin* test."  *Lake v. Arnold,* 112 F. 2d 682, 686 (3d Cir. 1997).  A Section 1983(3) class must have an identifiable existence separate and

apart from the fact that its members were victims of defendants' tortious conduct. *Startzell,* 2006 U.S. Dist. LEXIS 34128 at *14 (citations omitted).

Plaintiffs' Complaint fails to state a claim under §1985(3), because it fails to allege these basic requirements for the claim.  Plaintiffs cannot allege any set of facts that they are members of a race or class relevant to a § 1985 claim.  Additionally, "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." *Nanya-Nashut ex rel Hand v. Centex Home Equity Corp.,* 2003 U.S. Dist. LEXIS 25174, *7, Civ. Action No. 03-3661 (E.D. Pa. Dec. 1, 2003)(citations omitted). This court should dismiss the § 1985 claim against Defendant Serene.

**H.  Plaintiffs fail to state a claim upon which relief can be granted against Defendant Serene for the Dragonetti pendant state law claim (Count VI of Plaintiffs' Complaint).**

A Dragonetti claim under Pennsylvania law is based upon wrongful use of civil proceedings.  *See* 42 Pa.C.S. § 8351.  Plaintiffs have not alleged and cannot allege that Defendant Serene wrongfully used Pennsylvania civil proceedings, so the claim must fail. All of the allegations in Plaintiffs' Complaint pertain to a criminal process and not a civil proceeding.  *See* ¶ 73 of Plaintiffs' Complaint: "Defendants Adams, Russell and S. Bush initiated, produced, used and continued *criminal process*…."(emphasis added). Defendant Serene did not initiate a civil process against Plaintiffs that ended in Plaintiffs' favor as required by the statute.  Under no set of facts can Plaintiffs make a Pennsylvania Dragonetti claim.

## VI.   CONCLUSION AND REQUEST

Therefore, this Court should dismiss all claims as to Defendant Serene and should

enter judgment for her thereon.

Respectfully submitted,

/s/ Carol D. Deem

Carol D. Deem
PAB 60846
Deem, Farney & López Law Offices
590 Centerville Road, #285
Lancaster, PA 17601
Phone: (717) 892-3900
Fax:    (717) 892-3901

Date:   January 9, 2008

ATTACHMENT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICE OF PENNSYLVANIA

DAVID BUSH AND CHRISTOPHER BUSH     :

                  Plaintiffs     :     NO. 07 4936

               v.     :

S.C. ADAMS; Lt _____ RUSSELL *(Richmond*     :
*City PD., Virginia);* KENNETH HILL,
STEVEN J. IGNATZ, SERGEANT _____ TRIPP;     :
*(Pennsylvania State Police);* AND,     :
SARA NICOLE BUSH A/K/A     :     CIVIL ACTION
SERENE ISARA ISABELLA, A/K/A     :
SARA NICOLE MONSERRATE A/K/A     :
SARA NICOLE MONSERRATE BUSH     :

                  Defendants     :     JURY TRIAL DEMAND

### AFFIDAVIT

On this 9th day of January, 2008, before me, the undersigned officer, personally appeared Isara Isabella Serene, known to me (or satisfactorily proven) to be the person, whose name is subscribed below, who being duly sworn accordingly to law, does depose and say:

1.  My name is Isara Isabella Serene, and I am a named defendant in the above-captioned action.  I make this affidavit in support of my Motion to Dismiss Plaintiffs' Complaint.

2.  I live and work in Richmond Virginia.  I have lived in Virginia for 3 years.

3.  Before I lived in Richmond Virginia, I lived in Tioga County Pennsylvania.  I fled Pennsylvania in 2004 with my children after I received a Protection From Abuse Order from the Tioga County Court of Common Pleas against my former husband David Bush.  I was granted full legal and physical custody of my children pursuant to that order.

4.  That Tioga County Order expired in January 2006.

5.  I have intentionally not maintained any continuous and systematic contacts with the Commonwealth of Pennsylvania.

6.  The only contacts I have had with the Commonwealth of Pennsylvania since I fled the jurisdiction are the following:

a. I defended a custody action improperly filed by my ex-husband, David Bush, in Luzerne County, Pennsylvania on May 4, 2006, under which he was granted custody of our minor children. I filed an Emergency Petition for Special Relief on October 23, 2006 in response to David Bush's improper filing. My petition resulted in an October 23, 2007 Order vacating the custody order as inappropriately granted due to: Luzerne County Court's lack of jurisdiction; an ongoing proceeding in Tioga County that was not disclosed to the court pending at the time the petition was filed; and the record was devoid of proof of service of the original Petition.

b. I have had contact with my attorneys at Deem, Farney & López Law Offices in Lancaster County, Pennsylvania.

7. The aforementioned activities were required to defend myself in an improper forum in the Luzerne County Court of Common Pleas, and to defend and seek redress of my legal rights.

8. I have not purposefully directed any injury toward either Plaintiff in Pennsylvania.

9. David Bush was arrested and jailed pursuant to a duly issued Virginia custody order.

10. It would defeat traditional notions of fair play and substantial justice to hail me into court in the Commonwealth of Pennsylvania, the jurisdiction I purposefully fled with my children for safety reasons.

11. I have not had contact with the Commonwealth of Pennsylvania, other than that listed herein. I have had unwelcome contact with my ex-husband, David Bush in the Commonwealth of Virginia. He has filed a custody action in City of Richmond, Virginia, which is currently ongoing.

12.    I hereby certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that
the foregoing is true and correct. Executed on January 9, 2008.

*Isara Isabella Serene*

Isara Isabella Serene

Sworn and subscribed to
before me the date and
year aforesaid.

Notary Public

My commission expires:
Aug 31, 2010

Name:

> LI MIE WOO WARREN
> NOTARY PUBLIC
> COMMONWEALTH OF VIRGINIA
> MY COMMISSION EXPIRES AUG. 31, 2010
> COMMISSION # 112968