IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DAVID BUSH et al.                          :
                                           :        NO. 07-cv-4936
            -vs-                           :
                                           :
S.C. ADAMS; et al.                         :


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT SERENE MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

I.      INTRODUCTION

        Defendant Sara Nicole Bush a/k/a Serene Isara Isabella, a/k/a Sara Nicole Monserrate

a/k/a Sara Nicole Monserrate Bush (hereinafter "Defendant Serene"), pursuant to

Fed.R.Civ.P.12(b) has moved to dismiss and done so by what can only be described as they most

excessively lengthy and wordy motion to dismiss seen. Despite such length, for the argument and

authority below provided in opposition to the excessively length motion, the Plaintiffs

respectfully submit that there is no merit to Defendant Serene's motion and it should be denied.

        Plaintiffs, in the alternative, and recognizing a right to amend once under Rule 15 without

leave of court nevertheless in this circumstance, respectfully moves the Court under Fed. R. Civ.

P. Rule 15 for leave to amend the complaint in the unlikely event the Court deems there to be

some defect in pleading that requires more pleading.

II.     RELEVANT FACTUAL ALLEGATIONS

        Plaintiffs David Bush and Christopher Bush commenced this case under 42 U.S.C. §

1983 and asserted supplemental jurisdiction to resolve the pendant state law claims[1]. Compl. ¶ 1.

Plaintiffs have sued various police officers in the Commonwealth of Pennsylvania and Virginia

---

[1] There is complete diversity between Defendant Serene and the Plaintiffs. Defendant Serene has
not moved to dismiss the pendent state claims.

as well as Defendant Serene. Compl. ¶¶ 5-7. The Vagina Police Officers have intentionally

obstructed and evaded service. See attached Affidavit. Defendant Serene/Bush was served and

through counsel appears and under Fed. R. Civ. Pr. Rule 12(b)(6) moves to dismiss the action

against her.

Defendant Serene/Bush contends that this court has no personal jurisdiction over her; that

this court lacks subject matter jurisdiction over the First Amendment claims (Count III), and that

Plaintiffs have not stated claims upon which any relief may be granted against Defendant Serene

(citing Counts II, III, IV and the Dragonetti state claim in Count VI). Defendants Serene/Bus is

incorrect and has not met her burden to show that under the liberal pleading standard used in

federal court, by Rule 8, that under no set of facts can relief be granted to the Plaintiffs.

Accordingly, Plaintiffs submit, this Court should therefore deny Defendant Serene/Bush's

12(b)(6) motion to dismiss.

## III. STANDARD OF REVIEW

For a complaint to state a claim for which relief may be granted, the complaint need only

include "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a) (2); See *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002), where the

Supreme Court explained (again) that Rule 8's notice pleading standard did not require "a

plaintiff to plead facts establishing a prima facie case." Id. A plaintiff, especially in the context

of a civil rights action, need not plead specific and detailed facts to satisfy Rule 8 (a) (2). See

*Thomas v. Independent  Twp*., 463 F.3d 285, 295 (3d Cir. 2006). This is especially true since

heightened pleading standards do not apply to civil rights actions and has long been rejected as a

requirement. Id. Compare with Fed. R. Civ. P. 9(b).

When reviewing a complaint upon a motion to dismiss under Rule 12(b)(6) the court

must accept all material factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Carino v. Stefan*, 376 F.3d 156 159 (3d Cir. 2004); *Startzell v. City of Philadelphia*, 2006 U.S. Dist. LEXIS 34128, *7, Civ. Action No. 05-05287 (E.D.Pa. May 26, 2006).

When a Defendant's motion to dismiss is challenging personal jurisdiction, the plaintiff bears the burden of showing the existence of personal jurisdiction as to that defendant. *New Trail Capital v. The Northwest Co., Inc.,* 2007 U.S. Dist. LEXIS 74189, Civ. Action No. 07-2073, *5 (E.D. Pa. Oct. 4, 2007), citing *GE v. Deutz AG,* 270 F. 3d 144, 150 (3d Cir. 2001). A plaintiff to show long arm jurisdiction need only establish a prima facie case of personal and where no factual hearing is held to determine the facts, then the Plaintiff's facts are treated as true. A Plaintiff may establish a prima facie case of personal jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Id*. at *6, quoting *Mellon Bank East (PSFS) Nat'l Ass 'n v. Farino,* 960 F.2d 1217, 1223 (3d Cir. 1992)(citations omitted).Also See *O'Connell,* 3rd Cir, 2007, *Infra.*

When reviewing for personal jurisdiction there are two tests used, one is for negligent acts that give rise to a negligence tort and other is for intentional torts. Id. A Section 1983 action is viewed as an intentional tort because "mere negligence"  [is] insufficient to support civil rights claims. *Schweiker v. Gordon*, 442 F.Supp. 1134, No. 77-2706 (E.D.Pa. Dec. 19, 1977). See also, *Davidson v. Cannon,* 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986); *Daniels v. Williams,* 474 U.S. 327, 330, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). proof of negligence alone is insufficient to impose liability under section 1983 .

With these observations in mind, the Plaintiffs submit that the Court will be satisfied that Plaintiffs' Complaint contains sufficient allegations to establish claims against the moving

defendants and that there is personal jurisdiction to assert over Defendant Serene.

IV ARGUMENT

I.      **Defendant Serene's Affidavit is Insufficient Evidence to Establish There is No Long Arm or Personal Jurisdiction Over Her**.

Defendant Serene contends by affidavit that she has not had the minimum contact with Pennsylvania to allow this court to assert personal jurisdiction over her. To the point, an affidavit is insufficient evidence to contest personal jurisdiction. A Defendant must either appear for a hearing and present testimony, or the defendant must accepted the facts in the complaint as true and then from those admitted facts have the Court determine there is no personal jurisdiction. See. *O'Connor v. Sandy Lane Hotel Co*., Ltd., 496 F.3d 312 (3rd Cir 2007)( since the District Court did "not hold an evidentiary hearing ..., the plaintiff[s] need only establish a prima facie case of personal jurisdiction and the plaintiff[s][are] entitled to have [their] allegations taken as true and all factual disputes drawn in [their] favor." Citing *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir.2004).).

Here, no hearing has occurred and Defendant Serene has not accepted the complaint facts a true. To the contrary, Defendant Serene has offered an affidavit in an impermissible attempt to rebut the complaint facts, which as said are deemed true unless a hearing is held. As such, it is submitted that Defendant Serene's challenge is improper and the Court must ignore the affidavit or set a hearing.

It might be presumed that Defendant Serene presented the affidavit in an attempt to meet her Rule 11 obligation and is in her own way trying to expand or change the law on what evidence the court is to use when determining personal jurisdiction. If this is the reason for the impermissible affidavit, then the Plaintiffs submit there is no merit to the effort and the effort must fail, because this Circuit just last year in the *O'Connor* case followed its prior rulings that a

hearing is required if one wishes to not treat the complaint facts as true. Defendant Serene has

offered no authority to show this standard warrants changing.

Since the challenge here in not by hearing, because Defendant Serene has not asked for

one, and because Defendant Serene has offered no authority that over rules *O'Connor*, and

because Defendant Serene relies on a self serving affidavit that cannot be cross examined or

accepted by the Court, the Plaintiffs submit that there facts in the complaint show there is

personal jurisdictions over Defendant Serene and her motion to dismiss should be denied.

Plaintiffs further submit that Defendant Serene's motion to dismiss to the extent the

motion is construed as a motion for summary judgment, should be denied, because it is not ripe

and notice of the motion or conversion of the motion to a summary judgment motion by the court

has not been provided to the Plaintiffs. See generally, *Rose v. Bartle*, 871 F.2d 331 (3rd Cir

1989) holding that,

> (Rule 12(b) and Rule 12(c), by identical language, require that
> when a district court converts motions under them into motions for
> summary judgment, the procedures of Rule 56 govern. . . .  If ...
> matters outside the pleading are presented to and not excluded by
> the court, the motion shall be treated as one for summary judgment
> and disposed of as provided in Rule 56, and all parties shall be
> given reasonable opportunity to present all material made pertinent
> to such a motion by Rule 56. Fed.R.Civ.P. 56(c) includes two
> prerequisites to a summary judgment ruling. The Rule requires that
> the parties have at least ten days notice before the court may
> consider the motion, a requirement logically connected to the
> second prerequisite: the opportunity to submit "pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with ... affidavits" to support or oppose the motion for
> summary judgment

If so, the Court should deny Defendant Serene's motion.

