```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DAVID BUSH and              :     CIVIL ACTION
CHRISTOPHER BUSH            :
                            :
     v.                     :
                            :
S.C. ADAMS, et al.,         :     NO. 07-4936
```

<u>MEMORANDUM AND ORDER</u>

McLaughlin, J.                              February 1, 2008

This is a civil rights action arising from a custody dispute and a related criminal kidnapping charge.  Plaintiffs David Bush and Christopher Bush allege that defendant Sara Nicole Bush[1] and several officers of the City of Richmond Police Department and the Pennsylvania State Police violated their constitutional rights under the First, Fourth, and Fourteenth Amendment in violation of 42 U.S.C. § 1983 and § 1985, and committed state law torts of malicious prosecution, abuse of process, assault and battery, false imprisonment, defamation and false light, and intentional infliction of emotional distress.[2]

---

[1]     This defendant is named in the caption as "Sara Nicole Bush a/k/a Serene Isara Isabella a/k/a Sara Nicole Monserrate a/k/a Sara Nicole Monserrate Bush" and refers to herself in her motion to dismiss as "Defendant Serene."  In the interests of clarity, the Court will refer to this defendant in this Memorandum and Order as "Sara Nicole Bush" or "Ms. Bush."

[2]     The complaint also contains a request for a declaratory judgment concerning the constitutionality of procedures used by the City of Richmond police department, which is not directed at Ms. Bush and not at issue in this motion.

To date, the only defendant who has been served with process is defendant Sara Nicole Bush.  She has now moved to dismiss all claims against her on multiple grounds, including lack of personal jurisdiction, lack of subject matter jurisdiction under Rooker-Feldman, and failure to state a § 1983, § 1985, or state law claim against her.

The Court will not address all of the grounds for dismissal raised by Ms. Bush at this time.  For the reasons set out below, the Court finds that the plaintiffs have failed to adequately allege that Ms. Bush acted under color of law, as required for their § 1983 claims; have failed to adequately allege the racial or class-based animus necessary for their § 1985 claims; and have failed to adequately allege the elements necessary for their state law claims.  The Court will accordingly grant Ms. Bush's motion to dismiss and allow the plaintiffs' leave to file an amended complaint to seek to remedy these deficiencies.

Because the Court is dismissing the claims against Ms. Bush for the above reasons, with leave for the plaintiffs to amend, the Court will not address the other issues raised in Ms. Bush's petition, including personal jurisdiction, at this time. If and when the plaintiffs file an amended complaint, Ms. Bush may then, if she chooses, raise these issues again in her response to that amended complaint.

I.    <u>BACKGROUND</u>

      The plaintiffs' complaint contains the following factual allegations, which the Court will accept as true for purposes of deciding this motion to dismiss.  <u>See</u> <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint").  The Court is not required, however, to accept as true the plaintiffs' legal conclusions or "bald assertions."  <u>Kanter v. Barella</u>, 489 F.3d 170, 177 (3d Cir. 2007).


    A.    <u>Allegations Concerning Plaintiff David Bush</u>

      Plaintiff David Bush was married to defendant Sara Nicole Bush.  They have three children.  At the time the children were born, David and Sara Nicole Bush were domiciled in and citizens of Pennsylvania. Compl. ¶¶ 8-9.

      In 2000, Sara Nicole Bush began divorce proceedings in Pennsylvania against David Bush.  In 2004, Sara Nicole Bush, without court approval or notice to David Bush, took their children and left the state.  Compl. ¶¶ 8-10.  On June 23, 2006, David Bush was granted full and exclusive custody of his three children by Order of the Luzerne County Court of Common Pleas, Family Court Division.  Compl. ¶¶ 10-11.

After receiving custody, David Bush attempted to locate his children. Defendant Sergeant Tripp of the Pennsylvania State Police was instructed by the District Attorney for Mansfield, Pennsylvania to search for the missing children and to put the names of the children into the National Crime Information Center Missing Children Data System ("NCIC"). Sergeant Tripp failed to do so and did not search for the children or place their names into NCIC. The plaintiffs "believe[ ] and so aver[ ]" that Sergeant Tripp intentionally did not put the children's names into NCIC as part of a conspiracy with Sara Nicole Bush and her lawyer. The plaintiffs further "believe[ ] and so aver[ ]" that Sergeant Tripp is involved in the Mansfield Chapter of an unnamed organization that hides women and children, to which Sara Nicole Bush "and/or" her lawyer also belong. Compl. ¶¶ 12, 22-24.

