IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BUSH AND CHRISTOPHER BUSH | : | |
| | : | |
| Plaintiffs | : | NO. 07 4936 |
| v. | : | |
| | : | |
| S.C. ADAMS; Lt. BRIAN RUSSELL (*Richmond* | : | CIVIL ACTION |
| *City. PD., Virginia);* KENNETH HILL, | : | |
| STEVEN J. IGNATZ, SERGEANT ____ TRIPP; | : | |
| (*Pennsylvania State Police);* AND, | : | |
| SARA NICOLE BUSH A/K/A | : | |
| SERENE ISARA ISABELLA, A/K/A | : | |
| SARA NICOLE MONSERRATE A/K/A | : | JURY TRIAL DEMAND |
| SARA NICOLE MONSERRATE BUSH | : | |
| | : | |
| Defendants | : | |

## <u>ORDER</u>

NOW, this _____ day of _____, 2008, upon consideration of
Defendant Sara Nicole Bush a/k/a Serene Isara Isabella, a/k/a Sara Nicole Monserrate
a/k/a Sara Nicole Monserrate Bush's (hereinafter "Defendant Serene") Motion to Dismiss
Plaintiffs' First Amended Complaint and Plaintiffs' response thereto, it is ORDERED
that said Motion to Dismiss is GRANTED, and all claims against Defendant Serene are
hereby DISMISSED.

BY THE COURT:

_____
MARY A. MCLAUGHLIN, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BUSH AND CHRISTOPHER BUSH | : | |
| | : | |
| Plaintiffs | : | NO. 07 4936 |
| v. | : | |
| | : | |
| S.C. ADAMS; Lt. BRIAN RUSSELL (*Richmond* | : | |
| *City PD., Virginia);* KENNETH HILL, | : | |
| STEVEN J. IGNATZ, SERGEANT _____ TRIPP; | : | |
| (*Pennsylvania State Police);* AND, | : | |
| SARA NICOLE BUSH A/K/A | : | CIVIL ACTION |
| SERENE ISARA ISABELLA, A/K/A | : | |
| SARA NICOLE MONSERRATE A/K/A | : | |
| SARA NICOLE MONSERRATE BUSH | : | |
| | : | |
| Defendants | : | JURY TRIAL DEMAND |

## DEFENDANT SERENE'S MOTION TO DISMISS
## PLAINTIFFS' FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b), defendant Sara Nicole Bush a/k/a Serene Isara Isabella, a/k/a Sara Nicole Monserrate a/k/a Sara Nicole Monserrate Bush (hereinafter "Defendant Serene") moves to dismiss all counts of Plaintiffs' First Amended Complaint against her.  Defendant Serene's motion should be granted for the following reasons:

1.     This court lacks personal jurisdiction over Defendant Serene under Fed. R. Civ. P. 12(b)(2).

2.     Plaintiffs fail to state a claim against Defendant Serene upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

3.     Plaintiffs have not stated any viable Section 1983 claim against Defendant Serene.

4.      Plaintiffs have not stated any viable constitutional claims against

Defendant Serene.

This motion is supported by the attached memorandum of law and accompanying

affidavit.

WHEREFORE, Defendant Serene respectfully requests that the Court enter an

order substantially in the form attached hereto, granting this Motion to Dismiss Plaintiff's

First Amended Complaint, and granting Defendant Serene any such further relief as is just

and proper.

BY: /s/ CAROL D. DEEM

_____

Carol D. Deem
Attorney ID No. 60846

Attorney for Defendant Sara Nicole
Bush a/k/a Serene Isara Isabella a/k/a
Sara Nicole Monserrate a/k/a Sara
Nicole Monserrate Bush

DEEM, FARNEY & LOPEZ
LAW OFFICES
590 Centerville Road, # 285
Lancaster, PA  17601
Ph:  (717) 892-3900
Fax: (717) 892-3901

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Defendant, Sara Nicole Bush a/k/a

Serene Isara Isabella, a/k/a Sara Nicole Monserrate a/k/a Sara Nicole Monserrate Bush's

Motion to Dismiss Plaintiffs' First Amended Complaint and Brief in Support thereof, has

been electronically filed and is available for viewing and downloading from the ECF

system at https://ecf.paed.uscourts.gov/.

**Deem, Farney & López Law Offices**

By:    /s/Carol D. Deem

Attorneys for Defendant
Sara Nicole Bush a/k/a Serene
Isara Isabella a/k/a Sara Nicole Monserrate
a/k/a Sara Nicole Monserrate Bush

Carol D. Deem, Esquire
PA Atty ID No 60846
Deem, Farney & López Law Offices
590 Centerville Road, # 285
Lancaster, PA 17603
(717) 892-3900

Dated: March 13, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BUSH AND CHRISTOPHER BUSH | : | |
| | : | |
| Plaintiffs | : | NO. 07 4936 |
| v. | : | |
| | : | |
| S.C. ADAMS; Lt. BRIAN RUSSELL (*Richmond* | : | |
| *City PD., Virginia);* KENNETH HILL, | : | |
| STEVEN J. IGNATZ, SERGEANT _____ TRIPP; | : | |
| (*Pennsylvania State Police);* AND, | : | |
| SARA NICOLE BUSH A/K/A | : | CIVIL ACTION |
| SERENE ISARA ISABELLA, A/K/A | : | |
| SARA NICOLE MONSERRATE A/K/A | : | |
| SARA NICOLE MONSERRATE BUSH | : | |
| | : | |
| Defendants | : | JURY TRIAL DEMAND |

## DEFENDANT SERENE'S BRIEF IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AS TO DEFENDANT SERENE

## I.    INTRODUCTION

Defendant Sara Nicole Bush a/k/a Serene Isara Isabella, a/k/a Sara Nicole Monserrate a/k/a Sara Nicole Monserrate Bush (hereinafter "Defendant Serene"), pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), submits this brief in support of her motion to Dismiss Plaintiffs' First Amended Complaint as to the claims against her.

Initially, this Court has no personal jurisdiction over Defendant Serene.  Further, assuming only for the purposes of this motion that Plaintiffs' allegations are true, Plaintiffs fail to state a claim upon which relief may be granted against Defendant Serene in Counts I through V of their First Amended Complaint.  This Court should therefore dismiss all claims against Defendant Serene.

