IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BUSH and | : | CIVIL ACTION |
| CHRISTOPHER BUSH | : | |
| | : | |
| v. | : | |
| | : | |
| S.C. ADAMS, et al., | : | NO. 07-4936 |

MEMORANDUM

McLaughlin, J.                                              May 7, 2009

In this suit, plaintiff David Bush brings civil rights and state tort claims arising out of his arrest for child abduction and conspiracy after allegedly attempting to take his children from the custody of his ex-wife. David Bush's arrest warrant was issued in Virginia for violations of Virginia law, but David Bush was arrested in Pennsylvania and incarcerated there before being transferred to Virginia. Plaintiff Christopher Bush, David Bush's brother and a Pennsylvania township police officer, brings civil rights and state tort claims arising from an investigation conducted by the Pennsylvania State Police into the actions he took to help his brother locate his children.

The plaintiffs brought suit against six defendants: David Bush's ex-wife, Isara Isabella Serene; two Virginia policemen, Sean Adams and Brian Russell; and three Pennsylvania state troopers, Kenneth Hill, Steven J. Ignatz, and Sergeant Tripp. Defendants Serene, Adams and Russell filed motions to

dismiss, in part based on lack of personal jurisdiction. The Court granted the motions, finding no personal jurisdiction over Serene, Adams, and Russell, and dismissed the plaintiffs' claims against them.

The plaintiffs have subsequently sought through a variety of procedural methods to take an interlocutory appeal of the Court's dismissal orders. Pending before the Court are the plaintiffs' requests to certify the dismissal orders for interlocutory appeal under 28 U.S.C. § 1292(b) and to stay the remaining claims and/or transfer and consolidate them with another related case. The Court has also suggested as an alternative that the Court could enter final judgment against the dismissed defendants under Federal Rule of Civil Procedure 54(b).

For the reasons that follow, the Court will decline to certify the case for interlocutory appeal under § 1292(b) or enter final judgment under Rule 54(b). The Court will also decline to stay the case or transfer it to be consolidated with another pending matter. The Court will instead issue a pretrial schedule for the remaining claims in accordance with prior discussions with the parties.

I.   BACKGROUND

In Memoranda and Orders issued November 3, 2008, and January 27, 2009, the Court granted the motions to dismiss filed

by defendants Serene, Adams and Russell.  The Court found that it lacked personal jurisdiction over these defendants and dismissed all claims against them.  As part of its ruling, the Court denied defendants Adams and Russell's motion to sever and transfer the claims against them to the United States District Court for the Eastern District of Virginia.  The Court found that, because defendant Serene had not moved to transfer her claims to Virginia and because the claims against Serene were interrelated with those against Adams and Russell, transferring the claims against Adams and Russell raised the risk of the same claims being tried in two separate jurisdictions.

In the briefing on the motions to dismiss, the plaintiffs stated that, if the Court were to dismiss the claims against Serene, Adams, and Russell, the plaintiffs would seek an immediate appeal of that dismissal and might also move to stay proceedings against the remaining defendants, Tripp, Hill, and Ignatz, during the pendency of such an appeal.  In its January 27, 2009, Memorandum and Order, the Court requested that the plaintiffs file a written submission informing the Court how they wished to proceed.

On January 31, 2009, the plaintiffs filed a notice with the Court, stating that they intended to file a writ of mandamus with the United States Court of Appeals for the Third Circuit to seek review of the Court's dismissal of Serene, Adams, and

Russell.  Their notice also requested that the Court certify its dismissal orders for interlocutory appeal under 28 U.S.C. § 1292(b).  The plaintiffs filed a petition for mandamus on February 9, 2009.

In response to the plaintiffs' notice, the Court issued an Order on February 27, 2009, asking the plaintiffs whether they wanted the Court to enter final judgment as to defendants Serene, Adams, and Russell under Federal Rule of Civil Procedure 54(b).  The Court noted that the entry of final judgment under Rule 54(b) would require a lesser showing than certification of an interlocutory appeal under § 1292(b) and would allow the plaintiffs to take an immediate appeal as of right of the Court's dismissal orders.  The plaintiffs responded in a notice filed March 6, 2009, stating that they opposed entry of final judgment under Rule 54(b), believing that the judgment would operate as an adjudication on the merits and would be inconsistent with the Court's finding that it lacked personal jurisdiction over the dismissed defendants.

