THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID BUSH and CHRISTOPHER BUSH,  :   CIVIL ACTION
                                :
           Plaintiffs      :
                                :
             vs.         :
                                :
S.C. ADAMS, et al.,        :   NO. 07-4936
                                :
           Defendants      :

**DEFENDANT IGNATZ'S ANSWER WITH AFFIRMATIVE DEFENSES
TO FIRST AMENDED COMPLAINT**

1.   This paragraph is a conclusion of law which requires no response.

2.   This paragraph is a conclusion of law which requires no response.

3.   This paragraph contains a jurisdictional statement which requires no response. Admitted that venue is proper.

4.   Admitted.

5.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 5 of the First Amended Complaint.

6.   Admitted.

7.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 7 of

the First Amended Complaint. Any conclusions of law contained therein require in response.

8.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 8 of the First Amended Complaint.

9.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 9 of the First Amended Complaint. By way of further answer, based upon materials that Ignatz reviewed, he does not contest the factual allegations set forth in paragraph 9 of the First Amended Complaint.

10. This paragraph contains conclusions of law which require no response.

11. Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 11 of the First Amended Complaint.

12.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 12 of the First Amended Complaint.

13.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 13 of the First Amended Complaint.

14.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 14 of the First Amended Complaint.

15.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 15 of the First Amended Complaint.

16.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 16 of the First Amended Complaint.

17.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 17 of the First Amended Complaint.

18.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 18 of the First Amended Complaint.

19.   Defendants Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 19 of the First Amended Complaint.

20.   Defendants Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 20 of the First Amended Complaint.

21.   This paragraph contains conclusions of law which require no response.

22.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 22 of the First Amended Complaint.

23.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 23 of the First Amended Complaint.

24.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 24 of the First Amended Complaint.

25.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of

the factual allegations contained in paragraph 25 of the First Amended Complaint.

26.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 26 of the First Amended Complaint.

27.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 27 of the First Amended Complaint.

28.   This paragraph contains conclusions of law which require no response.

29.   This paragraph contains conclusions of law which require no response.

30.   This paragraph is a conclusion of law which requires no response.

31.   This paragraph is a conclusion of law which requires no response.

32.   This paragraph is a conclusion of law which requires no response.

33.   This paragraph is a conclusion of law which requires no response.

34.   This paragraph is a conclusion of law which requires no response.

35.   This paragraph is a conclusion of law which requires no response.

36.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 36 of The First Amended Complaint.

37.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 37 of the First Amended Complaint.

38.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 38 of the First Amended Complaint.

39.   This paragraph contains conclusions of law which require no response.

40.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 40 of the First Amended Complaint.

41.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 41 of the First Amended Complaint.

42.   Denied as stated. Proof of this fact is demanded at trial.

43.   Admitted that at one point in time, Tripp questioned Christopher Bush about his relationship with David Bush. Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 43 of the First Amended Complaint.

44.   Admitted.

45.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 45 of The First Amended Complaint.

46.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 46 of the First Amended Complaint.

47.   Denied as stated. Proof of this allegation is demanded at trial.

48.   Admitted that Tripp is a member of the Pennsylvania State Police. All remaining factual allegations are denied.

49.   Denied as stated. Proof of these allegations are demanded at trial.

50.   Admitted that D. Bush spoke with Tripp about his children. All remaining factual allegations are denied.

51.   Admitted that Christopher Bush made a verbal complaint to the Pennsylvania State police about a phone call between Tripp and Bush and Bush complained about Tripp's alleged failure to do his job. All remaining factual allegations contained therein are denied.

52.   Defendant Ignatz denies the factual allegations contained in paragraph 52 of the First Amended Complaint. All conclusions of law contained therein require no response.

53.   Admitted that C. Bush was questioned by Ignatz and another member of the PSP about the NCIC Missing Children Data System entry as a result of the CLEAN investigation. All remaining factual allegations contained therein are denied.

54. Denied as stated. By way of further answer, a determination was made that C. Bush's entry was found to be in accordance with the CLEAN policy.

55.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 55 of the First Amended Complaint.

