```
                 THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID BUSH and CHRISTOPHER BUSH,  :    CIVIL ACTION
                                  :
          Plaintiffs              :
                                  :
              vs.                 :
                                  :
S.C. ADAMS, et al.,               :    NO. 07-4936
                                  :
          Defendants              :
```

**DEFENDANT TRIPP'S ANSWER WITH AFFIRMATIVE DEFENSES
TO FIRST AMENDED COMPLAINT**

1. This paragraph is a conclusion of law which requires no response.

2. This paragraph is a conclusion of law which requires no response.

3. This paragraph contains a jurisdictional statement which requires no response. Admitted that venue is proper.

4. Admitted.

5. Defendant Tripp is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 5 of the First Amended complaint.

6. Admitted.

7. Defendant Tripp is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 7 of the First Amended

1

complaint. Any conclusions contained therein require in response.

8. Defendant Tripp denies the factual allegations contained in paragraph 8 of the First Amended Complaint. Any conclusions of law contained therein require no response.

9. Defendant Tripp is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 9 of the First Amended complaint. By way of further answer, based upon materials that Tripp reviewed, he does not contest the factual allegations set forth in paragraph 9 of the First Amended Complaint.

10. This paragraph contains conclusions of law which require no response.

11. Defendant Tripp is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 11 of the First Amended Complaint.

12. Defendant Tripp is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 12 of the First Amended Complaint.

13. Defendant Tripp is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 13 of the First Amended Complaint.

14. Defendant Tripp is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 14 of the First Amended Complaint.

15. Defendant Tripp is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 15 of the First Amended Complaint.

16. Defendant Tripp is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 16 of the First Amended Complaint.

17. Defendant Tripp is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 17 of the First Amended Complaint.

18. This paragraph contains conclusions of law which require no response.

19. This paragraph contains conclusions of law which require no response.

20. Defendants Tripp is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 20 of the First Amended complaint.

21. This paragraph contains conclusions of law which require no response.

22. Defendant Tripp is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 22 of the First Amended Complaint.

23. This paragraph contains conclusions of law which require no response.

24. Defendant Tripp is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 24 of the First Amended Complaint.

25. This paragraph is a conclusion of law which requires no response.

26. Defendant Tripp is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 26 of the First Amended Complaint.

27. Defendant Tripp is without knowledge or information sufficient to form a belief as to the truth of

the factual allegations contained in paragraph 27 of the First Amended Complaint.

28. This paragraph contains conclusions of law which require no response.

29. This paragraph contains conclusions of law which require no response.

30. This paragraph is a conclusion of law which requires no response.

31. This paragraph is a conclusion of law which requires no response.

32. This paragraph is a conclusion of law which requires no response.

33. This paragraph is a conclusion of law which requires no response.

34. This paragraph is a conclusion of law which requires no response.

35. This paragraph is a conclusion of law which requires no response.

36. Defendant Tripp is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 36 of The First Amended Complaint.

37. Defendant Tripp is without knowledge or information sufficient to form a belief as to the truth of

the factual allegations contained in paragraph 37 of the First Amended Complaint.

38. Defendant Tripp is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 38 of the First Amended Complaint.

39. This paragraph contains conclusions of law which require no response.

40. Defendant Tripp is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 40 of the First Amended Complaint.

41. This paragraph contains conclusions of law which require no response.

42. Denied as stated. By way of further answer, Tripp contacted Christopher bush in August of 2006.

43. Admitted.

44. Admitted.

45. Admitted Tripp wanted to know why Christopher Bush entered the children into the missing Child System. All remaining factual allegations are denied.

46. Defendant Tripp denies the factual allegations contained in paragraph 46 of the First Amended Complaint.

47. Defendant Tripp denies the factual allegations contained in paragraph 47 of the First Amended Complaint. All conclusions of law contained therein require no response.

48. Admitted that Tripp is a member of the Pennsylvania State Police. All remaining factual allegations are denied.

49. Defendant Tripp denies the factual allegations contained in paragraph 49 of the First Amended Complaint. All conclusions of law contained therein require no response.

50. Admitted that D. Bush spoke with Tripp about his children. All remaining factual allegations are denied.

51. Admitted that Christopher Bush made a verbal complaint to the Pennsylvania State Police about a phone call between Tripp and Bush and Bush complained about Tripp's alleged failure to do his job. All remaining factual allegations are denied.

52. Defendant Tripp denies the factual allegations contained in paragraph 52 of the First Amended Complaint. All conclusions of law contained therein require no response.

53. Admitted that Christopher Bush was questioned by Ignatz and another member of the Pennsylvania State Police

about the NCIC Missing Children Data System entry as a result of a CLEAN investigation. All remaining factual allegations contained therein are denied.

54. Denied as stated. By way of further answer, a determination was made that Christopher Bush's entry was found to be in accordance with the CLEAN policy.

55. Admitted that on July 31, 2007, Hill sent a letter to Christopher Bush's employer, the Township of Newtown. The content of the letter speaks for itself. All remaining factual allegations contained therein are denied. Any conclusions of law contained therein require no response.

56. Defendant Tripp denies the factual allegations contained in paragraph 56 of the First Amended Complaint. All conclusions of law contained therein require no response.