**A.      Plaintiffs Have Stated Federal Claims And A Dragonetti State Law Claim**

Plaintiffs for the argument and authority below provided, which is incorporated here, submit that the complaint meets the standard under the *Swierkiewicz v. Sorema, Supra* standard and Rule 8 requirements to state claims that relief can be granted, and to show personal jurisdiction in order to survive a 12(b)(6) motion to dismiss. Therefore, the Plaintiffs respectfully request the Court deny the motion to dismiss.

**B.      The Rooker-Feldman Doctrine Is Not Applicable**.

The Rooker-Feldman doctrine does not apply and the argument is does is frivolous., because under the facts of this case the doctrine does not cause the Court to loose subject matter jurisdiction over the claims, including the First, Fourth and Fourteenth Amendment claims.

The <u>Rooker Feldman</u> doctrine provides that where "a case is the functional equivalent of an appeal from a state court judgment the federal court may not hear the case. Two generally are instances in which the <u>Rooker-Felman</u> doctrine is applied and neither are applicable to this case. The First instance is when the claim was actually litigated before the state court. The other is when the claim is inextricably intertwined with the state adjudication. See. *Marran v. Marran,* 376 F.3d 143, 149 (3d Cir. 2004), citing *ITT Corp. v. Intelnet International Corp.*, 366 F.3d 205, 210 (3d Cir. 2004). The Rooker-Feldman doctrine will also only apply when "in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered, or must take action that would render the state judgment ineffectual." *Marran,* 376 F.3d at 149, citing *FOCUS v. Allegheny Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996).

In this case there is but one state judgment to look at and that is the Virginia state court judgment that acquitted Plaintiff David Bush of the false Virginia kidnapping charges. The

underlying charge for the judgment, and not the judgment itself, is at issue. The Charge is the

basis of the forth amendment unreasonable seizure and first amendment retaliation claims. The

federal plaintiffs are not asking that this Court review the judgment of acquittal or dismissal be

reviewed. Instead, the issue is whether there was a Charge causing a unreasonable seizure and if

the Charge also was motivated because of the Plaintiffs first amendment protected activities.

If so, as it is, the Rooker-Feldman doctrine does not apply under the first prong.

Next, Rooker-Feldman doctrine does not apply under the second prong, because there is

no state action ongoing so to make the federal adjudication "inextricably intertwined with the

state adjudication.

Plaintiff David Bush's federal complaint and the claims asserted against Defendant

Serene are for acts she did independent to any state proceeding. In fact her acts those was done in

concert with state actors and involve a state proceeding that is limited to initiating false criminal

proceeding, which proceedings have ended. They are only relevant to support the elements of the

claims asserted her. The determination in this federal action will never disturb the judgment in

the state action, because that action ended and ended favorably to the federal Plaintiffs.

Additional, Defendant Serene's contention that the federal Plaintiffs are extending an

invitation to this federal court to review and/or reverse a state court judgment is preposterous.

Rather, the invitation, if one wishes to call the complaint that is to a Jury, and the invitation is to

determine whether federal rights were deprived. At best there is an invitation to this Court to

determine whether the state procedure to issue an arrest warrant meets minimal federal standards.

This invitation will not disturb the state judgment, which as said is in the federal Plaintiffs favor.

If so, as it ism, there is simply no issue in this case that invokes the Rooker-Felman

doctrine.

Further, as if more were needed, the federal claims alleged here are not inextricably intertwined with any state adjudication, and Defendant Serene, who has the burden as the moving party, has not shown in her length motion where there is this inextricably intertwining. The facts is there is none and there is no state vested interest in the misuse of the state's criminal process or need by the state to use the process to deny federal rights without first meeting minimal federal protections, like pre-seizure due process notice. Accordingly, the Plaintiffs submit that Defendant Serene's motion to dismiss under the <u>Rooker-Feldman</u> doctrine lacks merit and the Court should deny the motion[2]

**C.      This Court Has Personal Jurisdiction Over Defendant Serene**

As discussed above also, Defendant Serene seeks under Rule 12(b)(2) and 12(d) of the Federal Rules of Civil Procedure for the dismissal of the claims that have been brought against her, and she relies on her affidavit for the relief; she contends that her affidavit provides sufficient factual basis to allow the Court to determine a lack of in-personam jurisdiction over her. Defendant Serene, for the same argument and law recited above, is mistaken and her motion to dismiss should be denied.

As noted above when there is a challenge to personal jurisdiction a hearing is required to establish the facts to make a finding whether or not there is no personal jurisdiction or the facts in the complaint are treated true. Absent the use of one of these two ways, when reviewing an in-

---

[2] The Defendant argues the *Marran* case, however this case does not apply because the federal plaintiffs are not asking the federal court to review any state court custody order for errors. The case brought here is for a fourth and first amendment matter that arose from the defendant's acts, actions and agreement that under color of state law  deprive Plaintiff David and Christopher Bush of their federal rights, such as to David Bush's Petition clause, Association, Liberty, Due Process and Equal Protection rights, and Christopher Bush's Free Speech, Equal Protection and Association rights.  The disposition of the state action is only relevant to satisfy the element of a state law and 1983 malicious prosecution claim. This Court is not being asked to review the dismissing the criminal action or acquittal for errors. Therefore, the *Rooker-Feldamn* argument lacks merit and was simply a red herring.

personam issue, the issue cannot be decided, and it can never be decided with a self serving affidavit.

Here, there has been no hearing and none requested by Defendant Serene. Absent the hearing the Plaintiffs' facts are deemed true, and the deemed true facts show an intentional tort by Defendant Serene; the intentional tort was directed by Defendant Serene towards Plaintiff David Bush who was in Pennsylvania at the time and who was harmed in Pennsylvania, e.g. because of Serene's intentional acts, David Bush was seized <u>in Pennsylvania</u> (where he lived) and jailed <u>in Pennsylvania</u>; he was in fact subjected to an unreasonable seizure in Pennsylvania and deprived of his liberty for over a month in Pennsylvania. These are the deemed true facts the court works with.

Additionally, and although Defendant Serene goes to great length to kill many more trees than is needed to make her point, in her quest to argue there is no long-arm jurisdiction over her it remains there is personal jurisdiction over her for her intentional tort activities.

To begin, Defendant Serene correctly cites the general criteria for long-arm jurisdiction, e.g. a person must have "certain minimum contacts with [Pennsylvania] to maintenance of the suit [in order to] . . . not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945) (citations omitted); *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). Defendant Serene explains that there are, <u>two</u> approached to meet the minimum contacts test where tort action is alleged, which there are, but what is absent from her argument is an application of the true facts to the law on long arm jurisdiction. There is but this rambling recital of the law.

Here, there was always personal jurisdiction and the person saying there is none had illegally fled the state that always had it, e.g. Serene lived in Pennsylvania, was in court in

Pennsylvania when she fed and she fled with the children without court consent. Serene then directed criminal process at David Bush who was in Pennsylvania, had always been in Pennsylvania and was in Court with Serene in Pennsylvania.

Where the tort is an intentional one, the test for personal jurisdiction is less stringent than for a negligence tort. *O'Connor v. Sandy Lane Hotel Co., Ltd.* 496 F.3d 312 (3rd Cir. ,2007) citing *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984); *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254 (3d Cir.1998) . Where there is the "existence of minimum contacts" personal jurisdiction is <u>presumptively</u> constitutional under due process principles. A defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable" to deny a court of personal jurisdiction when the challenging person has directed an intentional tort into the forum hearing the action on the intentional tort. See *Calder et al v. Jones*, 465 U.S. 783, 789,104 S.Ct. 1482, 1487, 79 L.Ed. 2d 804, 812 (1984) and *Marten*, 499 F.3d at 297. Emphasis added.

Defendant Serene has failed to bring a compelling argument that this Court cannot hear the unreasonable seizure claim, and she cannot bring the compelling argument because she is only in Virginia because of an illegal exodus from Pennsylvania. Defendant Serene's contention there is no personal jurisdiction, in light of *Calder* and *Marten* lack a scintilla of merit; particularly, since given the fact she is a fugitive in Virginia, illegally fled Pennsylvania, and directed process causing the seizure (harm or injury) towards and into Pennsylvania,. Because Defendant Serene <u>directed</u> the process causing the seizure towards Pennsylvania and the injury was "felt" by the Plaintiffs in Pennsylvania, there is but one and only one conclusion under these facts, and that is there is personal jurisdiction over Defendant Serene so her motion to dismiss should be denied..