On or about October 12, 2006, David Bush located his children in Richmond, Virginia, living under different names and Social Security numbers. On October 13, 2006, David Bush obtained a custody order for his children from the Court of the City of Richmond, Juvenile Division. Based on that order, officers from the City of Richmond Police Department retrieved the children and turned them over to their father. Two officers of the City of Richmond Police Department, defendant Police Officers Russell and Adams, instructed David Bush to return to Pennsylvania with his children and he did so. Compl. ¶¶ 12-13.

4

On or about October 25, 2006, Officers Russell and Adams contacted the Pennsylvania State Police, the Federal Bureau of Investigation, the United States Marshals Service, and the Police Department of Newtown Township, Bucks County, Pennsylvania, and demanded that David Bush be arrested.  This demand was made to, among others, plaintiff Christopher Bush, who is a police officer in Newtown Township.  Compl. ¶¶ 14.

On or about October 26, 2006, David Bush was arrested on felony charges of child abduction.  This arrest was allegedly caused by Officers Russell and Adams, through a warrant that was allegedly obtained without probable cause in a process that was inadequate to protect David Bush's constitutional rights.  David Bush was charged with three counts of "Abduction by Parent, removal from state" and three counts of conspiracy.  Mr. Bush was held for several weeks in the Bucks County Jail, the Federal Detention Center, and other detention facilities.  Compl. ¶¶ 15-19.

On or about November 21, 2006, in proceedings before the Court of the City of Richmond, Juvenile Division, the presiding judge stated that there was "no case" against David Bush and that "he had done nothing wrong."  Despite these statements, the charges against David Bush were not dropped at this time, and he was barred from further association with his children.  By order of the Court of the City of Richmond, custody

of the Bush children was granted to Sara Nicole Bush.  On or about January 5, 2007, all felony criminal charges against David Bush were dropped.  Compl. ¶¶ 20-21.

B.    Allegations Concerning Plaintiff Christopher Bush

Plaintiff Christopher Bush is a police officer in Newtown Township, Pennsylvania and David Bush's brother.  Compl. ¶¶ 8-9, 14, 53.

In November 2006, defendant Sergeant Tripp of the Pennsylvania State Police contacted plaintiff Christopher Bush, an officer in the Newtown Township Police Department.  Sergeant Tripp questioned Christopher Bush about why he had entered the Bush children's names into the NCIC system.  Following this phone call, Christopher Bush made both a verbal and a written complaint to the Pennsylvania State Police about Sergeant Tripp's conduct. Compl. ¶¶ 22, 25.

After Christopher Bush made his written complaint about Sergeant Tripp on January 1, 2007, he was subjected to adverse and retaliatory action by defendants Tripp, Kenneth Hill and Steven J. Ignatz, all officers of the Pennsylvania State Police, who began a baseless and "bogus" investigation of Christopher Bush's entry of the Bush children into NCIS.  Although the investigation cleared Christopher Bush of wrongdoing, defendant Hill sent a letter to the Board of Supervisors on July 31, 2007,

6

requesting that unspecified action be taken against him and intimating untruthfully that Christopher Bush had engaged in improper behavior.

II.   <u>Legal Analysis</u>

    A.   <u>Subject Matter Jurisdiction under Rooker-Feldman</u>

      In her motion to dismiss, defendant Sara Nicole Bush argues that the Court lacks jurisdiction over the plaintiffs' claims against her under the <u>Rooker-Feldman</u> doctrine.  Because this argument implicates the Court's subject matter jurisdiction, the Court will address it first.