## II.    PROCEDURAL HISTORY

Plaintiffs David Bush and Christopher Bush filed their Complaint on November 26, 2007.  Defendant Serene was personally served in Virginia on December 20, 2007. Defendant Serene filed a Motion to Dismiss Plaintiffs' Complaint on January 9, 2008. This Court granted Defendant Serene's Motion to Dismiss on February 1, 2008. Plaintiffs filed their First Amended Complaint on February 19, 2008.   Plaintiffs commenced this case under 42 U.S.C. § 1983 and pendant state law.  Am. Compl. ¶ 1. Plaintiffs have sued various police officers in the Commonwealths of Pennsylvania and Virginia as well as Defendant Serene.  Am. Compl. ¶¶ 5-7.  Defendant Serene's Motion to Dismiss Plaintiffs' First Amended Complaint is now properly before this Court.

## III.   RELEVANT FACTUAL ALLEGATIONS

Defendant Serene lives and works in Richmond, Virginia.  Serene Affidavit ¶ 2 (attached hereto as Exhibit "A").  Defendant Serene has resided in Virginia for three years.  *Id.* at ¶ 2.  She fled Pennsylvania in 2004 with her minor children after receiving a Protection From Abuse Order (PFA) from the Tioga County Court of Common Pleas.  *Id.* at ¶ 3.  She was granted full legal and physical custody of her children pursuant to that order.  *Id.* at ¶ 3.  The Tioga County PFA Order expired in January 2006.  *Id.* at ¶ 4.  She intentionally has not maintained any continuous and systematic contacts with the Commonwealth of Pennsylvania.  *Id.* at ¶ 5.

Defendant Serene defended a custody action improperly filed by Plaintiff David Bush in Luzerne County, Pennsylvania on May 4, 2006, under which he was granted custody of her minor children.   *Id.* at ¶ 6a.  Defendant Serene responded to Plaintiff

David Bush's improper filing with an Emergency Petition for Special Relief on October 23, 2006. *Id.* at ¶ 6a. The Court granted her petition, vacating the custody order as improperly granted because: the Luzerne County Court lacked jurisdiction; there was an ongoing proceeding in Tioga County that was not disclosed to the court that was pending at the time the petition was filed; and the record was devoid of proof of service of the original Petition. *Id.* at ¶ 6a.

Defendant Serene's aforementioned activities were to defend herself in an improper forum in the Luzerne County Court of Common Pleas, and to defend and seek redress of her legal rights. *Id.* at ¶ 7. She has not purposefully directed any injury toward either Plaintiff in Pennsylvania. *Id.* at ¶ 8. Plaintiff David Bush was arrested and jailed pursuant to a duly issued Virginia custody order. *Id.* at ¶ 9. Plaintiff David Bush filed a custody action in the City of Richmond, Virginia, which is currently ongoing. *Id.* at ¶ 11.

For the purposes of Fed. R. Civ. P. 12(b)(6), the following relevant facts from Plaintiffs' First Amended Complaint must be taken as true. Defendants Serene, Adams and Russell "used Virginia criminal law and directed it at Plaintiff David Bush ... in furtherance of a common understanding and agreement entered into on or about October 13, 2006." Am. Compl. ¶ 2. Defendant Serene is a "Person" and "State actor" who "acted and conspired" with Defendants Tripp, Adams and Russell to deprive Plaintiff of his federal rights. *Id.* at ¶ 7. The state actor Defendants Tripp, Adams and/or Russell agreed with Defendant Serene to use their lawful power under color of state law for an unlawful purpose. *Id.* at ¶ 8. Each Defendant acted "together a [sic] common goal" and "acted under color of state law." *Id.* at ¶ 58.

"On or about October 14, 2006 [Defendant Serene] spoke with Defendants

Russell and Adams.  Defendant [Serene] provided Russell and Adams with knowingly false information." *Id.* at ¶ 16.  Defendants Russell and Adams acted to procure criminal process against Plaintiff David Bush based on the information Defendant Serene provided them, while knowing the information was not true. *Id.* at ¶¶ 17, 58.  On or about October 21, 2006, Defendants Serene, Adams and Russell entered into an agreement to deny Plaintiff David Bush his constitutional rights in retaliation for his efforts to file for custody. *Id.* at ¶ 18.  Defendants Serene, Adams and Russell lacked probable cause to initiate legal process. *Id.* at ¶ 21.

On November 21, 2006, a Juvenile Court Judge in Virginia said there was "no case" against Plaintiff David Bush or "insufficient legal or factual basis for the charges." *Id.* at ¶ 36.  The Defendants pursued Plaintiff David Bush's continued detention, which ended on December 10, 2007. *Id.* at ¶ 39.  Felony charges against Plaintiff David Bush were dismissed on January 5, 2007.  *Id.* at ¶ 40.  The motivation to procure criminal process against Plaintiff David Bush was malice towards Plaintiff David Bush.  *Id.* at ¶ 41.  Defendant Tripp entered into a continuing agreement with Defendant Serene in April 2005, and did not place the children in the NCIC because of an agreement he had with Defendant Serene.  *Id.* at ¶¶ 47, 49, 50, 111.

IV.     **ARGUMENT**

   **A.  Legal standard under Fed. R. Civ. P. 12(b)(2) and 12(b)(6).**

When a defendant's motion to dismiss challenges personal jurisdiction, the plaintiff bears the burden of showing the existence of personal jurisdiction as to that defendant.  *New Trail Capital v. Northwest Co., Inc.,* 2007 U.S. Dist. LEXIS 74189, Civ. Action No. 07-2073, *5 (E.D. Pa. Oct. 4, 2007),* citing *GE v. Deutz AG,* 270 F.3d 144,

- 4 -

150 (3d Cir. 2001).  A plaintiff must establish a *prima facie* case of personal jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Id. at *6,* quoting *Mellon Bank East (PSFS) Nat'l Ass'n. v. Farino,* 960 F.2d 1217, 1223 (3d Cir. 1992)(citations omitted).

When ruling upon a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a court must examine the legal sufficiency of the complaint. The court must accept all material factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  *Carino v. Stefan,* 376 F.3d 156, 159 (3d Cir. 2004); *Startzell v. City of Philadelphia,* 2006 U.S. Dist. LEXIS 34128, *7, Civ. Action No. 05-05287 (E.D. Pa. May 26, 2006).