The plaintiffs' March 6 notice also informed the Court for the first time that, after this action was filed, plaintiff Christopher Bush filed a second federal lawsuit arising, in part, out of incidents at issue in this suit.  This second suit is <u>Christopher Bush v. Newtown Township</u>, Civil Action No. 08-4571 (E.D. Pa. filed Sept. 22, 2008), pending before the Honorable

Juan R. Sanchez.  In it, Christopher Bush alleges he suffered retaliation and was ultimately terminated from his job as a police officer, in part, because of his efforts to help his brother David Bush locate his children.  The defendants in this second suit are Christopher Bush's employer, Newtown Township, and several Newtown Township employees, none of whom is a defendant in this case before this Court.  In their March 6 Notice, the plaintiffs request that the case before this Court be "transferred [to] and consolidated" with Christopher Bush's second suit.

     None of the defendants has filed a response to either the plaintiffs' January 31 or March 6 Notices.  On April 22, 2009, the United States Court of Appeals for the Third Circuit denied the plaintiffs' petition for a writ of mandamus concerning the dismissal of Serene, Adams, and Russell.

II.  LEGAL ISSUES

    A.  Entry of Judgment under Fed. R. Civ. P. 54(b)

     The Court will not enter final judgment under Federal Rule of Civil Procedure 54(b) as to defendants Serene, Adams, and Russell.  The plaintiffs have stated that they oppose entry of judgment under Rule 54(b) because they believe such a judgment would be an adjudication on the merits and would contradict the

Court's finding that it lacked personal jurisdiction over these defendants.

The Court believes the plaintiffs' understanding of Rule 54(b) is incorrect. Ordinarily, an appeal can be taken only after a final judgment has been entered as to all of the pending claims and parties in a case. See Morton Int'l, Inc. v. A.E. Staley Mfg. Co., 460 F.3d 470, 476 (3d Cir. 2006). The purpose of Rule 54(b) is to allow a court that dismisses some, but not all, of the claims or parties in a case to nonetheless enter final judgment as to the dismissed claims, allowing an immediate appeal without waiting for the remaining claims to be decided. 10 Charles A. Wright, et al., Federal Practice & Procedure § 2654 (2009 Supp.). This is exactly the situation in this case. The Court has dismissed some, but not all of the defendants, and the plaintiffs would like to take an immediate appeal of that decision.

The two requirements for entry of judgment under Rule 54(b) are 1) that the order at issue be a final judgment, meaning the "ultimate disposition of an individual claim entered in the course of a multiple claims action," and 2) that there must be "no just reason for delay," taking into account both the equities involved and judicial administrative interests. Curtiss-Wright Corp. v. Gen. Elec. Corp., 446 U.S. 1, 7-8 (1980) (internal quotations and citations omitted).

The Court believes both of these conditions are met here.  An order dismissing a defendant for lack of personal jurisdiction is a final judgment for purposes of Rule 54(b) because it is an ultimate disposition of the claims against the dismissed defendant in the court issuing the order.  Courts have routinely entered judgment under Rule 54(b) in multi-defendant cases where some but not all defendants are dismissed for want of personal jurisdiction.  See, e.g., Ill. Bell Tel. Co., Inc. v. Global NAPS Ill. Inc., 551 F.3d 587, 596 (7th Cir. 2008); DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 282 (3d Cir. 1981); Chamberlain v. Harnischfeger Corp., 516 F. Supp. 428 (E.D. Pa. 1981); c.f. Morton Int'l, 460 F.3d at 476 (noting that an order dismissing one of several defendants for lack of personal jurisdiction was not appealable absent a certification under Rule 54(b)).

There is also no just reason to delay an appeal of the dismissals of Serene, Adams, and Russell.  There is no overlap between the claims against the dismissed defendants, all of which involve claims brought by plaintiff David Bush, and those against the remaining defendants, all of which involve only plaintiff Christopher Bush.[1]  Because of this, there is very little

---

[1] The claims remaining in this case after the dismissal of Serene, Adams, and Russell, are Christopher Bush's claims against Tripp, Hill, and Ignatz relating to investigations taken into his actions to aid his brother David.  David Bush brought no claims against Hill or Ignatz and his only claim against

likelihood that litigation of the remaining claims would moot an appeal of the dismissed claims or that the appellate court would have to consider the same issue twice.  See Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 203-05 (3d Cir. 2006) (finding the relationship between adjudicated and unadjudicated claims and the possibility of mootness or duplicative appeals factors to be considered in finding no just reason for delay).