56.   Defendant Ignatz is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 56 of the First Amended Complaint.

57.   This paragraph contains conclusions of law which require no response.

58.   This paragraph contains conclusions of law which require no response.

59.   No response.

60.   This paragraph is a conclusion of law which requires no response.

61.   This paragraph contains conclusions of law which require no response.

62.   This paragraph contains conclusions of law which require no response.

63.   This paragraph contains conclusions of law which require no response.

64.   This paragraph is a conclusion of law which requires no response.

65.   This paragraph is a conclusion of law which requires no response.

66.   This paragraph is a conclusion of law which requires no response.

67.   This paragraph contains conclusions of law which require no response.

68.   This paragraph contains conclusions of law which require no response.

69.   This paragraph contains conclusions of law which require no response.

70.   This paragraph contains conclusions of law which require no response.

71.   This paragraph contains conclusions of law which require no response.

72.   This paragraph is a conclusion of law which requires no response.

73.   This paragraph contains conclusions of law which require no response.

74.   This paragraph contains conclusions of law which require no response.

75.   This paragraph contains conclusions of law which require no response.

76.   This paragraph contains conclusions of law which require no response.

77.   No response required.

78.   This paragraph contains conclusions of law which require no response.

79.   This paragraph contains conclusions of law which require no response.

80.   This paragraph contains conclusions of law which require no response.

81.   This paragraph contains conclusions of law which require no response.

82.   This paragraph contains conclusions of law which require no response.

83.   This paragraph contains conclusions of law which require no response.

84.   This paragraph contains conclusions of law which require no response.

85.   No response required.

86.   This paragraph contains conclusions of law which require no response.

87.   This paragraph contains conclusions of law which require no response.

88.   This paragraph contains conclusions of law which require no response.

89.   This paragraph contains conclusions of law which require no response.

90.   This paragraph contains conclusions of law which require no response.

91.   This paragraph contains conclusions of law which require no response.

92.   This paragraph contains conclusions of law which require no response.

93.   This paragraph contains conclusions of law which require no response.

94.   This paragraph contains conclusions of law which require no response.

95.   No response required.

96.   This paragraph contains conclusions of law which require no response.

97.   This paragraph contains conclusions of law which require no response.

98.   This paragraph contains conclusions of law which require no response.

99.   This paragraph contains conclusions of law which require no response.

100. This paragraph contains conclusions of law which require no response.

101. This paragraph contains conclusions of law which require no response.

102. This paragraph contains conclusions of law which require no response.

103. This paragraph contains conclusions of law which require no response.

104. This paragraph contains conclusions of law which require no response.

105. This paragraph contains conclusions of law which require no response.

106. This paragraph contains conclusions of law which require no response.

107. This paragraph contains conclusions of law which require no response.

108. No response required.

109. This paragraph contains conclusions of law which require no response.

110. This paragraph contains conclusions of law which require no response.

111. Denied as stated. Proof of these allegations are demanded at trial.

112. Denied as stated. Proof of these allegations are demanded at trial.

113. This paragraph contains conclusions of law which require no response.

114. This paragraph contains conclusions of law which require no response.

115. Denied as stated. Proof of these allegations are demanded at trial.

116. Denied as stated. Proof of these allegations are demanded at trial.

117. This paragraph contains conclusions of law which require no response.

118. This paragraph contains conclusions of law which require no response.

119. This paragraph contains conclusions of law which require no response.

120. This paragraph contains conclusions of law which require no response.

121. No response required.

122. This paragraph is a request for relief which requires no response.

123. This paragraph is a request for relief which requires no response.

**AFFIRMATIVE DEFENSES**

1.    Defendant Ignatz is entitled to qualified

immunity on the constitutional claims.

2.    The have failed to state a claim upon which

relief may be granted.

                              THOMAS W. CORBETT, JR.
                              ATTORNEY GENERAL

                    BY: /s/Randall J. Henzes_____
                        Randall J. Henzes
                        Deputy Attorney General
                        Attorney I.D. No. 53256

                        Susan J. Forney
                        Chief Deputy Attorney General
                        Litigation Section

Office of Attorney General
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107
Phone:((215) 560-2136
Fax:   (215) 560-1031

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID BUSH and CHRISTOPHER BUSH,    :    CIVIL ACTION
                                    :
            Plaintiffs              :
                                    :
               vs.                  :
                                    :
S.C. ADAMS, et al.,                 :    NO. 07-4936
                                    :
            Defendants              :

**CERTIFICATE OF SERVICE**

I, Randall J. Henzes, Deputy Attorney General, hereby

certify that Defendant Ignatz's Answer with Affirmative Defenses

to First Amended Complaint was filed electronically on June 15,

2010 and is available for viewing and downloading from the ECF

system. I further certify that a true and correct copy of said

document was served by electronic means to:

puricellib@comcast.net
puricellib@verizon.net

THOMAS W. CORBETT, JR.
ATTORNEY GENERAL


BY:  s/Randall J. Henzes
     Randall J. Henzes
     Deputy Attorney General
     Identification No. 53256