57. This paragraph contains conclusions of law which require no response.

58. This paragraph contains conclusions of law which require no response.

59. No response.

60. This paragraph is a conclusion of law which requires no response.

61. This paragraph contains conclusions of law which require no response.

62. This paragraph contains conclusions of law which require no response.

63. This paragraph contains conclusions of law which require no response.

64. This paragraph is a conclusion of law which requires no response.

65. This paragraph is a conclusion of law which requires no response.

66. This paragraph is a conclusion of law which requires no response.

67. This paragraph contains conclusions of law which require no response.

68. This paragraph contains conclusions of law which require no response.

69. This paragraph contains conclusions of law which require no response.

70. This paragraph contains conclusions of law which require no response.

71. This paragraph contains conclusions of law which require no response.

72. This paragraph is a conclusion of law which requires no response.

73. This paragraph contains conclusions of law which require no response.

74. This paragraph contains conclusions of law which require no response.

75. This paragraph contains conclusions of law which require no response.

76. This paragraph contains conclusions of law which require no response.

77. No response required.

78. This paragraph contains conclusions of law which require no response.

79. This paragraph contains conclusions of law which require no response.

80. This paragraph contains conclusions of law which require no response.

81. This paragraph contains conclusions of law which require no response.

82. This paragraph contains conclusions of law which require no response.

83. This paragraph contains conclusions of law which require no response.

84. This paragraph contains conclusions of law which require no response.

85. No response required.

86.  This paragraph contains conclusions of law which require no response.

87. This paragraph contains conclusions of law which require no response.

88. This paragraph contains conclusions of law which require no response.

89. This paragraph contains conclusions of law which require no response.

90. This paragraph contains conclusions of law which require no response.

91. This paragraph contains conclusions of law which require no response.

92. Defendant Tripp denies the factual allegations contained in paragraph 92 of the First Amended Complaint. All conclusions of law contained therein require no response.

93. This paragraph contains conclusions of law which require no response.

94. This paragraph contains conclusions of law which require no response.

95. No response required.

96. This paragraph contains conclusions of law which require no response.

97. This paragraph contains conclusions of law which require no response.

98. This paragraph contains conclusions of law which require no response.

99. This paragraph contains conclusions of law which require no response.

100. This paragraph contains conclusions of law which require no response.

101. This paragraph contains conclusions of law which require no response.

102. This paragraph contains conclusions of law which require no response.

103. This paragraph contains conclusions of law which require no response.

104. This paragraph contains conclusions of law which require no response.

105. This paragraph contains conclusions of law which require no response.

106. This paragraph contains conclusions of law which require no response.

107. This paragraph contains conclusions of law which require no response.

108. No response required.

109. This paragraph contains conclusions of law which require no response.

110. Defendant Tripp denies the factual allegations contained in paragraph 110 of the First Amended Complaint. All conclusions of law contained therein require no response.

111. Defendant Tripp denies the factual allegations contained in paragraph 111 of the First Amended Complaint. All conclusions of law contained therein require no response.

112. Defendant Tripp denies the factual allegations contained in paragraph 112 of the First Amended Complaint. All conclusions of law contained therein require no response.

113. Defendant Tripp denies the factual allegations contained in paragraph 113 of the First Amended Complaint. All conclusions of law contained therein require no response.

114. Defendant Tripp denies the factual allegations contained in paragraph 114 of the First Amended Complaint. All conclusions of law contained therein require no response.

115. Defendant Tripp denies the factual allegations contained in paragraph 115 of the First Amended Complaint. All conclusions of law contained therein require no response.

116. Defendant Tripp denies the factual allegations contained in paragraph 116 of the First Amended Complaint. All conclusions of law contained therein require no response.

117. Defendant Tripp denies the factual allegations contained in paragraph 117 of the First Amended Complaint. All conclusions of law contained therein require no response.

118. Defendant Tripp denies the factual allegations contained in paragraph 118 of the First Amended Complaint. All conclusions of law contained therein require no response.

119. Defendant Tripp denies the factual allegations contained in paragraph 119 of the First Amended Complaint. All conclusions of law contained therein require no response.

120. Defendant Tripp denies the factual allegations contained in paragraph 120 of the First Amended Complaint. All conclusions of law contained therein require no response.

121. No response required.

122. This paragraph is a request for relief which requires no response.

123. This paragraph is a request for relief which requires no response.

## AFFIRMATIVE DEFENSES

1. Defendant Tripp is entitled to qualified immunity on the constitutional claims.

2. The have failed to state a claim upon which relief may be granted.

```
                                THOMAS W. CORBETT, JR.
                                ATTORNEY GENERAL

                           BY:  /s/Randall J. Henzes
                                Randall J. Henzes
                                Deputy Attorney General
                                Attorney I.D. No. 53256

                                Susan J. Forney
                                Chief Deputy Attorney General
                                Litigation Section
```

Office of Attorney General
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107
Phone:((215) 560-2136
Fax:   (215) 560-1031

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| DAVID BUSH and CHRISTOPHER BUSH, | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | |
| | : | |
| S.C. ADAMS, et al., | : | NO. 07-4936 |
| | : | |
| Defendants | : | |

**CERTIFICATE OF SERVICE**

I, Randall J. Henzes, Deputy Attorney General, hereby certify that Defendant Tripp's Answer with Affirmative Defenses to First Amended Complaint was filed electronically on June 15, 2010 and is available for viewing and downloading from the ECF system. I further certify that a true and correct copy of said document was served by electronic means to:

puricellib@comcast.net
puricellib@verizon.net

```
                         THOMAS W. CORBETT, JR.
                         ATTORNEY GENERAL


                    BY:  s/Randall J. Henzes
                         Randall J. Henzes
                         Deputy Attorney General
                         Identification No. 53256
```