1.      **General jurisdiction is not Lacking.**

The exercise of general jurisdiction requires that a defendant's contacts with the forum be "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S. Ct. 1868, 1872, 80 L.Ed. 2d 404, 411& n.8 (1984); *Marten,* 499 F.3d at 296. *International Shoe*, 326 U.S. at 318. here there are "continuous and systematic" contacts by Defendant Serene with Pennsylvania.

For Example, Defendant Serene lived in Pennsylvania, the children were born in Pennsylvania, a divorce and custody action was started in Pennsylvania, and before that action ended, which it has yet to do, she fled Pennsylvania with the children; doing so in violation of Pennsylvania law, and went into hiding. She by her own affidavit admits, however, returning to Pennsylvania during her unlawful exodus period to litigate and continue to litigate in Pennsylvania custody issues. As such, Defendant Serene has at all times had "continuous and systematic" contact with Pennsylvania.

Defendant Serene concealed her s and the children's' whereabouts from David Bush. Defendant Serene Fled Pennsylvania, which state already had jurisdiction over her. That jurisdiction is not extinguish because Defendant Serene unlawfully flees to another state that is adjacent to Pennsylvania

Further,  under *Calder, Supra.,* a plaintiff demonstrates there is personal jurisdiction if he or she shows: (1) The defendant committed an intentional tort; (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; and (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity..

In this case all of these elements exist.

**2.      Specific Jurisdiction Exists because there has been "systematic and continuous" contact with Pennsylvania.**

As shown above already there have been continuous and systematic contact by Defendant Serene with Pennsylvania. As such there is general personal jurisdiction over her. There also is specific jurisdiction over Defendant Serene, because there are not only "systematic and continuous" that relate to the controversy underlying the instant civil rights litigation, e.g. denial of association, unreasonable seizure and retaliation for petition clause activity, but Defendant Serene committed an intentional tort, e.g. civil rights action, malicious use, and abuse of process tort, upon Plaintiff Bush; and, Defendant Serene directed her tortious action towards the Plaintiff who was at the time in Pennsylvania; Plaintiff David Bush felt the brunt of her action, or suffered his harm, in Pennsylvania, e.g. he was jailed here.  Accordingly, under the *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 412, 104 S. Ct. 1868, 1873, 80 L.Ed. 2d 404, 416 & n.8 (1984) and *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) test, there is specific personal jurisdiction in Pennsylvania for Defendant Serene's intentional tortious conduct.

If so, the Plaintiffs submit they have alleged specific facts to allow this court to exercise both general and specific personal jurisdiction over Defendant Serene.

More so, in cannot be forgotten that Defendant Serene conspired with Defendants who are in Pennsylvania, such as Defendant Tripp, who was in Pennsylvania and is a member of the Pennsylvania State Police. Serene directed criminal process against Plaintiff David Bush and directed that process into Pennsylvania. That process caused harm and the harm was suffered in Pennsylvania, e.g. Bush was incarcerated in local and a federal jail before being sent to Virginia. The seizure at issue occurred in Pennsylvania. The loss of his children also occurred in Pennsylvania. Defendant Serene fled from Pennsylvania and did so with the children and not

with lawful authority to do so. This fact alone makes Pennsylvania have the superior interest in

keeping jurisdiction over the issues. And it also cannot be forgotten that a Pennsylvania court

first had, always had and never lost personal jurisdiction over Defendant Serene, the children and

David Bush. Defendant Serene directed process towards Plaintiff David Bush and the harm

occurred here. The loss of liberty by David Bush and the loss of Association with his children all

occurred in Pennsylvania.

If so, because Defendant Serene directed her activities into Pennsylvania, and she

engaged in a conspiracy with a Pennsylvania state police officer, and because she has had

systematic and continuous contacts with Pennsylvania, there is enjoyed by this Court personal

jurisdiction over Defendant Serene; accordingly, Defendant Serene's motion to dismiss for lack

of personal jurisdiction is properly denied.

**3.     Plaintiffs have stated claims upon which relief can be granted under 42 U.S.C. §
        1983 and against Defendant Serene**.

 42 U.S.C. § 1983 provides in relevant part:

> Every person, who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State..., subjects, or causes to
> be subjected, any citizen of the United States...to the deprivation of
> any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured...

Plaintiff agrees that a Section 1983 claim is a means but not a source of substantive rights

conferred by the U.S. Constitution or by federal statute. *Graham v. Connor*, 490 U.S. 386, 109

S.Ct. 1865, 104 L.Ed. 2d 443 (1989); *Jennings v. Shuman*, 567 F.2d 1213 (3rd Cir  1977);

*DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005). Equally, it is agreed that

for a plaintiff to recover against a defendant under § 1983, it must establish that the defendant

acted under or with another who acted color of state law to deprive the plaintiff of a right secured

by the Constitution or the laws of the United States. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct.

2250, 101 L.Ed. 2d 40 (1988); *Barna v. City of Perth Amboy,* 42 F.3d 809 (3d Cir. 1994).

Whether or not a person was acting "under color of state law" is <u>not</u> as Defendant Serene contends a threshold inquiry for a 12(b)(6) motion: it is however an issue for the Court to decide from the facts.

In *Jennings, Supra.,* the Third Circuit long ago stated that,

> Although Naring's alleged role in the scheme making false statements which provided a basis for the criminal process possibly could have been performed by a private citizen, Naring could be liable under s 1983 even if he was acting in a private capacity. A private citizen, acting in concert with public officials, is liable under s 1983, Adickes v. S. H. Kress & Co., 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), and, as noted above, the complaint alleges that Naring conspired with Conway and Shuman. Therefore, it might be possible for the plaintiff to prove, consistent with the facts alleged in the complaint, that all of the defendants were acting under color of state law.

Here the complaint asserts defendant Serene was acting with police. Despite that standard of the motion to dismiss, Defendant Serene in a lengthy and wordy motion attempt to suggest she was not acting with police. It remains, however, that Defendant Serene must treat the facts in the complaint as true and then show under those facts and the inference drawn from them that she has not acted with the police and no federal right was deprived. Defendant Serene has not met her burden.

The facts as pleaded asserted Defendant Serene acted with or conspired with the police, whose without question did act under color of state law" to cause a seizure that David Bush asserted was unreasonable. Thus, the facts deeded true are that Defendant Serene acting with the police deprived David Bush of his liberty though an unreasonable seizure. Deemed also true is that the seizure was retaliation for first amendment petition clause activity, e.g. using the court to remedy an illegal exodus from Pennsylvania by Defendant Serene with Bush's children.

Under the standard used to review a motion to dismiss, and also the standard set out in rule 8, a Section 1983 claim has been stated under the First, Fourth and Fourteenth amendments. At this juncture of the case, it is deemed true that Defendant Serene is a person who acted with police, who were acting under color of state law, and their action deprived the Plaintiffs of federal secured First, Fourth and Fourteenth amendment rights.

Accordingly, under *Jennings*, since Defendant Serene can be held liable under Section 1983 for her concert action with police, and such has been pleaded, it is submitted that Defendant Serene's motion to dismiss is properly denied.

**4.     Plaintiffs Fourth Amendment Malicious Prosecution (Count II) Is Not Just A State Claim.**

Count II of Plaintiffs' Complaint is entitled "42 U.S.C. §1983 Fourth Amendment Malicious Prosecution". Defendant Serene believes there is no fourth amendment malicious prosecution claim and that the claim of malicious prosecution is merely a state claim; Defendant Serene is incorrect.