      The <u>Rooker-Feldman</u> doctrine prevents courts from exercising jurisdiction over claims brought by parties who lose in state court and who are complaining in federal court of injuries caused by the state court judgment that they lost. <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005).  The scope of <u>Rooker-Feldman</u> is narrow, however, and will not necessarily bar federal claims based on the same operative facts as those at issue in the state court proceeding.  <u>Turner v. Crawford Square Apartments III, LLP</u>, 449 F.3d 542, 547-48 (3rd Cir. 2006).  The doctrine only bars "lower federal courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment." <u>Marran v. Marran</u>, 376 F.3d 143, 149 (3d Cir. 2004).  A case is the

functional equivalent of an appeal in a state court when "the claim was actually litigated before the state court" or "when the claim is inextricably intertwined with the state adjudication." Id. A claim is "inextricably intertwined" when "federal relief can only be predicated on a conviction that the state court was wrong." Parkview Assoc. v. City of Lebanon, 225 F.3d 321, 325 (3d Cir. 2000).

Defendant Sara Nicole Bush argues that the plaintiffs' claims against her are barred under Rooker-Feldman because they seek to overturn the order of the Virginia domestic relations court that granted her custody of the Bush children. In response, the plaintiffs contend that they are not seeking to challenge the state custody determination and that the only state court proceeding implicated in their claims is the Virginia criminal action against David Bush, in which charges were dropped.

The Court finds that the plaintiffs' claims, as stated in their complaint, do not appear to challenge and are therefore not inextricably intertwined with the Virginia custody decision. As the Court reads the plaintiffs' complaint, their various causes of action essentially arise from three actions taken by the defendants:  Officer Tripp's alleged failure to enter the Bush children's name in NCIS; Officer Adams and Russell's allegedly wrongful arrest of David Bush for felony child

abduction and conspiracy; and Officers Tripp, Hill and Ignatz's alleged retaliation against Christopher Bush for complaining about Officer Tripp; all of which were allegedly done in conspiracy with Sara Nicole Bush.  None of these claims challenges the outcome of the proceeding awarding custody of the Bush children to Sara Nicole Bush, and a verdict in the plaintiffs' favor would not have the effect of overturning that decision.  Although these claims do challenge the criminal proceedings brought against David Bush, those proceedings terminated in Mr. Bush's favor and so would not be undermined by a favorable judgment on the claims here.

Even if the plaintiffs' claims did implicate the Virginia custody proceeding, it is not clear that Rooker-Feldman would apply.  Rooker-Feldman only applies where there has been a final state court judgment.  Exxon Mobil, 544 U.S. at 292.  Here, it is not clear from the allegations of the complaint whether the custody proceedings have concluded.  Ms. Bush's brief in support of her motion to dismiss describes the allegations of the complaint as "mak[ing] it clear that there was recent and ongoing custody litigation in both Pennsylvania courts and Virginia courts." Def. Mem. at 6.  If, as Ms. Bush appears to concede, custody proceedings are "ongoing," then there is no final state court judgment and Rooker-Feldman does not apply.

9

B    Sufficiency of Allegations Concerning Acts "Under Color
of Law" Required for a § 1983 Claim

In Counts I-III of their complaint, the plaintiffs
allege that Sara Nicole Bush violated 42 U.S.C. § 1983 by acting
in concert or in conspiracy with Officers Tripp, Adams and
Russell to violate David Bush's constitutional rights under the
First, Fourth and Fourteenth Amendments.

Section 1983 creates a cause of action on behalf of any
person who has been deprived of rights secured by the United
States Constitution or federal laws by a person acting "under
color of law." Curley v. Klem, 499 F.3d 199, 206 (3d Cir. 2007).
The "under color of law" requirement means that "merely private
conduct, no matter how discriminatory or wrongful" does not
violate § 1983. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S.
40, 50 (1999) (internal quotation and citation omitted).  A
defendant not employed by the state may nonetheless act under
color of state law under certain circumstances, including when
they "willfully participate[ ] in a conspiracy with state
officials to deprive a person of constitutional rights." Harvey
v. Plains Tp. Police Dept., 421 F.3d 185, 190 (3d Cir. 2005).