However, a court will not accept as true either "bald assertions" or "vague and conclusory allegations."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997); *Startzell, supra,* at *7; *see also, Lewis v. Marriott Int'l, Inc.,* 2007 U.S. Dist. LEXIS 93412, Civ. Action No. 07-3701 (E.D. Pa. Dec. 19, 2007).  The court need not credit broad conclusions unsupported by factual allegations.  *Morse,* 132 F.3d at 909; *see also, Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1969 n. 8, 167 L. Ed. 2d 929, 2007 U.S. LEXIS 5901 (2007)(not sufficient to allege mere elements of a cause of action; complaint must allege facts suggestive of the conduct proscribed).

The Third Circuit, interpreting *Twombly* in the recent *Phillips* decision, noted that a plaintiff must provide the grounds of his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do."  *Phillips v. County of Allegheny,* 2008 U.S. App. LEXIS 2513, No. 06-2869 (3d Cir. Feb. 5, 2008), quoting

*Twombly, supra,* 127 S. Ct. at 1964-65.  Labels and conclusions alone remain insufficient.  The federal rules require a "showing, rather than a blanket assertion, of entitlement to relief."  *Phillips, supra,* at *14, quoting *Twombly, supra*, 127 S. Ct. at 1965, n. 3.

**B.  This Court does not have personal jurisdiction over Defendant Serene and must dismiss this action against her pursuant to Fed. R. Civ. P. 12(b)(2).**

Pursuant to Fed. R. Civ. P. 12(b)(2), and based on her accompanying affidavit, Defendant Serene moves this Court to dismiss this action due to its lack of personal jurisdiction over her. To be subject to *in personam* jurisdiction, Defendant Serene must have "certain minimum contacts with [Pennsylvania] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945) (citations omitted); *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).  The "minimum contacts" test requires in "each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed. 2d 1283, 1298 (1958); *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). A defendant's connection with the state must be such that she "should reasonably anticipate being haled into court" in the state in the event of a dispute. *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed. 2d 490, 501 (1980); *Marten v. Godwin*, 499 F.3d at 297.

"Personal jurisdiction may be exercised under two distinct theories, a defendant's general, or claim-specific contacts with the forum." *Remick v. Manfredy*, 238 F.3d 248,

255 (2001), *citing Vetrotex CertainTeed Corp. v. Consolidated Fiber Glass Prod. Co.*, 75 F.3d 147, 151 n. 3 (3d Cir. 1996). A third personal jurisdiction theory applicable to intentional acts was recognized by the U. S. Supreme Court in *Calder et al v. Jones*, 465 U.S. 783, 789, 104 S.Ct. 1482, 1487, 79 L.Ed. 2d 804, 812 (1984). This test is known as the "effects test." *Marten*, *supra,* 499 F.3d at 297. Plaintiffs fail to allege sufficient facts to meet the requirements of due process expressed in any of these personal jurisdiction tests.

### 1. This Court lacks general jurisdiction over Defendant Serene.

The exercise of general jurisdiction requires that a defendant's contacts with the forum be "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S. Ct. 1868, 1872, 80 L.Ed. 2d 404, 411 (1984); *Marten*, 499 F.3d at 296. Even "continuous activity of some sort within a state is not enough to support [general jurisdiction]." *International Shoe,* 326 U.S. at 318. For a Pennsylvania court to assert general jurisdiction over a non-resident defendant, her contacts with Pennsylvania must be of such a "continuous and systematic" nature that personal jurisdiction over the defendant is proper even if the action is unrelated to the defendant's contacts with the state. *Remick,* 238 F.3d at 255, citing *Vetrotex, supra,* at 151 n. 3.

Defendant Serene is domiciled in Virginia, i.e. is not a resident of Pennsylvania. Serene Affidavit ¶ 2; Am. Compl. ¶ 7. Defendant Serene left the Commonwealth of Pennsylvania more than three years ago in an attempt to sever all ties with Plaintiff David Bush. Serene Affidavit ¶¶ 3-5. Defendant Serene has limited contacts in Pennsylvania. *Id.* at ¶ 6. Furthermore, the *only* contact she has had in Pennsylvania has been because of Plaintiff David Bush's legal filings. *Id.* at ¶¶ 7-8. Defendant Serene is presently engaged

in custody litigation with Plaintiff David Bush in Virginia.  *Id.* at ¶ 11.  But for Plaintiff David Bush's improper custody filing in Luzerne County, Defendant Serene would not have reentered Pennsylvania or had contact with Pennsylvania.  *Id.* at ¶ 6.  Plaintiffs' First Amended Complaint fails to allege any facts supporting the exercise of general jurisdiction. Defendant Serene does not have "systematic and continuous" contacts with the Commonwealth of Pennsylvania so as to support the exercise of general jurisdiction.

### 2. This Court lacks specific jurisdiction over Defendant Serene.

Specific jurisdiction is proper when the defendant's contacts with the forum are related to the controversy underlying the litigation. *See Helicopteros Nacionales, supra,* 466 U.S. at 412; *Marten v. Godwin*, *supra,* 499 F.3d at 296. To maintain "specific" personal jurisdiction in this case, Plaintiffs must show that: (1) Defendant Serene purposely directed her activities at the forum state, Pennsylvania;[1] and (2) the cause of action arises from or relates to her activities in Pennsylvania.  A court may consider and apply other factors to ensure asserting jurisdiction comports with fair play and substantial justice. *Marten*, *supra, 499 F.3d* at 296, citing *Burger King, supra*, 471 U.S. at 476.

Plaintiffs do not allege any specific facts with regard to this court's personal jurisdiction over Defendant Serene.  *See* Am. Compl. ¶ 3.  Nor do any of the counts asserted against Defendant Serene include allegations that would support this Court's exercise of specific jurisdiction. *See, generally* Counts I through V.  Plaintiffs' First Amended Complaint includes the following relevant allegations:

---

[1] There are no allegations in Plaintiffs' First Amended Complaint regarding Defendant Serene's activities directed or aimed toward Pennsylvania concerning Plaintiff Christopher Bush.  Plaintiff Christopher Bush's only potential claim against Defendant Serene arises in Count IV – State Pendant Claim: Intentional Infliction of Emotional Distress.  *See* Am. Compl. ¶ 100.  Count IV contains no jurisdictional allegations regarding Defendant Serene and Plaintiff Christopher Bush.

- ▪ A blanket allegation that Defendants Serene, Adams and Russell "used Virginia criminal law and directed it at Plaintiff David Bush and into the Commonwealth of Pennsylvania." *Id.* at ¶ 2.

- ▪ Defendants Serene, Adams and Russell "directed towards and into the Commonwealth of Pennsylvania their acts in furtherance of the aforedescribed agreement to Deprive [sic] [Plaintiff] David Bush's federal rights." *Id.* at ¶ 60.