The plaintiffs have objected to the entry of judgment under Rule 54(b) because they believe it will operate as a final judgment on the merits.  Ordinarily, a dismissal for lack of personal jurisdiction is not a judgment on the merits.  Compagnie des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances, 723 F.2d 357, 360 (3d Cir. 1983).  Nothing in the language of Rule 54(b) suggests that its use transforms a judgment that otherwise would not be on the merits into one that is.  The effect of a dismissal for lack of personal jurisdiction entered under Rule 54(b) in a multi-defendant case should be exactly the same as a dismissal for lack of personal jurisdiction in a case involving a single defendant.

The plaintiffs do not explain why they believe that a Rule 54(b) judgment would be on the merits.  The Court suspects

---

defendant Tripp is the claim that he conspired to help Bush's ex-wife, defendant Serene, leave Pennsylvania with her children.  The Court has already found, in ruling on defendant Serene's motion to dismiss, that these conspiracy allegations fail to state a claim.

8

that the plaintiffs may be misconstruing language in two recent decisions by the United States Court of Appeals for the Third Circuit, <u>Pichler v. UNITE</u>, 542 F.3d 380 (3d Cir. 2008) and <u>Berckeley</u>, 455 F.3d 195 (3d Cir. 2006).  Both of these decisions describe the requirements for an entry of judgment under Rule 54(b) as that there be "no just reason for delay" and that the order at issue be, not just a "final judgment," but "a final judgment on the merits."  <u>Pichler</u>, 542 F.3d at 385 n.6; <u>Berckeley</u>, 455 F.3d at 202.

The plaintiffs may be interpreting <u>Pichler</u> and <u>Berckeley</u>'s brief reference to a "judgment on the merits" to mean either that Rule 54(b) cannot be used to certify an order, like one dismissing a defendant for lack of personal jurisdiction, that is not "on the merits" but is nonetheless final, or that certification would somehow transform such an order into one "on the merits."  Neither interpretation is plausible.

In setting out the elements for certification under Rule 54(b), both <u>Pickler</u> and <u>Berckeley</u> cite only to the United States Supreme Court's decision in <u>Curtiss-Wright</u>, 446 U.S. at 7-8.  <u>Curtiss-Wright</u> does not require that the "final judgment" necessary for a Rule 54(b) certification be "on the merits"; it states only that the order at issue must "be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate

disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright, 446 U.S. at 7.  As discussed earlier, a dismissal for lack of personal jurisdiction, although not a judgment on the merits, possesses sufficient finality to satisfy the requirements of Rule 54(b), and federal courts, including the United States Court of Appeals for the Third Circuit, have routinely approved of using Rule 54(b) to certify such orders.  See, e.g., Ill. Bell, 551 F.3d at 596; DeJames, 654 F.2d at 282; Chamberlain, 516 F. Supp. 428; see also Morton Int'l, 460 F.3d at 476.  The Court does not believe that the language used in Pichler and Berckeley was intended to add an additional "merits" requirement to the Curtiss-Wright standard or to repudiate prior decisions which had approved the use of Rule 54(b) in cases involving dismissals for lack of personal jurisdiction.

Although the Court believes that its orders dismissing Serene, Adams, and Russell meet the requirements for entry of judgment under Rule 54(b), the Court will not enter judgment. The defendants here have not taken a position on the entry of judgment under Rule 54(b), and the plaintiffs have objected. Under these circumstances, although the Court questions whether the plaintiffs' basis for objecting is well-taken, the Court will not enter judgment over the plaintiffs' objections.