In *Torres v. McLaughlin,* 163 F.3d 169 (3rd Cir. 1998) the Third Circuit address the issue present by Defendant Serene, e.g. whether there was a constitutional malicious prosecution claim under the Fourth Amendment; the Court said,

> A majority of the courts of appeals that have considered this issue, including the Second, Fourth, Sixth, Seventh, Tenth and Eleventh Circuits, have concluded that constitutional malicious prosecution claims remain viable after Albright although based upon violations of the Fourth Amendment. See, e.g., Singer, 63 F.3d at 116 ( "The Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person- i.e., the right to be free of unreasonable or unwarranted restraints on personal liberty. A plaintiff asserting a Fourth Amendment malicious prosecution claim under § 1983 must therefore show some deprivation of liberty consistent with the concept of 'seizure' " ); Taylor v. Waters, 81 F.3d 429, 435-437 (4th Cir.1996); Moore v. Hayes, 83 F.3d 422, 1996 WL 200282, at *3-*4 (6th Cir.1996) (

"To the extent that a claim of malicious prosecution is actionable under § 1983, the Supreme Court has held that the claim must be judged under the probable cause requirements of the Fourth Amendment" ); Smart v. Board of Trustees, 34 F.3d 432, 434 (7th Cir.1994) (reading Albright as allowing constitutional malicious prosecution claims so long as they are brought under the Fourth Amendment), cert. denied , 513 U.S. 1129, 115 S.Ct. 941, 130 L.Ed.2d 885 (1995); Taylor v. Meacham, 82 F.3d at 1561 ( "[W]e conclude that our circuit takes the common law elements of malicious prosecution as the 'starting point' for the analysis of a § 1983 malicious prosecution claim, but always reaches the ultimate question, which it must, of whether the plaintiff has proven a constitutional violation. Following *182 Albright, in the § 1983 malicious prosecution context, that constitutional right is the Fourth Amendment's right to be free from unreasonable seizures" ); Whiting v. Traylor, 85 F.3d 581, 584-585 (11th Cir.1996).

Our Circuit has also addressed what is necessary to successfully plead a Section 1983 malicious prosecution claim and said the following must be alleged:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007).

The Third Circuit in *Rose v Bartle*, *Supra*, and in *Lee v. Mihalich,* 847 F.2d 66, 70 (3d Cir.1988) expressly held that "the elements of liability for the constitutional tort of malicious prosecution under section 1983 coincide with those of the common law tort." Emphasis added.

If so, as it is, Plaintiffs submit Defendant Serene's motion is frivolous, because there is a constitutional tort for malicious prosecution and has under establish Circuit precedent. Accordingly, since the claim has been pleaded within the standard of  Rule 8  for pleaded the Section 1983 malicious prosecution claim, including the pleading of all common law element of a malicious prosecution claim and the required elements a deprivation of liberty, e.g. David Bush

was incarcerated in a Bucks County Pennsylvania Prison, the Philadelphia Pennsylvania Federal Detention Center, and a jail in Virginia (See paragraphs 16 to 21, 33, 34, 38 and 44 of the complain) . Defendant Serene's motion is properly denied.

What appears to be Defendant Serene' real motive behind the motion to dismiss is to seek more specific facts, such as dates, places and facts to identify when and where: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. If correct, the disguised 12(e) motion should fail because the facts sought either all appear in the complaint already or can be obtained trough liberal discovery.

Defendant Serene should also be reminded that 12(e) motions for more definite statements are "highly disfavored by the court and are seldom granted". See, *Taylor v. Cox*, 912 F.Supp. 140 (E.D.Pa.,1995) holding that, "motions for more definite statement are highly disfavored and are rarely granted by the court. Such motions will only be granted if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading or simple denial". Citing *Frazier v. Southeastern Pa. Transp. Auth.*, 868 F.Supp. 757, 763 (E.D.Pa.1994); *Hicks v. Arthur*, 843 F.Supp. 949, 959 (E.D.Pa.1994).

It is therefore submitted that a constitutional fourth amendment malicious prosecution claim exists and has been sufficiently pleaded under Rule 8 standards; therefore, Defendant Serene's motion to dismiss is properly denied by the Court.

**5**.     **As a Private Person Defendant Serene is liable under Section 1983.**

Although Defendant Serene is a private person she can, as shown above, be held responsible or liable under Section 1983, particularly for her that was done action with the police and which was to procured and/or initiated the institution of criminal proceedings against David Bush.

Here, Defendant Serene is the person who was responsible for the initiation and procuring of the proceedings that deprived David Bush of his liberty in Pennsylvania. Defendant Serene with Virginia and federal public officials not only stripped David Bush of his liberty but kept David Bush from his children. For example, Sgt Tripp, who was Defendant Serene's PSP conspirator in Pennsylvania, aided Serene by keeping David Bush in the dark about her and the children's whereabouts, Tripp also by not placing the children in the Missing Children Data Bank kept other law enforcement officials from discovery Defendant Serene's fugitive status and continuing illegal conduct, e.g. fleeing Pennsylvania with the children and without court approval. Tripp facilitated the illegal agreement to deprive David Bush of a first amendment right to associate and petition the court by not entering the children in the Missing Children Date Bank, and this intentional omission of an official law enforcement duty was done in furtherance of the illegal agreement with Defendant Serene. The agreement was forged in Pennsylvania, the harm occurred in Pennsylvania and the agreement w involved one person who was a police officer who was acting under color of state law.  .

As mentioned by Serene, the Restatement of Torts, 2nd  allows for liability under both the fact of this case and section 1983. Here, Serene desired to leave with the children and she left When discovered, however, she had proceedings initiated and directed at David Bush who was in Pennsylvania. It cannot be said by a motion to dismiss or at the present juncture of this case that

Defendant Serene <u>did not</u> expressly direct, request or pressure in any kind the Virginia or state police action. However, applying the facts deem true with the reasonable inference that can be drawn for the facts, it can be inferred that defendant Serene did expressly direct, request or pressure in any kind the police action and intentional omission. After all, other than Defendant Serene word and malicious motive the police defendants seemingly have no reason for their action against David and Christopher Bush.

It also cannot be forgotten that before David Bush went to Virginia to recover his children, and before going he inquired of the same police department and court (the Virginia authorities) on the proper and legal procedure they required he follow in Virginia to recover the children. The police and court did not tell him to not come or reject his court filings. He followed those procedures, the police recovered the children; the police turned the children over to David Bush, in Virginia, and then instructed David Bush to "<u>leave Virginia</u>" with the Children and do so "<u>immediately</u>". All was fine until Defendant Serene acted. After she acted and spoke with the police, the Police in Virginia sent the FBI[3] into Pennsylvania and seized David Bush in Pennsylvania under a criminal kidnapping warrant that was issued by the same police in Virginia and upon Defendant Serene Words.

Further it cannot be said at this juncture of the case that what Serene did not tell the police in Virginia truthful facts, and it cannot be said because what ever she actually said to cause the police to issue the warrant and seize David Bush was not set forth in the charges, or on a separate form such as an affidavit of probable cause; however, when the facts were told to a judge in Virginia the judge ruled there was no crime and dismissed the charges. It is reasonable

---

[3] Local Police and the District Attorney of Bucks County explained to Virginia Defendant Police Officers that they had to domesticate their paperwork in Pennsylvania before David Bush could simply be arrested. The Virginia Police Defendants refused to do so; allowing for the inference they acted with "deliberate indifference" of David Bush's constitutional fourth and fourteenth amendment rights, and intentionally acted to deprive him of those rights for Defendant Serene.

to infer from these facts that Defendant Serene did not tell the truth to the Police in Virginia.

If so, as it is, the information furnished to and which the Virginia and Federal officials

acted upon, could only have been from Serene, and that information could only have been false,

which she knew, because when the information was reviewed by a Judge the Judge said there

was no crime. Accordingly at the present posture of this case the case falls within the

Restatement (Second) of Torts § 653, and comment "g" that Defendant Serene has shown to

apply.  As such, the Plaintiffs submit that they have stated a § 1983 malicious prosecution claim,

Dragonetti claim, and other claims under Section 1983 to allow liability to be imposed on

Defendant Serene. *Ergo*, Defendant Serene's motion to dismiss is properly denied.

### 5a. Plaintiffs State A First Amendment Retaliation Claim And Relief Can Be Granted Against Defendant Serene For Retaliation Of First Amendment Activity.

1.              First Amendment right to Freedom of Association.

The First Amendment protects two several distinct freedoms, two involve "association".

*Roberts v. United States Jaycees*, 468 U.S. 609, 617, 104 S.Ct. 3244, 82 L.Ed. 2d 462 (1984).

The first is referred to as freedom of intimate association, which is the right at issue here and the

U. S. Supreme Court described as follows:

> [T]he Court has concluded that choices to enter into and maintain
> certain intimate human relationships must be secured against
> undue intrusion by the State because of the role of such
> relationships in safeguarding the individual freedom that is central
> to our constitution.

There are, however, other types of First Amendment activities that are protected and that

not only apply to this case, but have been pleaded. One right is to freedom of speech and the

other is the right to petition for the redress of grievances.. The Plaintiffs have identified these

other two rights with the right to association as the First Amendment activities in issue. See

Counts I though III.