Ms. Bush argues that the plaintiffs have failed to
state a § 1983 claim against her because they allege only the
legal conclusion that she acted under color of law, without
alleging any supporting factual basis.  Civil rights claims are
no longer subject to a heightened pleading standard and need only

10

satisfy the general requirement of Federal Rule of Civil Procedure 8(a) that they provide a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a))). Even this less burdensome standard, however, requires the pleading of the "basic facts, such as they are, for these are 'the grounds' upon which the plaintiff is entitled to relief." In re Tower Air, Inc., 416 F.3d 229, 237 (3d Cir. 2005).

The plaintiffs have failed to meet this burden with respect to their § 1983 claims.  The plaintiffs' complaint contains legal allegations that Ms. Bush "acted in concert with Defendants Russell, Adams and Tripp to deprive the Plaintiff [David Bush] of his First and Fourteenth Amendment rights of association" and "conspired with Russell and Adams to initiate, procure and cause criminal process against plaintiff D[avid] Bus[h]."  Compl. ¶ 7.  It contains no factual allegations, however, of any actions taken by Ms. Bush in concert with the defendants or in furtherance of any conspiracy.

The only specific allegations of the complaint that arguably set forth any of the required "basic facts" that connect Ms. Bush with Officers Russell, Adams or Tripp (or any of the

other defendants) are the allegations that Sergeant Tripp intentionally failed to put the Bush children's names in NCIC as part of a conspiracy with Ms. Bush and her counsel and that Sergeant Tripp and Ms. Bush "and/or" her counsel are members of an unnamed "organization that hides children and women." Compl. ¶¶ 23-24.

These allegations, however, are not made on the usual basis of "information and belief," but are instead made solely on the basis of belief. For each, the plaintiffs say only that they ""believe[ ] and so aver[ ]" the facts alleged. These allegations, therefore, are exactly the sort of "bald assertions" that a court may not consider in evaluating a motion to dismiss. Kanter, 489 F.3d at 177.

Moreover, even if the Court were to consider these allegations, they would still be insufficient to provide Ms. Bush with notice of how the plaintiffs believe Ms. Bush conspired or acted in concert with the defendants. Absent some allegations describing the basic facts of Ms. Bush's alleged interaction with the other defendants, the plaintiffs' complaint fails to adequately allege that Ms. Bush conspired or acted in concert with the other defendants such that she could be considered to be acting under color of law for purposes of § 1983. Counts I, II, and III of the plaintiffs' complaint will therefore be dismissed.

12

C    Sufficiency of Allegations of Conspiracy and Class-
Based Animus Required to State a § 1985 Claim

Count IV of the plaintiffs' complaint alleges that all the defendants knowingly conspired together in violation of 42 U.S.C. § 1985 "to retaliate against the Plaintiffs because of their association [with] one another and for protected activities" under the First, Fourth, and Fourteenth Amendments. Compl. ¶ 57.  Neither Count IV or the plaintiffs' brief in opposition the motion to dismiss states clearly which subsection of § 1985 is at issue in plaintiffs' claims.  Because Count IV and the plaintiffs brief reference both § 1985(2) and § 1985(3), the Court will assume the plaintiffs seek to bring claims under both subsections.

To state a claim under either § 1985(2) or § 1985(3), the plaintiffs concede that they must allege, <u>inter alia</u>, both a conspiracy and a racial or class-based animus motivating the conspiracy designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws. <u>Lake v. Arnold</u>, 112 F.3d 682, 685 (3d Cir. 1997) (§ 1985(3) claims); <u>Brawer v. Horowitz</u>, 535 F.2d 830 (3d Cir. 1976) (§ 1985(2) claims).

The plaintiffs have failed to adequately allege the conspiracy required for their § 1985 claims for the same reason that they have failed to adequately allege that Ms. Bush acted under color of law for their § 1983 claims.  As discussed above,

13

the plaintiffs' complaint lacks any allegations of the basic facts of Ms. Bush's involvement with the alleged conspiracy.

In addition, the complaint lacks any allegations whatsoever concerning any class-based animus motivating the alleged conspiracy.  Neither plaintiff is alleged to be a member of any class, nor is any class-based animus alleged to have motivated the defendants.