- ▪ Plaintiff David Bush sustained damage in the Commonwealth of Pennsylvania. *Id.* at. ¶ 62.

However, these bare allegations without more are not sufficient to establish specific personal jurisdiction over Defendant Serene.

Plaintiffs make the following additional allegations:

- ▪ Both David and Christopher Bush are domiciled in Pennsylvania. Am. Compl. ¶ 4.

- ▪ Plaintiff David Bush and Defendant Serene were married and had children in Pennsylvania. *Id.*

- ▪ Upon information and belief, Defendant Serene is domiciled in Virginia. *Id.* at ¶ 7.

A plaintiff's residence is relevant to the jurisdictional test insofar as "residence in the forum may, because of defendant's relationship with the plaintiff, enhance defendant's contacts with the forum." *Marten, supra,* at 298 (citations omitted). The state of a plaintiff's residence does not on its own create jurisdiction over nonresident defendants. Jurisdiction is proper when the state of a plaintiff's residence is "the focus of the activities of the defendant out of which the suit arises." *Id.* (plaintiff failed to allege any specific facts showing a deliberate targeting of Pennsylvania).

The fact that the parties were previously married and had children together in Pennsylvania does not support specific jurisdiction in this case. These alleged

facts/contacts with Pennsylvania are not related to the underlying controversy in this case.

The crux of the issue is that Defendant Serene did not direct any activities toward Pennsylvania as the application of specific jurisdiction requires.  *See* Serene Affidavit ¶ 8.  Any of Defendant Serene's contacts with Pennsylvania were a direct result of Plaintiff David Bush's attempts to secure child custody in an improper jurisdiction in Pennsylvania.  *Id.* at ¶¶ 6-7.  Plaintiff David Bush only suffered arrest, felony charges and incarceration because of his own actions in violation of a Virginia court order. *Id.* at ¶ 9. Defendant Serene did not "direct" any activities toward Pennsylvania, nor did she use the Pennsylvania courts to secure her children.  Plaintiff David Bush was arrested and detained subject to Virginia law and a Virginia court order.  *See* Am. Compl. ¶ 2. Additionally, Defendant Serene is domiciled in Virginia.  *Id.* at ¶ 7.

Finally, this Court would not achieve fair play and substantial justice if it asserted jurisdiction over Defendant Serene; therefore, specific jurisdiction is not applicable in this case.  Defendant Serene purposefully cut off ties and contact with the Commonwealth of Pennsylvania, and this Court would not serve justice by asserting personal jurisdiction over her.  Defendant Serene is domiciled in Virginia, and used Virginia law and a Virginia court order to enforce her rights.  At most, Defendant Serene's actions were focused on availing herself of the legal process and were directed toward Plaintiff David Bush, not Pennsylvania.  If Plaintiff David Bush could prove Defendant Serene had malice, that malice is personal to him, and his residency in Pennsylvania is not sufficient to confer personal jurisdiction over Defendant Serene. Plaintiff David Bush has alleged only that Defendant Serene harmed him while he

happened to be residing in Pennsylvania. That is not enough to establish specific personal jurisdiction.

### 3. The Calder "effects test" does not support this Court's personal jurisdiction over Defendant Serene.

The final test for personal jurisdiction, the "effects test," only applies when a plaintiff alleges an intentional tort.  *Marten v. Godwin*, *supra,* 499 F.3d at 297, citing *IMO Indus. v. Kiekert AG,* 155 F.3d 254, 265-66 (3d Cir. 1998).  To demonstrate personal jurisdiction under the "effects test" a plaintiff must show:

(1)    The defendant committed an intentional tort;[2]

(2)    The plaintiff felt the brunt of the harm in the forum, such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; and

(3)    The defendant expressly aimed her tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity.  *Id.*

---

[2] The "effects test" applies to Plaintiffs' claims because all of the claims against Defendant Serene require some level of intent or state-of-mind requirement.  Malicious prosecution requires intent.  One of the elements of a malicious prosecution claim is that "the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice."  *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007).

  *First Amendment* violations also require intent. "[W]here the *First Amendment*  is concerned, the motives of government officials are indeed relevant, if not dispositive, when an individual's exercise of speech precedes government action affecting that individual."  *Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir. 1997)(citations omitted); *Trujillo v. Board of County Commissioners*, 768 F. 2d 1186, 1190 (10th Cir. 1985)(freedom of intimate association under the *First Amendment* requires intent).

  *Fourth Amendment* claims require the element of intent.  Violation of the *Fourth Amendment* requires an intentional acquisition of physical control. *Brower v. County of Inyo,* 489 U.S. 593, 596, 109 S. Ct. 1378, 103 L. Ed. 2d 628 (1989).   To affect a seizure, the detention or taking itself must be willful. This is implicit in the word "seizure," which can hardly be applied to an unknowing act. *Id.*

  Conspiracy requires intent.  Under Pennsylvania law, a plaintiff must show that "'two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means.' *Scully v. US WATS, Inc.,* 238 F.3d 497 (3d Cir. 2001); *see also, Scanvec Amiable, Ltd. v. Chang,* 80 Fed. Appx. 171, 2003 U.S. App. LEXIS 23044 (3d Cir. Oct. 15, 2003).  Plaintiffs' claims each require proof of state of mind; therefore, this Court may apply the "effects test" to assess whether it has personal jurisdiction over Defendant Serene.

The plaintiff must first meet the "expressly aimed" requirement before the court considers the other elements in the "effects test." *Id.* Therefore, to determine whether the "effects test" confers this Court with personal jurisdiction over Defendant Serene, this Court must first determine whether Plaintiffs' First Amended Complaint on its face meets the "expressly aimed" requirement.

A plaintiff must specifically allege activity engaged in by the defendant that shows the tortious conduct was "expressly aimed" at the forum state. *Id.* at 298. If a plaintiff fails to show that the defendant "'manifest[ed] behavior intentionally targeted at and focused on' the forum," the plaintiff fails to establish jurisdiction under the "effects test." *Id.*, citing *IMO Indus., supra,* 155 F.3d at 265. Furthermore, the plaintiff must "point to the specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." *Id.* The effects test prevents a defendant from being haled into a jurisdiction solely because a defendant intentionally caused harm that was felt in the forum state if the defendant did not expressly aim his conduct at that state:

> Even if a defendant's conduct could cause foreseeable harm in a given state, such conduct does not necessarily give rise to personal jurisdiction in that state. [T]he forseeability that is critical to due process analysis is . . . that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."