      B    Certification for Interlocutory Appeal under 28 U.S.C. § 1292(b)

The plaintiffs have moved to certify the Court's orders dismissing Serene, Adams, and Russell for interlocutory appeal under 28 U.S.C. § 1292(b). Section 1292(b) is similar to Rule 54(b), but each is designed to address different situations. Section 1292(b) usually applies "only to orders that would be considered interlocutory even if presented in a simple, single-claim, two-party case"; Rule 54(b) usually applies only to adjudications that would be final and appealable if entered in a single-claim, two-party case. 10 Charles A. Wright, et al., Federal Practice & Procedure § 2658.2 (2009 update); see also Ford Motor Credit Co. v. S.E. Barnhart & Sons, Inc., 664 F.2d 377, 380 (3d Cir. 1981) ("Rule 54(b) and 28 U.S.C. § 1292(b) should be carefully distinguished in application because they serve different interests.").

As discussed earlier, the orders dismissing Serene, Adams, and Russell would seem to be more appropriately considered under Rule 54(b) because, if not for the presence of the other defendants, the orders would have been immediately appealable. Certification under section 1292(b) may also be appropriate here, however, if its requirements are met. See Ford Motor Credit, 664 F.2d at 380 (declining to dismiss an appeal certified under § 1292(b), although finding that certification under Rule 54(b) would have been more appropriate).

11

To certify an order for immediate appeal under § 1292(b), a district court must find that: (1) the order involves a "controlling question of law;" (2) there is a "substantial ground for a difference of opinion" as to the order's correctness; and (3) an immediate appeal will "materially advance the ultimate termination of the litigation." Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974). Certification is not to be granted routinely, but is to be used in the rare cases where an immediate appeal will avoid costly and protracted litigation. Sporck v. Peil, 759 F.2d 312, 315 n.4 (3d Cir. 1985) (citing Milbert v. Bison Labs., Inc., 260 F.2d 431, 433 (3d Cir. 1958)

The first requirement for certification is met here. A "controlling question of law" ordinarily encompasses an order that would, if erroneous, be reversible error on appeal. Katz, 496 F.2d at 755. This definition would seem to fit the orders dismissing Serene, Adams, and Russell, because if the Court's finding of no personal jurisdiction were found to be erroneous on appeal, the Court's dismissal orders would be reversed and the plaintiffs' claims against those defendants reinstated. The orders, therefore, involve a controlling question of law with respect to the dismissed claims. The fact that the issues of personal jurisdiction raised in the dismissal orders are unrelated to the remaining claims in the litigation does not

prevent them from being controlling issues of law.  In Ford Motor Credit, an order dismissing one party in a multi-party case was found to involve a "controlling question of law" even though the statutory question at issue in the order certified under § 1292(b) was not relevant to the claims remaining before the district court.  664 F.2d at 380.

The Court finds that the second and third requirements for certification are not met here.  The plaintiffs assert in their January 31, 2009, Notice that there are substantial grounds for a difference of opinion as to the correctness of the orders dismissing Serene, Adams, and Russell, but they provide no argument for the assertion.

Substantial grounds for difference of opinion exist when there is genuine doubt or conflicting precedent as to the correct legal standard applied in the orders at issue.  Bradburn Parent Teacher Store, Inc. v. 3M (Minn. Mining $ Mfg. Co.), 2005 WL 1819969 (E.D. Pa. August 2, 2005).  Here, the Court dismissed the plaintiffs' claims against Adams and Russell for lack of personal jurisdiction.  The Court dismissed all but one of the claims against Serene for lack of personal jurisdiction and found that the remaining conspiracy claim, which had sufficient nexus to Pennsylvania to allow the exercise of personal jurisdiction, failed to state a claim under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  In reaching these conclusions, the Court

applied established jurisprudence on personal jurisdiction to the specific facts relevant to these defendants.

Although the plaintiffs believe that the Court's analysis is incorrect, this does not amount to a substantial ground for disagreement with the Court's conclusions, as required for § 1292(b) certification.  A motion for certification cannot be granted "merely because a party disagrees with the ruling of the district judge."  Max Daetwyler Corp. v. R. Meyer, 575 F. Supp. 280, 282 (E.D. Pa. 1983).

Even if the Court were to find a substantial ground for disagreement with the correctness of its dismissal orders, certification would still be inappropriate because the Court cannot find that an interlocutory appeal would materially advance the ultimate termination of the litigation.  An interlocutory appeal of the dismissal orders might materially advance the termination of the plaintiffs' claims against Serene, Adams, and Russell, because an appeal of those orders would otherwise have to wait until the remaining claims against the other defendants are resolved.  An interlocutory appeal, however, would not materially advance the termination of the litigation as a whole because it would not hasten the termination of the claims against the remaining defendants.