In pleading a claim under any of these rights, as said above, the Supreme Court and our Circuit Court have made clear that only a short plain statement of the basis for relief is needed in the complaint to survive a motion to dismiss. Plaintiffs submit that their Complaint is sufficiently pleaded to put the defendant no notice of the claims, and allow them to reply and defend. It is further submitted there is no merit to Defendant Serene's motion to dismiss the first amendment claims.

Defendant Serene to support her motion to dismiss the first amendment association retaliation claim cites to the *Pi Lambda Phi Fraternity, Inc. v. University of Pittsburgh*, 229 F.3d 435, 438 (3d Cir. 2000) case. This case, however, does not apply or control, because it is a "membership" case; the case is not an intimate association case. In other words, Serene is presenting authority for apples when she should be presenting authority for oranges. This is so, because the first amendment association issue here involves family or intimate relations; it does not involve membership in or with an origination, such as Pi Lambda Phi Fraternity. The prong at issue in this case is the prong for intimate association, the right to be with and raise a family. The *Pi Lambda Phi Fraterni,* case discusses rights associated with belonging to an organization and being retaliated against because of the membership in the organization. As such, Defendant Serenes's reliance on *Pi Lambda* is mistaken.

The Plaintiff also believe it is appropriate to mention that Defendant Serene's motion does not disputed there was  (1) an intimate association of the type of relationship is one protected by the First Amendment; and such association was marriage or raising his children. This probably explains why the argument to dismiss focused on membership as opposed of intimate relationship association. Defendant Serene did not argue that the state action at issue did

not significantly infringed on the protected relationship between David Bush and his children, which is the third element to meet for a intimate relation association claim, and Defendant Serene probably did not make the argument because the state's interest in this action is not compelling, but the state action, e.g. seizure, did impose a burden on David Bush's fundamental interests to be with, raise, and travel with his children.

Also, on balance, and taking all of David Bush's facts as true, it cannot be said now that his interest was outweighed by any state's interest. This is so, principally because a state has no interest to use or misuse of it criminal process to separate a father from his children when the father has not violated the state's criminal laws and has followed the stat's procedures to recover his children who were illegally taken from their home state.

David Bush by decree of a two Virginia judges did no wrong; one judge decreed he was entitled to the return of his children, and the other determined that he had not violated any Virginia state criminal law by returning to Pennsylvania with his children. Yet, the Defendants caused process to be directed into Pennsylvania and cause David Bush to be seized after Pennsylvania law enforcement authorities told them they simply could not just have David Bush arrested with their paperwork. As a result of the Defendants deliberate acts there was a unreasonable seizure, loss of liberty, and both David Bush and the children were involuntarily forced the children back to Virginia.

Finally, there was also no need to avoid Pennsylvania law, particularly since a Pennsylvania court already had the custody case before it, and everyone was already in the case and were from Pennsylvania. It should be noted again that there is no compelling Virginia state interest here, but if there were, which there is not, there is nevertheless a less infringing manner to achieve the interest than the seizure of the Plaintiff though criminal process and depriving him

of liberty for over a month. For example, Virginia could have domesticated their paperwork in Pennsylvania as Pennsylvania law required and the defendants were told was required. A Pennsylvania court, such as the one that already had jurisdiction over the parties and subject mater, could have heard the facts relating to the trip to Virginia by Serene, and the court could have decided if there were sufficient acts by either parent that warranted a seizure. There was no need to deprive David Bush of his liberty and forcing his children neither away from him, nor to export him and the children from their home state where they were original from but removed illegally by Defendant serene. The children could have also been placed with family in Pennsylvania, if it was absolutely necessary to seize David Bush.

This said, the Plaintiffs' submit that their Complaint alleges sufficient facts to state several First Amendment claims and rights that were deprived by the defendants.  If so, as it is, the motion to dismiss is properly denied.

Defendant Serene's motion to dismiss should also be denied because Defendant Serene concedes in her motion papers that there is a "constitutional protection for the relationships of marriage; bearing, rearing, and educating children; and living with relatives." She cites to *Martinez v. Marino,* 2007 U.S. Dist. LEXIS 44421, *10, Civ. Action No. 06-05278 (E.D. Pa. June 19, 2007), citing *Board of Dirs. of Rotary Int'l v. Rotary Club of Duarte*, 481 U.S. 537, 545, 107 S.Ct. 1940, 95 L.Ed. 474 (1987) but she has failed to show that under no set of facts can relief be granted. What she only argues is that Plaintiff Christopher Bush has no association right, but again she is incorrect. Christopher Bush is the blood relations to David Bush, who is the natural father to the children, and Christopher Bush was gone after by the PSP defendants, because of that relationship. Plaintiff David Bush exercised First Amendment rights, such as the right to "freedom intimate association" and to petition to court for redress, such as to regain his

children who were illegally taken from the state. He has the right to use the Virginia courts to petition under the full faith and credit clause to have take court take action so he could obtain lawful custody of his natural children."( Compl. ¶ 48) This said, and because it is alleged that the motivating reason for the defendants' action against both Bushs was the first amendment activity, the question is, under these facts is Christopher Bush protected from retaliation for David Bush's protected activity. The question is not novel and in this Circuit the answer is yes.

Our Circuit has held that liability exists when one is retaliated against as an ally or family member to the person engaged in the protected activity. See, *Moore v. City of Philadelphia*, 461 F.3d 331 (3rd Cir 2006); citing *Fogleman*, 283 F.3d at 568, and also see, *Rode v. Dellarciprete*, 845 F.2d 1195 (3rd Cir ,1988) (band[ing]together for the purpose of engaging in other protected activities is protected activity).

If so, Christopher Bush, brother to David Bush and close family member, was protected form retaliation for David Bush's protected activities, and Christopher Bush could not be retaliated against by Defendant Serene or her co-conspirators, because of David Bush's first amendment activities. Therefore, Defendant Serene's motion to dismiss ha failed to show that under no set of facts can relief be granted. Therefore, Defendant Serene's motion is properly denied.

More over, it is noted that at the time of Defendant Serene's action she was a fugitive; she had left Pennsylvania with the children and without court approval, which approval was required here and is required of all divorcing parents fight over custody of the children. Defendant Serene was and remains a fugitive, she is a person on the run, and she was a person being searched for by the District Attorney. Defendant Serene left the state without court approval and she also changed the names of the children and their social security number. She

did all of this without notice to David Bush or a Pennsylvania court's approval. Serene  was

principally able to accomplish these acts because of the aid provided by Defendant PSP Trooper

Tripp, who intentional omitted his official duty to place the children in the Missing Children

Data Bank, and her lies about David Bush. Had Tripp done his duty and registered the children

in the Missing Children Date Bank as he was directed to do by the District Attorney, then the

court or agency authorizing the name and social security number change could and would have

discovered Defendant Serene's fugitive status. The court or agency could also have stopped

Defendant Serene and notified local and Pennsylvania law enforcement authorities

      Defendant Serene's leaving Pennsylvania with the Children was criminal conduct,

because she did it without an order form the Pennsylvania Court. Recently this type of flight or

conduct has been the subject of news. There is the infamous Montgomery County (Pennsylvania)

case; whereas, a mother fled to Canada with her child, and did so without court permission. The

flight occurred during a custody battle where there was ongoing court proceedings, which facts

are the same her, except the fleeing mother went all over the county and was finally located in

Virginia. The mother, who fled Montgomery County Pennsylvania and was found in Canada,

was in 2007 convicted in Montgomery County Pennsylvania for the flight with the child to

Canada; she was arrested in Canada and returned to Pennsylvania. Serene's fate should have

been the same, bit it was not.

      Additionally, since it is a fact in this case that Defendant Serene had no "right" to leave

Pennsylvania with the children, and she was required under Pennsylvania law to obtain court

approval before leaving, which she did not have, at all times then, Defendant Serene was

engaged in unlawful conduct that warranted her arrest . She was not arrested; instead, it was

David Bush who was arrested for no crime. He was charged with kidnapping his own children by

the same police that told him to leave with the children. He was jailed and lost his children again, this time by state action, and he gained his liberty because a judge in Virginia told the police that they had no crime here. Yet, Deferent Serene was not arrested for her fugitive status or for a false police report. The Plaintiffs submit these facts as pleaded satisfy the Rule 8 standard for the unequal protection claim, which Defendant Serene has not even challenged but who has only in conclusory form moved to dismiss all claims against her under a wordy memorandum that no federal claim has been pleaded and/or provides relief to the Plaintiffs.