Because the plaintiffs have failed to allege these basic elements of a § 1985 claim, Count IV of the plaintiffs' complaint will be dismissed.

D    Sufficiency of Allegations for the State Law Claims

Count VI of the plaintiffs' complaint seeks to bring state law claims against Ms. Bush and the other defendants for malicious prosecution, abuse of process, assault/battery, false imprisonment, defamation-false light, and intentional infliction of emotional distress.

As they relate to Ms. Bush, four of these claims —- those for malicious prosecution, abuse of process, assault/battery, and false imprisonment -- are based on David Bush's allegedly improper arrest and incarceration on felony criminal charges.  Like the § 1983 and § 1985 claims against Ms. Bush, these four claims are based on the allegation that Ms. Bush acted in concert or as part of a conspiracy with Officers Adams,

14

Russell and Tripp to cause Mr. Bush's arrest.  They therefore
fail for the same reason as the § 1983 and § 1985 claims:  the
plaintiffs' failure to adequately allege a factual basis for the
claims of concert of action or conspiracy between Ms. Bush and
the other defendants.

The plaintiffs' defamation claim, in contrast, alleges
direct action by Ms. Bush.  She is alleged to have "published a
knowing false communication with others, such as Defendant Adams
and Russell, and in doing so did abuse any privilege for such
communication."  Compl. ¶ 74.  The plaintiffs' complaint,
however, fails to identify any specific communication made by Ms.
Bush to anyone.  It also fails to identify to whom any such
communication was made or in what way it was false.  As such, the
complaint fails to give Ms. Bush even the most basic information
about the plaintiffs' defamation claim and therefore fails to
meet the requirements of Federal Rule of Civil Procedure 8(a).

The plaintiffs' intentional infliction of emotional
distress claim appears to relate to both David Bush's allegedly
wrongful arrest and incarceration on felony charges and to the
allegedly defamatory statements made about him by Sara Nicole
Bush.  The complaint alleges that the defendants "did
intentionally or recklessly cause [or] serve emotional distress
on the Plaintiffs" by causing his arrest and incarceration.
Compl. ¶ 69-70.  The complaint also alleges that Sara Nicole

15

Bush's allegedly defamatory statements caused David Bush to suffer emotional distress.  Compl. ¶ 75.

      To the extent the plaintiffs' intentional infliction of emotional distress claim relates to David Bush's arrest, it fails, like the other claims above, because the plaintiffs have not alleged any facts to support their claims of Ms. Bush conspiring or acting in concert with the other defendants.  To the extent this claim relates to Ms. Bush's allegedly defamatory statements, it fails because the plaintiffs have not alleged even the most basic facts concerning those statements.


      E    <u>Leave to Replead</u>

      Having found, for the reasons above, that all of the causes of action alleged against Sara Nicole Bush must be dismissed for failure to state a claim, the Court will do so without prejudice and allow the plaintiffs to file an amended complaint to seek to correct their pleading deficiencies.  <u>See Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000) (requiring that civil rights plaintiffs whose claims have been dismissed for lack of factual specificity be given a reasonable opportunity to amend their complaint).


      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID BUSH and           :     CIVIL ACTION
CHRISTOPHER BUSH         :
                         :
        v.               :
                         :
S.C. ADAMS, et al.,      :     NO. 07-4936

<u>ORDER</u>

AND NOW, this 1st day of February, 2008, upon consideration of the Motion to Dismiss of defendant Sara Nicole Bush a/k/a Serene Isara Isabella a/k/a Sara Nicole Monserrate a/k/a Sara Nicole Monserrate Bush (Docket No. 3), and the response thereto, IT IS HEREBY ORDERED, for the reasons set out in the accompanying memorandum of law, that

1)   The Motion is GRANTED and all claims against defendant Sara Nicole Bush a/k/a Serene Isara Isabella a/k/a Sara Nicole Monserrate a/k/a Sara Nicole Monserrate Bush are DISMISSED WITHOUT PREJUDICE; and

2)   The plaintiffs may file an amended complaint on or before February 22, 2008.

BY THE COURT:

<u>/s/ Mary A. McLaughlin</u>
MARY A. McLAUGHLIN, J.