*Id.,* citing *World-Wide Volkswagen*, 444 U.S. at 297.

Defendant Serene, using legal process, sought to enforce a Virginia order against Plaintiff David Bush, but it does not follow that she expressly aimed any tortious conduct at Pennsylvania. Serene Affidavit ¶ 9. To be sure, had law enforcement stopped Plaintiff David Bush in Delaware on his way back from Virginia with the children, he would have

been arrested in Delaware.  The Virginia police obtained an arrest warrant for Plaintiff David Bush and had him and the children returned to Virginia.  Am. Compl. ¶ 17(b).  The object of any action on the part of Defendant Serene was to secure the enforcement of the Virginia court order, not to engage in tortious conduct, intentional or otherwise, against Plaintiff David Bush in Pennsylvania.

Plaintiffs have not and cannot meet this requirement of the "effects test."  As noted previously, Plaintiffs make a blanket allegation that Defendants Serene, Adams and Russell "used Virginia criminal law and directed it at Plaintiff David Bush and into the Commonwealth of Pennsylvania."  Am. Compl. ¶ 2.  Further, Plaintiffs allege that Defendants Serene, Adams and Russell "directed towards and into the Commonwealth of Pennsylvania their acts in furtherance of the aforedescribed agreement to Deprive [sic] [Plaintiff] David Bush's federal rights."  *Id.* at ¶ 60.  Plaintiffs also allege that Plaintiff David Bush sustained damage in Pennsylvania.  *Id.* at ¶ 62.  However, these bare allegations are insufficient to establish that Defendant Serene expressly aimed any tortious conduct at the Commonwealth of Pennsylvania, "such that the forum can be said to be the focal point of the tortious activity."  *Marten, supra,* at 298 & n. 4 ("*Calder* requires more than a finding that the harm caused by the defendant's intentional tort is primarily felt within the forum.")  These allegations are not enough to establish specific personal jurisdiction over a nonresident of Pennsylvania.

Notwithstanding that Plaintiffs have failed to show that Defendant Serene expressly aimed tortious conduct at Pennsylvania, looking at Plaintiffs' First Amended Complaint in the light most favorable to Plaintiffs, the alleged harm Plaintiff David Bush suffered was as follows:

- Plaintiff David Bush was unreasonably seized, searched and detained in Pennsylvania and further detained in Virginia. Am. Compl. ¶¶ 30, 62.

- Plaintiff David Bush was charged with felony parental abduction and conspiracy in Virginia. Am. Compl. ¶ 34.

- Plaintiff David Bush was deprived of the association of his children as a result of a Virginia court order. Am. Compl. ¶ 2.

- Plaintiff David Bush suffered injury to his person and reputation, and economic loss. Am. Compl. ¶¶ 76, 107.

Plaintiff David Bush cannot show that he felt the "brunt of the harm" in Pennsylvania, "such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort." *See Marten v. Godwin*, *supra,* 499 F.3d at 297, citing *IMO Indus., supra,* 155 F.3d at 265-66. Plaintiffs fail this portion of the "effects test" as well.

Given that neither general jurisdiction, specific jurisdiction, nor the "effects test" confer this Court with personal jurisdiction over Defendant Serene, the Court should dismiss all of Plaintiffs' claims against Defendant Serene outlined in Plaintiffs' First Amended Complaint.

**C.  Plaintiffs fail to state a claim upon which relief can be granted under 42 U.S.C. § 1983 against Defendant Serene because she was not acting under color of state law; therefore, this Court should dismiss all federal claims against her (Counts I - III of Plaintiffs' First Amended Complaint).**

*1.   Elements of a §1983 claim and the "under color of state law" requirement.*

Plaintiffs bring their First Amended Complaint as a civil rights action pursuant to 42 U.S.C. §1983, which provides in relevant part:

> Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State…, subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the
party injured...

42 U.S.C. § 1983.

Section 1983 is a means, not a source, of substantive rights conferred by the U.S.

Constitution or by federal statute. *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104

L.Ed. 2d 443 (1989); *DiBella v. Borough of Beachwood,* 407 F.3d 599, 601 (3d Cir.

2005).   It is well settled that for a plaintiff to recover against a defendant under § 1983,

he must establish that the defendant acted under color of state law to deprive the plaintiff

of a right secured by the Constitution or the laws of the United States.  *West v. Atkins,*

487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed. 2d 40 (1988); *Barna v. City of Perth Amboy,*

42 F.3d 809 (3d Cir. 1994).

Whether or not a person was acting "under color of state law" is a threshold

inquiry under § 1983.  That is, there is no liability under § 1983 for those not acting under

color of state law.  *Groman v. Twp. of Manalapan,* 47 F.3d 628 (3d Cir. 1995).  Thus, to

establish liability under § 1983, Plaintiffs must show that Defendant Serene, while acting

under color of state law, deprived Plaintiffs of rights or privileges secured by the

Constitution or laws of the United States.  *See Doe v. Delie,* 257 F.3d 309, 314 (3d Cir.

2001).

### 2.  *Plaintiffs' allegations and all reasonable inferences therefrom show that Defendant Serene was not a state actor.*

The threshold issue that Plaintiffs must establish is that Defendant Serene acted

under color of state law.  The determination whether Defendant Serene was engaged in

purely private acts or was acting under color of state law is a legal conclusion for the

court.   Plaintiffs cannot resist a motion to dismiss by reliance on their own legal conclusion that Defendant Serene was a state actor.

A private person may be a state actor for purposes of § 1983. "Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 action." *Dennis v. Sparks*, 449 U.S. 24, 28, 101 S.Ct. 183, 186, 66 L.Ed 2d 185, 189 (1980), citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). "Of course, merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor…" *Id.*  Enforcing and securing court orders to resolve disputes does not convert a private person into a state actor.  "[A] private party's mere use of the State's dispute resolution machinery, without the overt, significant assistance of state officials, cannot be considered state action." *Tahts v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003).

Under this theory of state action, a plaintiff must allege facts that, if true, would demonstrate that a defendant acted in "willful concert" or conspired with officials acting under color of state law. *United States v. Price*, 383 U.S. 787, 795, 86 S.Ct. 1152, 1157, 16 L.Ed. 2d 267, 273 (1966); *Harvey v. Plains Twp. Police Dep't.,* 421 F.3d 185, 195 (3d Cir. 2005).  Merely calling the police or communicating with a state official does not rise to the level of joint action.  *See, Cooper v. Police Officer Muldoon,* 2006 U.S. Dist. LEXIS 23388, at *7, Civ. Action No. 05-4780 (E.D. Pa. 2006)(citations omitted) (communications between a private person and a state actor without facts supporting a concerted effort or plan between them are insufficient to transform a private party into a state actor).