None of the three remaining defendants in this case, Tripp, Ignatz, or Hill, has raised the issue of personal

jurisdiction, and therefore the issues to be decided in any interlocutory appeal of the dismissal orders will not affect the disposition of their claims.  Regardless of whether an interlocutory appeal is taken of the decision to dismiss Serene, Adams, and Russell, and regardless of whether those dismissals are upheld or reversed, the parties will still have to litigate the plaintiffs' claims against Tripp, Hill, and Ignatz in full.  The proposed interlocutory appeal will not affect the scope of discovery or the issues for trial as to those claims.

Under these circumstances, the Court cannot find that the certification of its dismissal orders would materially advance the ultimate termination of this litigation.  The Court will therefore deny § 1292(b) certification.

C   The Request to Stay and/or Transfer to a Related Case

In their January 31, 2009, Notice to the Court, the plaintiffs requested that the claims remaining in this case be stayed pending a ruling on their petition for a writ of mandamus by the United States Court of Appeals for the Third Circuit or, if the Court granted certification of an interlocutory appeal under 28 U.S.C. § 1292(b), the resolution of that appeal.  The plaintiff's petition for a writ of mandamus was denied on April 22, 2009, and this Court has declined to certify its dismissal

orders for interlocutory appeal.  The Court will therefore deny the plaintiffs' request for a stay as moot.

In their March 6, 2009, Notice to the Court, the plaintiffs informed the Court that plaintiff Christopher Bush had filed a second federal lawsuit arising out of some of the same events at issue in this action: <u>Christopher Bush v. Newtown Township</u>, Civil Action No. 08-4571 (E.D. Pa. filed Sept. 22, 2008).  The March 6 Notice requests that this case "be transferred and consolidated for discovery with the Christopher Bush action (No. 09-4571) while the Third Circuit reviews the personal jurisdiction by way of the Writ of Mandamus."  The Court will decline to entertain this request for two reasons.

First, the plaintiff's proposed transfer and consolidation of this case with No. 08-4571 does not accord with the procedure set out in the Local Rules of this Court.  Local Rule 40.1(c)(2) states that if the fact that two cases are related does not become known until after the second case is filed and assigned, "the judge receiving the later case may refer the case to the Chief Judge for reassignment to the judge to whom the earlier related case is assigned."  The Rule provides that "[i]f the Chief Judge determines that the cases are related, the Chief Judge shall transfer the later case to the judge to whom the earlier case is assigned; otherwise the Chief Judge shall send the later case back to the judge to whom it was originally

assigned." Under the Local Rule, therefore, the decision to consolidate these two cases must be made by the Chief Judge and, if the Chief Judge finds consolidation to be appropriate, the later filed case, No. 08-4571, will be consolidated into this first-filed case.

The second reason to deny the plaintiffs' proposal to consolidate this case and Case No. 08-4571 is that the plaintiffs proposed consolidation only "while the Third Circuit reviews the personal jurisdiction by way of the Writ of Mandamus." Because of the conditional nature of the plaintiffs' request, the Court cannot tell whether the plaintiffs still wish to have these cases consolidated, now that their petition for writ of mandamus has been denied. If the plaintiffs do still wish to have these two cases consolidated in accordance with Local Rule 40.1(c)(2), they should notify the Court both in this case and the potentially related case, No. 08-4571.

    D    <u>The Entry of a Discovery Schedule</u>

After the Rule 16 conference in this case, held while the motions to dismiss of Serene, Adams, and Russell were pending, the Court set a conditional discovery schedule, allowing the parties five months to conduct discovery and one month after that for dispositive motions, to begin once the pending motions

to dismiss had been resolved.  <u>See</u> Order of May 5, 2008; Order of June 9, 2008.

Having now resolved the motions to dismiss and the related motions for stays and interlocutory appeals, and the United States Court of Appeals for the Third Circuit having resolved the plaintiffs' mandamus petition, the Court will enter the discovery schedule contemplated in its earlier orders.  The Court will enter a discovery deadline of October 7, 2009, and a dispositive motion deadline of November 6, 2009.

An appropriate Order will be entered separately.