Because Defendant Serene has and had no "right" to take the children from Pennsylvania or to conceal their whereabouts from Pennsylvania authorities, its courts, and Plaintiff David Bush, and because Defendant Serene/Bush intentionally interfered with David Bush's constitution right to: (1) raise his children and (2) petition the courts over custody and the right to raise his children;(3) be free from unreasonable seizure; (4) minimal pre-seizure due process notice, and (5) equal protection of law, which claims have all been pleaded, Defendant Serene motion to dismiss all federal claims should be denied.

Defendant Serene used or misused Virginia state criminal process to retaliate against David Bush for his exercise of the right to petition Virginia courts to give full faith and credit to the Pennsylvania court orders that granted David Bush sole and exclusive custody rights in his children and to associate with his children in their home state form which they were illegally removed. Defendant Serene with deliberate indifference to David Bush's federal constitutional rights intentionally and with malice used Virginia criminal process against David Bush. She lied and gave false information to the police, and her lies deprive David Bush of his liberty where he resided and has always been domiciled- in Pennsylvania in. David Bush was injured n Pennsylvania for this is where he was incarcerated for over a month, he was held in a Bucks

County prison and then in the Philadelphia Federal Detention Center. Defendant Serene used Virginia's criminal process for a purpose it was no intended, she used it to facilitates an illegal custody right over the children and to deny due process rights that David Bush had in Pennsylvania, such as but not limited to, a judicial review of her allegations that David Bush was engaged in criminal conduct, and to litigate in a Pennsylvania court the custody issue, and she strip David Bush of his right to associate with his children, e.g. raise them, without adequate due process, e.g. there was no probable cause affidavit or probable cause to support the arrest.

Defendant Serene also acted in concert with a member of the Pennsylvanian State Police to hide the children from Plaintiff David Bush, and she used the Virginia court system to facilitate and further her illegal plan to keep the children from David Bush or for the Pennsylvania courts to decide custody. Having done so, it cannot be said at this juncture of the case or to any degree that no relief can be granted to either Plaintiff. There is a conspiracy forming in Pennsylvania and acts directed into Pennsylvania that cause an injury in Pennsylvania, and an illegal agreement with state police in Pennsylvania, or to have not directed Virginia state criminal process towards David Bush who was in Pennsylvania.

Accordingly, Plaintiffs submit that Defendant Serene squarely falls within the four corners of the authority she has provided, and this authority supports the conclusion that there is personal jurisdiction over Defendant Serene by this Court and claims that can provide relief to the Plaintiffs.

Finally on this issue, one quick mention is needed on the two cases cited by Defendant Serene to argue there is no first amendment action to be asserted against her; she cites *Denman v. Wertz*, 372 F.2d 135 (3d Cir. 1967), cert. denied 389 U.S. 941, 88 S.Ct. 300, 19 L.Ed. 2d 293 (1967) (Per Curiam decision) which case originates from the Western District Court, and *Estate*

*of Cooper v. Leamer*, 705 F. Supp. 1081, 1086 (M.D. Pa.1989).

The *Denman* case was dismissed but only because the Court determined that "the complaint is inadequate" and did not state a claim under the "old Civil Rights Acts". The Court did not find there was no cause of action that could be brought under any set of facts or theories of law or that no relief could be granted under other facts involving a custody dispute between two parents and one parent flees with the children, changes their name, and procures and initiated criminal process to have the non-fleeing parent arrested and the children taken from him. *Denman* is not dispositive to the case that is before the Court now.

The Facts of the Bush case are also materially distinguishable to those in *Denman*; however, one cannot ay there are not some factual similarities. They are limited one though and the similarity is that there was a custody court action being litigated when one parent fled the state with the child, and did not do so with court approval.

In the Bush case, the first difference to note is that the Bush case is not reviewed under an "Old Civil Rights statute". Next, there is an arrest of a non-fleeing parent. In *Denma*n the fleeing parent was arrested. Additionally, the arrest of the feeing parent was an on-sit arrest from an official broadcast though police authorities. In other words, the arresting officers were acting upon information from other authorities and not a parent who was a fugitive[4]. Here, the authorities in Virginia were act with Defendant Serene and only upon her words, which as said were lies.

Also, in this and the Denman case there is alleged criminal conduct by the Fleeing parent to explain an arrest; however, in Denman there was an affidavit of probable cause with the charges, which affidavit set forth the factual basis for the arrest. Here, there is no affidavit of

---

[4] This fact alone raises an issue of qualified immunity that the officers from Pennsylvania in the Denman case would have been able to assert, and might have be a reason the District Court dismissed the complaint.

probable cause and no factual basis to explain the arrest. Further, in this case the non-fleeing parent was arrested in the home forum or state for the children; the jurisdiction that had authority over the custody issue. In Denman, the arrest was outside the state that had jurisdiction over the custody issue. As such, there was evidence the fleeing parent was avoiding the court process that had jurisdiction to decide the custody dispute by removing the child. Here, that is not the case. David Bush returned the children though court action in two different states and returned them to the jurisdiction that had original jurisdiction to decide custody.

There also are other facts that are distinguishable in this case from those in *Denman*, such as the fact that there was no "chance" action in this case by law enforcement that caused the seizure and liberty deprivation. Here the seizure and liberty loss of David Bush was the result on directed law enforcement action, which action was put in motion by Defendant Serene and she simply lied about the facts. Most notably however is the fact that the non-fleeing parent, the non-fugitive parent, in this case was arrested. There is in this case a deliberate and intentional false allegation to police by the feeing parent and this deliberate action was the cause of David Bush's under color of state law deprivation to his Fourth amendment right.

Also, in *Denman* the child at issue was not the subject of a District Attorney search for them; whereas there is in this case. Also, the fleeing parent was not acting with police from both the state fled and state harboring the fugitive parent. Whereas in the Bush case, the fleeing parent is and has been working with law enforcement, for example here, there is an instruction by the District Attorney to the PSP to look for the fleeing parent and place the children in the federal missing children data bank. The PSP codefendant, Sgt Tripp, did not perform his official duty and register the missing children. Plaintiffs believe the reason for the PSP Trooper Sgt Tripp's in action is because he is a member of the same organization that is providing aid to the fleeing

parent (Defendant Serene). This belief is specifically pleaded.

In *Denman*, the fleeing parent did not change the children's name and social security numbers, nor did the non-fleeing parent work though the courts to regain custody once the missing children and fleeing parent were located. Also, in *Denman* it was the authorities that stopped the fleeing parent. Here, it is the authorities that are aiding the fleeing parent.

In *Denman*, there was a quick secession of event, such as the arrest occurring on the day the fleeing parent left Ohio. Here, years passed with multiple jurisdictions being involved to find the children, such as Colorado and New Mexico or Arizona police.

Further, in *Denman* the fleeing parent did not lie to the police and cause the non-fleeing parent to be jail, and as pointed out already, in *Denman* the fleeing parent was jailed but here the non-fleeing parent was jailed, and only jailed because of the accusation of the fleeing parent, which accusations in *Denman* were not "sealed" but appear in the documents used to support the arrested and incarceration of the fleeing parent.

Further, as if more were needed, in *Denman* there also is no a judge that determined the non-fleeing parent should never have been arrested because no crime had been committed.

Finally, one need remember that the *Denman* case is old law and law that  predates the Third Circuit's *Egervary v. Young,* 366 F.3d 238 (3rd Cir 2004) decision, which decision found there is a "section 1983 and *Bivens"* cause of action that can be brought against others, including attorneys, who remove children from the country. Holding that were an ferocious ruling by a judge caused a loss, the case turns on what the judge was told. If the judge was lied to, there will be liability. If the Judge merely made an error on law from truthful facts then causation for the harm to the Plaintiff is lost and there is no liability by the Defendant.

Plaintiffs facts are deemed true (*O'Connor v. Sandy Lane Hotel Co., Ltd.*

496 F.3d 312 3rd Cir . 2007(the plaintiff[s] need only establish a prima facie case of personal

jurisdiction, and the plaintiff[s][are] entitled to have [their] allegations taken as true and all

factual disputes drawn in [their] favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d

Cir.2004)).   There are no facts in this case where the loss complained of was from anything other

that the defendant's lies. If so, there is no merit to Defendant Serene's motion to dismiss and the

Plaintiffs submit it is proper to deny the motion to dismiss.