> A plaintiff must aver "the existence of a pre-arranged plan
> [between the police and a private entity] by which the

> police substituted the judgment of [a] private party for their
> own official authority.   Absent allegations … tending to
> show such a plan, [a private entity cannot] be said to have
> engaged in the 'concerted' or 'joint action' with the police
> necessary to bring them within the scope of a § 1983 claim.

*Cooper,* 2006 U.S. Dist. LEXIS, at *6, quoting *Cruz v. Donnelly,* 727 F.2d 79, 80
(3d Cir. 1984).

Plaintiffs' allegations fail to place Defendant Serene on notice as to which of her
conduct amounted to an agreement to violate Plaintiffs' constitutional rights.   Plaintiffs
allege that Defendants Adams, Russell and/or Tripp "substituted the judgment of
[Defendant Serene] a private citizen, for their own to use their official under color of state
s [sic] law authority."  *Id.* at ¶ 8.   However, Plaintiffs' allegations make it clear this case
involves multi-jurisdictional child custody actions and criminal charges.  *Id.* at ¶¶ 14, 19,
29.   The allegations state nothing more than steps taken by any citizen to enforce an
interstate custody order, e.g. calling the police, *see id.* at ¶ 16, filing a complaint before a
proper court, *see id.* at ¶ 19, and enforcing a state court order, *see id.* at  ¶ 22.  Plaintiffs
baldy assert that these steps were taken with intent to violate their rights, when it is clear
on the face of the First Amended Complaint that Defendant Serene's actions were "a
private party's mere use of the State's dispute resolution machinery." *Tahts, supra.*

Even if Plaintiffs' allegations against Defendant Serene are taken as true (that she
knowingly provided false information to Defendants Adams and Russell, law
enforcement officers), these allegations do not rise to a conspiracy claim unless there are
allegations that Defendant Serene reached an agreement with the law enforcement
Defendants. The required allegations cannot be mere blanket assertions.

> Put another way, in light of *Twombly, Rule 8(a)(2)* requires
> a 'showing' rather than a blanket assertion of an
> entitlement to relief. We caution that without some factual

- 17 -

> allegation in the complaint, a claimant cannot satisfy the
> requirement that he or she provide not only 'fair notice,'
> but also the "grounds" on which the claim rests.

*Phillips, supra.* at *13.

Plaintiffs' First Amended Complaint merely states repeatedly that the Defendants "entered into an agreement" on October 13, 2006. *See, e.g., id.* at ¶ 17. Nothing in the First Amended Complaint points to facts that supply the necessary "showing" of entitlement to relief. Without the necessary facts to support the grounds for conspiracy, all subsequent actions alleged by Plaintiffs fail to state claims for deprivation of Plaintiffs' constitutional rights.

 Further, the allegations in Plaintiffs' First Amended Complaint do not address the Court's direction in its Memorandum and Order dismissing Plaintiffs' Complaint. (Memorandum & Order, Feb. 1, 2008). "Absent some allegations describing the basic facts of Ms. Bush's alleged interaction with the other defendants, the plaintiffs' complaint fails to adequately allege that Ms. Bush conspired or acted in concert with the other defendants. The plaintiffs' complaint fails to adequately allege that Ms. Bush conspired or acted in concert with the other defendants such that she could be considered to be acting under color of law for the purposes of § 1983." Memorandum & Order, at p. 12.

Allegations of state action by private actors require significant entanglement between the state officials and the private actors. "Under the higher threshold of *Dennis*, state officials summoned to secure private rights under state law must be pursuing the ends of a conspiracy with the right holder before a sufficient link to the state is found." *MacFarlane v. Smith,* 947 F. Supp. 572, 575 (N.H. 1996), citing *Dennis v. Sparks*, *supra*. Plaintiffs' First Amended Complaint merely alleges facts that show a private citizen

enforcing her Virginia state court order.  Furthermore, because Plaintiffs failed to allege

facts that show willful concert and agreement between Defendant Serene and any state

actors, Plaintiffs have not alleged a conspiracy and this Court should find Defendant

Serene is not a state actor for the purposes of § 1983.

> **D.  Plaintiff David Bush fails to state a claim upon which relief can be granted against Defendant Serene for retaliation against Plaintiff David Bush for *First Amendment* activity (Count III of Plaintiffs' First Amended Complaint).**

> ***1.  Plaintiff David Bush fails to state a claim against Defendant Serene for violation of his First Amendment rights.***

Plaintiff David Bush filed this claim pursuant to 42 U.S.C. § 1983.  To succeed,

he must prove that (1) the person committing the violations was acting under color of

state law, and (2) the person must be deprived of a right, privilege or immunity protected

under the United States Constitution.  *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 923,

102 S.Ct. 2744, 73 L.Ed. 2d 482 (1982).  Although Plaintiff David Bush asserts that

Defendant Serene is acting under color of state law, these bald and conclusory allegations

are insufficient to support his *First Amendment* retaliation claim. *See Section C, supra.*

Therefore, Plaintiff David Bush has failed to state a claim that Defendant Serene engaged

in retaliation against him for *First Amendment* activity.   Further, Defendant Serene

asserts that even if this Court found that she in any way acted under color of state law,

Plaintiffs' *First Amendment* claim still fails.

> ***a.  Plaintiff David Bush fails to state a claim for "retaliation for First Amendment activity" against Defendant Serene.***

A *First Amendment* retaliation claim requires a plaintiff to allege:  (1)

constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of

ordinary firmness from exercising his constitutional rights, and (3) a causal link between

the constitutionally protected conduct and the retaliatory action. *Thomas v. Independence Township,* 463 F.3d 285, 296 (3d Cir. 2006)(citations omitted); *see also, Graw v. Fantasky,* 68 Fed. Appx. 378, 2003 U.S. App. LEXIS 13764 (3d Cir. 2003); *Anderson v. Davila,* 125 F.3d 148, 161 (3d Cir. 1997). "[T]he key question in determining whether a cognizable *First Amendment* claim has been stated is whether 'the alleged retaliatory conduct was sufficient to deter a person of ordinary firmness from exercising his *First Amendment* rights.'" *Thomas,* 463 F.3d at 296 (citations omitted). The allegations in Plaintiffs' First Amended Complaint fail to meet this standard.