**6.      Plaintiffs Have Stated A Claim Against Defendant Serene For Violation Of Their First Amendment Right To Be Free From Retaliation For Exercising First Amendment Rights   To Petition For Redress And Expression.**

Defendant Serene continues her argument for dismiss by arguing that there is no first

amendment action; however, as shown above there is, and she may also be held liable under

Section 1983 for the deprivation of the right. More so, as shown, Defendant Serene acted with

Pennsylvania State Police and Virginia City police, who were, as said long ago said in this

memorandum, and as pleaded in the complaint, at all times acting under color of state law with

Serene. The Virginia police officers are intentionally evading personal service of process on

them for the complaint (See Attachment Marked Exhibit A:) which act infers their consciousness

of guilt. The attached affidavit of the process server, a police officer himself, provides that he

went to the defendants, explained he had the complaint and summons, was told to wait, but the

Virginia police officer Defendants would not come out from behind the protected area they hid

in. They said, they knew what it was about".  Defendant Serene has already been served, so it

can be inferred she telephone them about the action against them.

A First Amendment retaliation claim is established when (1) the Plaintiff engages in

protected activity under the First amendment; (2) the government responded with retaliation; and

(3) the protected activity was the substantial or motivating reason for the retaliation. *Graw v.*

*Fantasky*, 68 Fed. Appx. 378, 2003 U.S. App. LEXIS 13764 (3d Cir. 2003).

Plaintiff Christopher Bush like his brother was engaged in first amendment activity; Christopher was engaged in free speech activity when he made a complaint against Trooper Tripp to the State Police internal affairs section (known as the Bureau of Professional responsibility). The complaint concerned a public mater, e.g. Tripp colluding with Serene and not performing official duties, which aided Serene. Tripp did not place the children in the Missing Children Date Bank. As such, Christopher Bush was engaged in protected activity under the First Amendment and enjoyed the right to not be retaliated for that activity. He was. Accordingly he has stated a first amendment radiation claim.

Sgt Tripp,  (Defendant Tripp) aided Serene by not placing David Bush's children in the Federal Missing Child Data Bank, he was, however, instructed by the chief law enforcement officer in the county to do so and to search for Serene and the children. He did not do either. What Tripp did do was go after Plaintiff Christopher Bush, who as a police detective did by right place the missing Bush children in the Federal Missing Child Data Bank, Tripp by having Detective C. Bush investigated for placing the missing children into the MSDB registry was engaged in retaliatory conduct which was designed to chill C. Bush's right to make a complaint about Tripp.

Tripp is alleged by the complaint's facts to be a member of the same organization helping Serene. From these facts it can be inferred that Tripp used and misused is position as a PSP Trooper and supervisor position, e.g. Sergeant, to allow Serene to flee and remain hidden with the children. In other words, he used is police authority, state authority, to deprive Bush of his first amendment right to associate and/or raise his children. See ¶¶  7, 22, 23, 24, 55 and  through to 60 of the Complaint. The right to complain to law enforcement about a corrupt cop is on par

with the right to raise one's child; they both are first amendment activities. Thus, a constitutional

protected activity has been pleaded for both Bush Plaintiffs; they both were engaged in their own

protected activities.

It is axiomatic that conduct which chills a protected activity is actionable conduct. See

generally *Moore v City of Philadelphia et al*,(3rd Cir. 2006).*Infra.* C. Bush reported Tripp to the

PSP for misconduct, e.g. not placing missing children into the federal Missing Children Registry;

did not obeying a lawful order from the District Attorney, and he conspired with or aiding and/or

abetting a fugitive, a person (Serene) who was violating  Pennsylvania law in regards to

custody[5]. This report is conduct of pubic importance and therefore protected speech under the

first amendment. See,  *Shoemaker v. Allender*, 520 F.Supp. 266 (E.D..Pa., 1981):

> [D]disclos[sure of] confidential information to a federal
> investigatory agency relating to corruption in the Allentown police
> department, [is] a matter of grave public importance. Accordingly,
> plaintiff has alleged the deprivation of a constitutionally protected
> right. *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d
> 433 (1979). Furthermore, whether the discipline imposed upon
> plaintiff resulted from a desire by defendants to retaliate against
> plaintiff for speaking to the FBI or from the need to punish
> plaintiff for infracting internal police procedure involves issues of
> motive and intent, which cannot be decided by the Court on a
> motion to dismiss.

Plaintiff Christopher Bush alleges that Defendants Hill, Tripp and Ignatz retaliated

against him for reporting PSP Sgt Tripp's misconduct. C Bush further asserts that he was

subjected to the retaliatory CLEAN investigation (Compl. ¶ 50) because he (C. Bush) is David

Bush's brother. These facts are deemed true for the motion to dismiss and Defendant Serene has

not show that under no set of facts can relief be granted to the Plaintiffs under the first

amendment. Therefore, because the complaint is properly and adequately pleaded to survive the

12(b) motion to dismiss, Defendant Serene's motion to dismiss should be denied.

---

5 *Gruber v. Grube*r, 400 Pa. Super. 174, 184-85, 583 A.2d 434, 439 (1990).

7.     **Plaintiffs Have Stated A Claim Upon Which Relief Can Be Granted Against Defendant Serene for a  42 U.S.C. § 1985 Conspiracy (Count IV of Plaintiffs' Complaint).**

42 U.S.C. § 1985(3) provides as follows:

> Depriving persons of rights or privileges.   If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; [and] in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

To state a claim under § 1985(2) or (3), a plaintiff must allege each of the following: (1) a conspiracy; (2) motivated by a racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. See *Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S.Ct. 1790, 29 L.Ed. 2d 338 (1971); *Bray,* 506 U.S. at 268; Lake v. Arnold, 112 F.3d 682 (3d Cir. 1997); *Brawer v. Horowitz,* 535 F.2d 830, 839 (3d Cir. 1976). The Supreme Court has been careful to limit the statute's scope to avoid creating a "general federal tort law." *Griffin*, 403 U.S. at 101-102.. The Third Circuit has recognized that, in limited circumstances, "the conspiracy provision of § 1985(3) provides a cause of action . . . against both private and state actors." *Brown*, 250 F.3d at 805. More over, Section 1985, like section 1983, by

itself does not create substantive rights; instead these statutes "serves as a vehicle for vindicating federal rights and privileges which have been defined elsewhere." *Brown v. Philip Morris, Inc.,* 250 F.3d 789, 805 (3d Cir. 2001).

For the Plaintiffs to establish a Section 1985 claim they need only establish by a short plain statement there was a constitutional right in which the Defendants agreed to deprive. See Rule 8 and *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278, 113 S.Ct. 753, 122 L. Ed. 2d 34 (1993).

Defendant Serene is a private individual, thus under *Brown* she may be sued under Section 1985. More over, the Supreme Court has recognized two rights protected under § 1985(3): the right to be free from involuntary servitude and the right to interstate travel. Id.; also see *Bray*, 506 U.S. at 278; *Collins*, 2007 U.S. Dist. LEXIS at *35; *Harden v RR Donnelly*, 2002 U.S. Dist. LEXIS 12124, *3, Civ. Action No. 01-6147 2. Here the right to interstate travel between Pennsylvania and Virginia is implicated and the right at issue.

The facts as pleaded, and the reasonable inferences drawn for those facts, show Plaintiff David Bush traveling interstate from Pennsylvania to Virginia. He went to Virginia to use its courts to recover his children that had illegally been removed from Pennsylvania. David Bush was told by the Virginia police to "immediately leave Virginia with the children. He did so and was arrested by the Virginia police for traveling interest with his children. In other words, David Bush was unreasonable seized and maliciously prosecuted for first amendment petition clause activity and interstate travel with his children. The arrest or unreasonable seizure, or fourth amendment deprivation, was the result of an agreement between the Virginia police co-defendants and Defendant Serene.

If so, the Plaintiffs' complaint when reviewed under the standards of *Swierkiewicz v.*

*Sorema* and Rule 8 is sufficient to withstand Defendant Serene's 12(b)(6) motion to dismiss, because the elements for a 1985 conspiracy have been pleaded and the Plaintiffs' short plain statement of the facts, and the inferences drawn from them, establish a conspiracy under Section 1985.

The facts show a motivation by the defendants because of a class-based discriminatory animus towards a non-fleeing parent who uses the courts to affirm parental rights in custody with their children, or said another way to raise one's child and travel interstate with them without fear of being arrested for using the court to obtain custody and then traveling back to a home state from whence the children were illegal removed. Thus, prong two of the test for a conspiracy under interstate travel is met, which is the prong Defendant Serene asserts as being the prong lacking to state a section 1985 conspiracy claim.