> ### *(i). Plaintiff David Bush has failed to allege constitutionally protected conduct.*

The First Amended Complaint alleges that Plaintiff David Bush engaged in "Petition clause, Liberty and Associational activity." Am. Compl. ¶ 86(A). He further alleges the following in support of his claim: He is related to his children and his brother Christopher Bush. Am. Compl. ¶ 86(A)(i); He initiated a state court custody action on behalf of his children. Am. Compl. ¶ 86(A)(ii); He traveled to Virginia to return his children to Pennsylvania. Am. Compl. ¶ 86(a)(iii). Plaintiff David Bush also "petitioned the courts of the Commonwealth of Pennsylvania and Virginia, for and was granted full and exclusive custody of his children." Am. Compl. ¶ 13.

The enforcement of private custodial orders does not give rise to a constitutional right. *Estate of Cooper v. Leamer*, 705 F. Supp. 1081, 1086 (M.D. Pa. 1989), citing *Denman v. Wertz*, 372 F.2d 135 (3d Cir. 1967). The *Denman* case involved a custody dispute between two parents. One parent took the children from their legal custodial home in Ohio and attempted to transport them to Massachusetts. Denman was stopped as he traveled through Pennsylvania. The police arrested the kidnapping parent and

returned the children to Ohio.  Plaintiff Denman sued the police officers and the arresting

probation officer for violating his constitutional rights.  The District Court dismissed the

case and the Third Circuit affirmed.  "[W]e have concluded that the facts alleged are

insufficient to establish that Denman himself was deprived of 'any rights, privileges, or

immunities secured by the Constitution and laws' of the United States or 'of equal

protection under the laws'…"  *Denman v. Wertz*, 372 F.2d 135, 135-36 (3d Cir. 1967),

*cert. denied,* 389 U.S. 941, 88 S.Ct. 300, 19 L.Ed. 2d 293 (1967).

The facts alleged in Plaintiffs' First Amended Complaint are materially

indistinguishable from the *Denman* case.  Both involve child custody actions.  Both

involve law enforcement responding to a report about missing children.  Both involve

plaintiffs that filed actions against law enforcement pursuant to 42 U.S.C. § 1983.

Plaintiff David Bush's claim against Defendant Serene is equally lacking in any violation

of a freedom of association or petition right, and this Court should dismiss this claim.

> ***(ii).  Plaintiff David Bush failed to allege retaliatory action
> sufficient to deter a person of ordinary firmness from exercising
> his constitutional rights and a causal link between the
> constitutionally protected conduct and the retaliatory action.***

Plaintiff David Bush has alleged insufficient facts, and cannot allege any facts, to

meet the further pleading requirements of a *First Amendment* retaliation claim.  The First

Amended Complaint contains no allegations that any of Defendant Serene's actions are

sufficient to have deterred a person from exercising his constitutional rights.

Specifically, none of the allegations regarding Defendant Serene's actions show that

Plaintiff David Bush was discouraged from seeking judicial redress or association with

his children, or were sufficient to deter him from petitioning the court for custody of his

children.

Plaintiff David Bush was arrested and charged under the laws of Virginia pursuant to a Virginia court order. Am. Compl. ¶¶ 33, 40. Plaintiff David Bush baldly alleges that Defendant Serene "lacked probable cause to initiated [sic], procure and use the criminal process … for the purpose of retaliating against David Bush for petitioning the Commonwealth of Pennsylvania and Virginia courts to obtain custody of his natural children." *Id.* at ¶ 21. However, Plaintiff David Bush continues to enjoy access to the courts in Virginia with regard to his children.

Further, Plaintiff David Bush has not pleaded any link between any allegedly constitutionally protected conduct and Defendant Serene's actions. The First Amended Complaint does not contain anything more than bald allegations that link Defendants' pursuit and enforcement of a Virginia court order with Plaintiff David Bush's *First Amendment* rights. Plaintiff David Bush generally asserts that Defendant Serene's actions were taken with the intent to violate his constitutional rights, when it is clear from the pleading that Defendant Serene merely used Virginia's courts and legal process to enforce a court order. This Court should dismiss Plaintiff David Bush's claims of *First Amendment* retaliation against Defendant Serene for failure to state a claim.

### E. Plaintiffs fail to state a claim upon which relief can be granted against Defendant Serene for all state pendant claims (Count IV of Plaintiffs' First Amended Complaint).

Count IV of Plaintiffs' First Amended Complaint seeks to pursue state law claims against Defendant Serene, including Assault/Battery, False Imprisonment, Defamation – False Light, Intentional Infliction of Emotional Distress, Malicious Prosecution & Wrongful Use and Abuse of Process.[3] Many of these claims (Assault/Battery, False

---

[3] It is unclear whether Plaintiff Christopher Bush also attempts to assert state law claims against Defendant Serene in Count IV; however, there are absolutely no allegations in Plaintiffs' First Amended Complaint

Imprisonment, Malicious Prosecution and Wrongful Use and Abuse of Process) are based on the allegation that Defendant Serene acted in concert with, or in a conspiracy with, the various Pennsylvania and Virginia police officers.  As stated in *Section C, supra,* each of these claims must fail because Plaintiffs have not adequately stated a claim or any factual basis for conspiracy.  *See also,* Memorandum & Order, at p. 15.

Plaintiffs' Defamation and Emotional Distress claims must fail as well.  Plaintiffs' First Amended Complaint, similar to Plaintiffs' original Complaint, fails to identify any specific communication Defendant Serene made to anyone.  Plaintiffs' First Amended Complaint states that Defendant Serene said that Plaintiff David Bush "had engaged in conduct that was illegal, such as he physically abused her and the children and kidnapped them…, and/or obtaining court orders." Am. Compl. ¶¶ 105, 106.  Plaintiffs have failed to identify in what way, if any, this communication was false.  *See* Memorandum & Order, at p. 15.

Plaintiffs' Emotional Distress claim appears to relate to both Plaintiff David Bush's arrest and incarceration, and to Defendant Serene's allegedly defamatory statements against Plaintiff David Bush. *See* Am. Compl. ¶¶ 100, 107.  This state claim also fails because Plaintiffs have not sufficiently alleged any facts to support a conspiracy claim against Defendant Serene (*see Section C, supra),* and Plaintiffs have not identified why any alleged defamatory communication Defendant Serene made was false.  *See,* Memorandum & Order, at pp. 15–16.  This Court must dismiss all of these state law claims against Defendant Serene.