Plaintiffs' facts and the inferences drawn form them show an agreement that is designed to deprive, directly or indirectly, the Plaintiffs' rights to associate, petition the court, travel interstate with a child, and engage in free speech. As such prong three is met.

Plaintiff facts and inference drawn from them also show they as "any person or class of persons" were deprived of the equal protection of the laws. This was shown long ago in this memorandum.  The acts in furtherance of the conspiracy were obtaining an arrest warrant on bogus and false criminal charges, and obtaining the warrant to facilitate an unreasonable arrest to achieve an illegal purpose, e.g. forcibly separate David Bush from his children and remove his right to be with those children and litigate in Pennsylvania the end of the ongoing custody battle.

In short, the section 1985 conspiracy is properly pleaded. The illegal purpose was to deprive D. Bush of such rights, which included the right to full faith and credit in a Pennsylvania custody order, or to simple due process procedure, such as notice and opportunity to defend an

allegation of feeing parent, such as Serene, buy being provided with at least the probable cause

for an arrest, which will deprive liberty for over a month.

Finally, the last element to assert a section 1985 claim is met, prong (4) an injury to

person or property or the deprivation of any right or privilege of a citizen of the United States.'

Here,  David Bush was deprived of his liberty, he was jailed, without probable cause or even

fundamental notice of the facts why he was arrested. He thus has shown injury to his person, and

a deprivation to his right to be free from an unreasonable seizure and at least adequate pre-

seizure procedural due process before a liberty right is deprived. This is after all a Fourteenth

Amendment right.

Despite the above, Defendant Serene argues for dismissal of the conspiracy count but she

has not address all of the fact make out the conspiracy claim, and she has only mentioned two

paragraphs; she cited only ¶ 56 ("Defendants number in two or more persons as such is intended

to mean by section 1985(3)) and  ¶ 62 (which paragraph Serene does not fully recite. Defendant

Serene in mentioning these two paragraphs also cites to only a part of the second mentioned

paragraph for 62. She wrote that "the 'acts or omissions of the Defendants caused Plaintiffs to

suffer  . . .  which thus constitutes a section 1985(2) conspiracy claim . . .' ". However the

paragraph actually reads:

> The acts or omissions of the Defendants caused Plaintiff to suffer
> an actual loss, economic and consequential damages, emotional
> distress, humiliation, embarrassment, and extreme emotional
> distress, such as fright, fear, anger, disappointment and worry,
> which thus constitutes a section 1985(2) conspiracy claim and
> entitles Plaintiff to the relief requested below as is permitted by
> law.

The conspiracy count (Count IV) has seven (7) paragraphs; Five (5) as said were not even

mentioned by Serene, and also not mentioned is paragraph 55 which incorporates the other

paragraphs of the complaint. Defendant Serene's omission is important because these incorporated and unidentified paragraphs, together with the inferences drawn from them, not only allow relief to be granted to the Plaintiffs under Section 1985 but show that a conspiracy claim has been pleaded.

Under *Bray*, which is a case cited by Defendant Serene, the right to interstate travel is a right that cannot be infringed. Plaintiff David Bush had every right to travel to Virginia, use its court to regain custody over the children, which custody a Pennsylvania gave to him, and then to travel back to Pennsylvania without the fear of being subjected to false criminal charges of kidnapping the children from Virginia. D. Bush and Defendant Serene started their custody battle in Pennsylvania, where they lived. The custody battle ceased only because Serene illegally fled the state with the children, e.g. leaving without a court order, which is contrary to Pennsylvania Law. See the *Gruber* decision cited at footnote 5.

Now, because of the illegal and conspiratory conduct of the Defendants, David Bush is forced to travel interstate and litigate custody in Virginia, which is a place that has already caused an unreasonable seizure of David Bush, and the seizure occurred in Pennsylvania, on a resident and person always domiciled in Pennsylvania, and was a seizure that was directed towards Pennsylvania. But for Defendant Serene's conspiracy with law enforcement, there would not have been a separation between David Bush and his children. But for the agreement between Defendant Serene with the law enforcement defendant D. Bush would be in Pennsylvania litigating the custody over his children and would never have been seized, or deprived of his liberty, in Pennsylvania, and without being deprived of the entitled minimal pre-seizure due process notice that the Fourteenth amendment provides to him under the United States Constitution.

Serene has not satisfied her burden to show the Court that no relief can be granted under any facts pleaded and the inference that can be drawn from the facts. All she has done is make a latent argument for specificity pleading, which argument as shown has firmly been rejected by the Supreme Court and this Circuit.

If so, Defendant Serene's motion to dismiss is properly denied.

## VI. CONCLUSION AND REQUEST

For the foregoing argument and authority cited, this Court should deny Defendant Serene's motion to dismiss and to the extent a motion for summary judgment was construed to deny the motion without prejudice as not being ripe for consideration.

Date: 01-19-2008

KRAVITZ AND PURICELLI

BY:   BMP3198   /s/
        Brian M. Puricelli
        Brian M. Puricelli, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID BUSH ET AL                          :
                                          :        NO. 07-cv-4936
          -vs-                            :
                                          :
S.C. ADAMS; ET AL.                        :

**PLAINTIFF'S OPPOSITION RESPONSE AND RULE 15 MOTION
TO AMEND, IF NECESSARY, AND TO DEFENDANT  SERENE'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Pursuant to Fed. R. Civ. P. 15 and 12(b) the Plaintiffs appear and respond to Defendant

Sara Nicole Bush a/k/a Serene Isara Isabella, a/k/a Sara Nicole Monserrate a/k/a Sara Nicole

Monserrate Bush (hereinafter "Defendant Serene") motion to dismiss all counts of Plaintiffs'

Complaint against her. Defendant Serene's motion should not be granted.

1.      Denied because this court does not lack subject matter jurisdiction over the claims

against Defendant Serene, and a motion to dismiss for lack of jurisdiction is not raised under

Fed. R. Civ. P. 12(b)(1). Instead a motion to dismiss for lack of jurisdiction is raised under Fed.

R. Civ. P. Rule 12(b)(1).

2.      Denied because this court does not lack personal jurisdiction over Defendant

Serene under Fed. R. Civ. P. 12(b)(2) as she is from the Commonwealth of Pennsylvania and the

cause of action that she put in motion arose in the Commonwealth of Pennsylvania.

3.      Denied because Plaintiffs have not failed to state a claim against Defendant

Serene upon which

no" relief can be granted.

4.      Denied because Plaintiffs have stated any viable Section 1983 claim against Defendant Serene.

5.      Denied because Plaintiffs have stated any viable constitutional claims against Defendant Serene.

6.      Denied because Plaintiffs have not failed to state a Dragonetti state claim against Defendant Serene.

This opposition is supported by the attached Memorandum of Law and accompanying affidavit.

WHEREFORE, Plaintiffs respectfully request the Court deny Defendant Serene's motion to dismiss, and, to the extent that summary judgment is sought too, that Defendant Serene's motion for summary judgment be denied without prejudice as not Ripe. In the alternative, Plaintiff prays the Court grant leave to amend to cure any pleading error the Court deems needing to be cured.

Date: 01-18-2008

KRAVITZ AND PURICELLI

BY:   BMP3198    /s/

*Brian M. Puricelli*

Brian M. Puricelli, Esquire

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Plaintiffs' opposition response and

Memorandum with Affidavit to Defendant, Sara Nicole Bush a/k/a Serene Isara Isabella, a/k/a

Sara Nicole Monserrate a/k/a Sara Nicole Monserrate Bush's Motion to Dismiss Plaintiffs'

Complaint and Memorandum of Law in Support thereof, has been electronically filed and is

available for viewing and downloading from the ECF system at https://ecf.paed.uscourts.gov/.

Served were:

Carol D. Deem, Esquire
 Deem, Farney & Lopez Law Offices
590 Centerville Road, # 285
Lancaster, PA 17603


Carol D. Deem, Esquire PA Atty ID No 60846
Attorneys for Defendant Sara Nicole Bush a/k/a Serene
Isara Isabella a/k/a Sara Nicole Monserrate a/k/a Sara Nicole Monserrate Bush
(717) 892-3900


Defendant's Motion Dated: January 9, 2008



Date: 19 Jan 2008

                                        KRAVITZ AND PURICELLI


                                        BY:  BMP3198   /s/

                                              Brian M. Puricelli

                                              Brian M. Puricelli, Esquire