---

that would support any such claims.  This Court must dismiss any potential state law claims asserted by Plaintiff Christopher Bush against Defendant Serene in Count IV.

**F.  Plaintiffs fail to state a claim upon which relief can be granted against Defendant Serene for civil conspiracy to commit a state tort (Count V of Plaintiffs' First Amended Complaint – State Pendant Claim).**

To establish a civil conspiracy claim under Pennsylvania law,[4] a plaintiff must allege: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage. *McKeeman v Corestates Bank, N.A.,* 2000 PA Super. 117, 751 A.2d 655 (2000).  The Pennsylvania Supreme Court set forth the elements of civil conspiracy in *Thompson Coal Co. v. Pile Coal Co*., 488 Pa. 198, 211, 412 A.2d 466, 472 (1979):  "It must be shown that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means." Proof of malice is an essential part of a conspiracy cause of action.  Furthermore, a conspiracy is not actionable until "some overt act is done in pursuance of the common purpose or design … and actual legal damage results."  *Id.*  Additionally, "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." *McKeeman, supra,* quoting *Pelagatti v. Cohen*, 370 Pa. Super. 422, 536 A.2d 1337, 1342 (1987).

Plaintiffs' First Amended Complaint contains mere conclusory statements that a conspiracy existed.  *See Section C, supra.*  It is well-settled that conspiracy claims must be pleaded with some degree of specificity.  *Conroy v. City of Philadelphia,* 421 F. Supp. 2d 879, 888 (E.D. Pa. 2006)(citations omitted). Plaintiffs must allege specific facts "of a combination, agreement or understanding among all or between any of the defendants" along with "factual allegations that the defendants plotted, planned, or conspired together

---

[4] Although it appears Plaintiffs seek redress under Pennsylvania law, Defendant Serene does not concede that Pennsylvania law is the correct choice of law in this case.

to carry out the chain of events."   *Startzell, supra,* 2006 U.S. Dist. LEXIS 34128, at *10 (citations omitted).

Plaintiffs' First Amended Complaint contains mere conclusory statements that a conspiracy existed.  *See Section C, supra.*  Plaintiffs fail to place Defendant Serene on notice as to which of her conduct amounted to an agreement.  This Court should dismiss Count V against Defendant Serene.

## V.   CONCLUSION AND REQUEST

Therefore, this Court should dismiss all claims in Plaintiffs' First Amended Complaint as to Defendant Serene and should enter judgment for her thereon.

Respectfully submitted,

/s/ Carol D. Deem
_____

Carol D. Deem
PAB 60846
Deem, Farney & López Law Offices
590 Centerville Road, #285
Lancaster, PA 17601
Phone: (717) 892-3900
Fax:     (717) 892-3901

Date:   March 13, 2008

ATTACHMENT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICE OF PENNSYLVANIA

DAVID BUSH AND CHRISTOPHER BUSH   :

            Plaintiffs   :     NO. 07 4936

           v.        :

S.C. ADAMS; Lt _____ RUSSELL *(Richmond* :
*City PD., Virginia);* KENNETH HILL,
STEVEN J. IGNATZ, SERGEANT _____ TRIPP; :
*(Pennsylvania State Police);* AND,   :
SARA NICOLE BUSH A/K/A      :    CIVIL ACTION
SERENE ISARA ISABELLA, A/K/A   :
SARA NICOLE MONSERRATE A/K/A  :
SARA NICOLE MONSERRATE BUSH :

           Defendants   :    JURY TRIAL DEMAND

## AFFIDAVIT

On this 9th day of January, 2008, before me, the undersigned officer, personally appeared Isara Isabella Serene, known to me (or satisfactorily proven) to be the person, whose name is subscribed below, who being duly sworn accordingly to law, does depose and say:

1. My name is Isara Isabella Serene, and I am a named defendant in the above-captioned action. I make this affidavit in support of my Motion to Dismiss Plaintiffs' Complaint.

2. I live and work in Richmond Virginia. I have lived in Virginia for 3 years.

3. Before I lived in Richmond Virginia, I lived in Tioga County Pennsylvania. I fled Pennsylvania in 2004 with my children after I received a Protection From Abuse Order from the Tioga County Court of Common Pleas against my former husband David Bush. I was granted full legal and physical custody of my children pursuant to that order.

4. That Tioga County Order expired in January 2006.

5. I have intentionally not maintained any continuous and systematic contacts with the Commonwealth of Pennsylvania.

6. The only contacts I have had with the Commonwealth of Pennsylvania since I fled the jurisdiction are the following:

Affidavit of Isara Isabella Serene

a. I defended a custody action improperly filed by my ex-husband, David Bush, in Luzerne County, Pennsylvania on May 4, 2006, under which he was granted custody of our minor children. I filed an Emergency Petition for Special Relief on October 23, 2006 in response to David Bush's improper filing. My petition resulted in an October 23, 2007 Order vacating the custody order as inappropriately granted due to: Luzerne County Court's lack of jurisdiction; an ongoing proceeding in Tioga County that was not disclosed to the court pending at the time the petition was filed; and the record was devoid of proof of service of the original Petition.

b. I have had contact with my attorneys at Deem, Farney & López Law Offices in Lancaster County, Pennsylvania.

7. The aforementioned activities were required to defend myself in an improper forum in the Luzerne County Court of Common Pleas, and to defend and seek redress of my legal rights.

8. I have not purposefully directed any injury toward either Plaintiff in Pennsylvania.

9. David Bush was arrested and jailed pursuant to a duly issued Virginia custody order.

10. It would defeat traditional notions of fair play and substantial justice to hail me into court in the Commonwealth of Pennsylvania, the jurisdiction I purposefully fled with my children for safety reasons.

11. I have not had contact with the Commonwealth of Pennsylvania, other than that listed herein. I have had unwelcome contact with my ex-husband, David Bush in the Commonwealth of Virginia. He has filed a custody action in City of Richmond, Virginia, which is currently ongoing.

12.   I hereby certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed on January 9, 2008.

*Isara Isabella Serene*

Isara Isabella Serene

Sworn and subscribed to
before me the date and
year aforesaid.

Notary Public

My commission expires:
Aug 31, 2010

Name:

LI MIE WOO WARREN
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES AUG. 31, 2010
COMMISSION # 112065