## SYNOPSIS cont'd

On 10/13/06, Christopher BUSH, his brother David BUSH, and their father went to Richmond, VA where the ex-wife and children had been located and solicited the assistance of the Richmond City police to obtain custody of his children from their school pursuant to the fraudulent court order which they did. The children were turned over to David BUSH who then returned to Pennsylvania. Subsequently, the court order was vacated and a new custody order was issued giving Mrs. BUSH custody and the children were returned to her after David Bush turned himself in to the FBI on 10/26/07. The FBI had charged him with 3 counts of Abduction of Children and Conspiracy to Commit Abduction.

On 10/23/06, after obtaining a valid court order, Mrs. BUSH went to PSP Montoursville and spoke with TPR Matthew R. MCDERMOTT who assisted her with the authorities in Richmond City Police Department to file a missing persons report for her children (see enclosure).

On 05/17/07 @ 1005hrs., Lt. Steve IGNATZ and I went to Newtown Township Police to interview Chief Martin DUFFY and Detective Chris BUSH concerning this matter. The interview was adversarial from the start, beginning with an accusation by Chief Duffy that the only reason we were sitting in his office is because we were sent by IAD in Harrisburg to harass and intimidate them since they filed an IAD complaint against some members of PSP. The chief also thought this matter was too trivial to include a state police Lieutenant who has better things to do and that I should be able to handle this matter by myself. After several comments about a federal law suit and Chris BUSH being advised by his attorney that he shouldn't talk to us, he chose to talk to us anyhow since he wanted to cooperate fully in this investigation. It was determined that Detective Chris BUSH had made the entries after he had asked the chief and was given permission to do so without an ongoing investigation. After denying that he had a report to backup the entries, report number 06-4111 was produced. It only had sufficient information on it to make an NCIC entry for the children and no other investigative information. The mother of the children was never charged criminally by Detective BUSH for Interference with the Custody of a Child or any crime.

## CONCLUSION:

Newtown Township PD had not initiated an official missing person's investigation. The report that was initiated by Detective BUSH was only for the purpose of making the NCIC entry, and was only done after PSP Mansfield determined this was not a missing person's case and that the children were not actually missing but in the custody of their mother and that this was part of a custody dispute. The court order that was used to substantiate the removal of the children from Richmond Virginia was fraudulently obtained by David BUSH. Detective BUSH also contacted the National Center for Missing and Exploited Children and had a poster made showing the 3 children as missing which had some inconsistencies with the NCIC entry, mainly, on the NCMEC poster it indicates that the last contact was on 09/01/04 and on the NCIC entry date of last contact was 07/08/2006. Detective BUSH lied to me about the existence or a report to substantiate his NCIC entry. A report was available for hit confirmation, therefore, no violation of CLEAN/NCIC regulations occurred.

It remains undetermined if Detective Chris BUSH knew that the custody order was obtained fraudulently or not.

## RECOMMENDATIONS AND COMMENT:

I believe that when David BUSH failed to get the results he wanted from his attempt to use PSP to support his agenda he went to his brother Detective Chris BUSH, who, because he was emotionally involved and personally involved in the case due to the family situation, allowed that to cloud his judgment in this case to the point where he acted inappropriately, albeit with the permission of his chief. Detective Chris BUSH filing an IAD complaint has no relevance in this investigation as to whether or not he misused CLEAN.

I also believe that Chief DUFFY knew of this NCIC entry and became personally and emotionally involved in this case and gave his permission for Detective BUSH to make these entries. I also believe that Chief DUFFY was surprised that Detective BUSH lied to me about the existence of a report when he found the report in the file and handed it to Detective BUSH and then directed Detective BUSH to allow me to see the report.

## LIST OF ATTACHMENTS:

Information from SGT David YOUNG, PSP Montoursville
CLEAN offline search
NCIC offline search
NCMEC poster
Court documents

## DETAILS:

On 05/17/07 at approx. 1005 hours, I interviewed Chief of Police Martin C. DUFFY, W-N/M – 64 (04/15/1943), Newtown Township Police Department in his office at 100 Municipal Drive, Newtown, PA 18940 (215)579-1000.

After I introduced myself and LT IGNATZ, Chief DUFFY and Detective BUSH both went on the offensive, accusing us of being there to intimidate and harass his detective since he had filed an IAD complaint against members of PSP. He questioned the timing of this investigation and the need for a State Police Lieutenant to be involved in such a trivial matter. Chief DUFFY advised that he prides himself on the integrity of his department where he has worked for 30 plus years. Chief DUFFY advised that he stands behind his officers 100% and if there is a violation here, it is should rest on his shoulders and not on Detective BUSH. He advised that he was aware of this case and that Detective BUSH came to him and asked his permission to enter his brothers kids into CLEAN/NCIC before he did it. He advised of an ongoing federal lawsuit involving this case and that he wasn't sure how much he should talk about. Chief DUFFY was advised that this was an administrative investigation concerning only the NCIC entries made by Detective BUSH when his department did not have jurisdiction to make the entries as the children were not missing from his jurisdiction and not associated with the IAD or any other investigation. When advised of the possible sanctions of a violation, he advised that he didn't want his officers safety to be jeopardized because of his emotional involvement in this case and that he hoped his department would not lose CLEAN access. Chief Duffy stood his ground until I caught Detective BUSH lying to me about the existence of a report in this case. As I was interviewing Detective BUSH, Chief DUFFY pulled a file out of his desk drawer and began to go through it, and as Detective BUSH lied outright saying a report didn't exist, Chief DUFFY pulled a report out of the file with a puzzled look on his face, showed the report to Detective BUSH, then directed him to show it to me. Chief DUFFY apologized for his error in judgment and acknowledged his emotional involvement in this case. Chief DUFFY'S demeanor seemed to change after he found the report that Detective BUSH said didn't exist.

## DETAILS cont'd

On 05/17/07 at approx. 1015 hours, I interviewed Detective Christopher BUSH, W-N/M – 44 (12/31/62), 100 Municipal Drive, Newtown, PA 18940, in the presence of his police chief, Martin C. DUFFY, in the chief's office.

Detective BUSH proceeded to provide me with the fact that he filed an IAD investigation that was still pending and that IAD would not provide him with any information concerning the investigation. He proceeded to tell of his brothers' plight and the custody of his brothers' children, all of which I told him I could sympathize with, but it didn't justify the entries made into NCIC. The regulation concerning entries and the availability of a report for hit confirmation were explained to Detective BUSH. I asked Detective BUSH for a copy of his missing persons report that he filed in conjunction with the NCIC entries that he made. He vehemently denied the existence of a report and stated "you know I don't have a report why are you even asking?" I advised Detective BUSH that it was my belief that his brother made an attempt to get PSP Mansfield to take a missing person report and when he didn't get the results that he wanted he requested Detective BUSH get involved, a statement which Detective BUSH didn't deny or even challenge. He was advised that because of his personal involvement in this case he shouldn't have used his position to further his brother's cause. At this point in the interview, the chief pulled the report out of a file, showed it to Detective BUSH and Detective BUSH took possession of it. Detective BUSH was reluctant to allow me to see the report until he consulted with his attorney at which time he was directed by Chief DUFFY to give me the report. The report, 06-4111, had only the information on it to support the NCIC entries and no additional investigative information. When I questioned his integrity at this point he stated that he didn't know that *that* was the report I was looking for, he thought I was looking for a different one.

# PENNSYLVANIA STATE POLICE
## INCIDENT REPORT

SP 7-0050 (12-94)

**REPORT TYPE:** ☒ INITIAL ☐ CONTINUATION ☐ SUPPLEMENTAL

**DATE(S)/DAY(S) INCIDENT:** 0- -/06 FRI
**TIME(S) OF INCIDENT:** 1600 HRS
**INCIDENT NO.:** F05-0891031
**JUVENILE:** ☐
**DOMESTIC VIOLENCE:** ☐

**ATTACHMENTS:**
- ☐ FELONY CRIMES AGAINST THE PERSON
- ☐ MISSING PERSON CHECKLIST
- ☒ STATEMENT FORM(S)
- ☐ VICTIM/WITNESS ASSISTANCE GUIDE RECEIPT
- ☐ RIGHTS WARNING AND WAIVER
- ☐ PROPERTY RECORD
- ☐ OTHER News Release

**DISP.:**
- ☐ CLEARED BY ARREST
- ☐ UNFOUNDED
- ☐ EXCEPTIONALLY CLEARED- DATE
- A ☐ DEATH OF ACTOR
- B ☐ PROSECUTION DECLINED
- C ☐ EXTRADITION DENIED
- D ☐ VICTIM REFUSED TO COOPERATE
- E ☐ JUVENILE/NO CUSTODY
- N ☐ NOT APPLICABLE
- ☐ MULTIPLE CLEAR-UP

**1. ORI/STATION:** PAPSP5300/MANSFIELD
**2. LOCATION:** 193 Whitneyville Rd.
**ZONE:** 42
**3. CITY/TWP/BORO:** Charleston Twp.  **CODE:** 203
**4. COUNTY:** Tioga  **CODE:** 58

**5. VICTIM NO. 1 NAME:** David (NMN) BUSH
**ADDRESS:** 193 Whitneyville Rd., Wellsboro PA 16901
**HOME TELEPHONE NO.:** 570-724-2391
**6. EMPLOYER NAME:** Flamingo Moving
**ADDRESS:** 18610 RT 6, Mansfield PA 16933
**WORK TELEPHONE NO.:** 570-662-3171

| 7. RACE/ETHY. | 8. SEX | 9. DOB | 10. AGE | 11. RES. STAT. | 12. REL. TO OFFENDER(S) | 13. TYPE INJ. | 14. CIRC. | 15. CON. TO OFF. | 16. TYPE VICT. | 17. OFF. NO. REL. |
|---|---|---|---|---|---|---|---|---|---|---|
| W / N | M | 08/13/66 | 39 | R | XS | | | 01 | I | 1 |

**18. OFFENSE**
- ___ SIMPLE ASSAULT
- ___ CRIMINAL MISCHIEF
- ___ TERRORISTIC THREATS
- ___ THEFT BY UNLAWFUL TAKING OR DISPOSITION
- ___ BURGLARY
- ___ MISSING PERSON
- ___ HARASSMENT
- ___ CONTROLLED SUBSTANCE, DRUG, DEVICE AND COSMETIC ACT
- ___ ESCAPE
- ___ AGGRAVATED ASSAULT
- ___ ARSON BY RELATED OFFENSES
- ___ HARASSMENT BY COMMUNICATION OR ADDRESS
- 01 OTHER **CONCEALMENT OF WHEREABOUTS OF A CHILD**

| 19. NO. | 20. STATUTE | 21. SECTION NO. | 22. UCR | 23. HATE/BIAS | 24. OFF. USED | 25. OFF. LOC | 26. ETY. METH. | NO. | 27. ACTY. TYPE | 28. WPN/FC | A |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | CC | 2909 | 260 | 88 | N | 25 | | | | | |

**29. VEHICLE:** ☐ STOLEN ☐ RECOVERED ☐ SUSPECT ☐ OTHER

| | YES | NO | | YES | NO |
|---|---|---|---|---|---|
| INCIDENT PROMPTLY REPORTED BY VICTIM | ☒ | ☐ | NEIGHBORHOOD/AREA CANVASS | ☐ | ☒ |
| CAN A SUSPECT BE NAMED | ☒ | ☐ | ANY WITNESSES LOCATED | ☐ | ☒ |
| EVIDENCE AT SCENE TO LINK OFFENDER | ☐ | ☒ | OFFENDER INFORMATION AVAILABLE | ☐ | ☒ |
| CAN A VEHICLE BE IDENTIFIED WITH CRIME | ☐ | ☒ | IDENTIFIABLE/TRACEABLE PROPERTY | ☐ | ☒ |
| SCENE PROCESSED FOR LATENT PRINTS | ☐ | ☒ | UNIQUE/UNUSUAL METHOD OF OPERATION | ☐ | ☒ |
| LATENT PRINTS DISCOVERED | ☐ | ☒ | THOUGHT TO BE CONNECTED WITH KNOWN CRIME PATTERN | ☐ | ☒ |
| SCENE CHECKED FOR WITNESSES | ☐ | ☒ | CLEAN/STATISTICAL NARCOTICS MESSAGE SENT | ☐ | ☒ |

**51. DATE/TIME OFFICER ARRIVED:** 02/23/2006 / 1131
**52. DATE/TIME OFFICER DEPARTED:** 02/23/06 / 1300
**53. DATE OF REPORT:** 03/01/06
**54. PART ONE ONLY:** ☐
**55. LCE NOTIFIED:** ☐ YES ☒ NO
**56. SUPV. INIT/BADGE NO.**

**57. OFFICER'S NAME/SIGNATURE:** Tpr. Eric J. WHISNER /
**BADGE NO.:** 10146
**58. INVES. RECM.:** ☒ CONT. ☐ TERM.
**59.** ☒ CONCUR ☐ NONCONCUR
**60. PAGE:** 01

DEPARTMENT HEADQUARTERS

| SP 7-0050 A (12-94) PENNSYLVANIA STATE POLICE INCIDENT REPORT – PART II | REPORT TYPE ☒ INITIAL ☐ CONTINUATION ☐ SUPPLEMENTAL | DATE(S)/DAY(S) ⌷CIDENT 0⌷ ⌷/06 FRI TIME(S) OF INCIDENT 1600 HRS | INCIDENT NO. F05-0891031 JUVENILE ☐ DOMESTIC VIOLENCE ☐ |
|---|---|---|---|

| ATTACHMENTS: | | DISP.: ☐ CLEARED BY ARREST ☐ UNFOUNDED |
|---|---|---|
| ☐ FELONY CRIMES AGAINST THE PERSON | ☐ STATEMENT FORM(S) | ☐ EXCEPTIONALLY CLEARED- DATE |
| | | A ☐ DEATH OF ACTOR   D ☐ VICTIM REFUSED TO COOPERATE |
| ☐ VICTIM/WITNESS ASSISTANCE GUIDE RECEIPT | ☐ RIGHTS WARNING AND WAIVER | B ☐ PROSECUTION DECLINED   E ☐ JUVENILE/NO CUSTODY |
| ☐ PROPERTY RECORD ☐ OTHER | | C ☐ EXTRADITION DENIED   N ☐ NOT APPLICABLE   ☐ MULTIPLE CLEAR-UP |

| 61. ORI/STATION PAPSP5300/MANSFIELD | 62. DATE OF REPORT 03/01/06 | 63. OFFENSE CONCEALMENT OF WHEREABOUTS OF A CHILD |
|---|---|---|

| 64. ☐ ACCUSED ☒ SUSPECT | 65. OFFENDER NO. 1 | NAME Sarah Nicole MONSERRATE | 66. ADDRESS UNKNOWN |
|---|---|---|---|
| 67. HOME TELEPHONE NO. UNKNOWN | 68. NICKNAMES/ALIAS Sarah BUSH | | 69. HEIGHT 5' 04" | 70. WEIGHT 125 | 71. HAIR BRO | 72. EYES BRO | 73. MARITAL STATUS DIVORCED |
| 74. RACE/ETHY. W / H | 75. SEX F | 76. DOB 06/21/75 | 77. AGE 30 | 78. RES. STAT. U | 79. OFF. CODE 260 | 80. TYPE ARREST | 81. DATE OF ARREST | 82. ARMED WITH | A | 83. OTN/NON-TRAFFIC CIT. NO. |
| 84. FINGERPRINTED ☐ YES ☐ NO | 85. PHOTOGRAPHED ☐ YES ☐ NO | 86. DISP. UNDER 18 | 87. VIC. NO. REL. 01 | 88. SSN 167604346 | 89. OLN 23608551 | | STATE PA |
| 90. BIRTHPLACE UNKNOWN | 91. EMPLOYER/SCHOOL UNKNOWN | | 92. MISC. NO. |

| 64. ☐ ACCUSED ☐ SUSPECT | 65. OFFENDER NO. | NAME | 66. ADDRESS |
|---|---|---|---|
| 67. HOME TELEPHONE NO. | 68. NICKNAMES/ALIAS | 69. HEIGHT | 70. WEIGHT | 71. HAIR | 72. EYES | 73. MARITAL STATUS |
| 74. RACE/ETHY. / | 75. SEX | 76. DOB | 77. AGE | 78. RES. STAT. | 79. OFF. CODE | 80. TYPE ARREST | 81. DATE OF ARREST | 82. ARMED WITH | A | 83. OTN/NON-TRAFFIC CIT. NO. |
| 84. FINGERPRINTED ☐ YES ☐ NO | 85. PHOTOGRAPHED ☐ YES ☐ NO | 86. DISP. UNDER 18 | 87. VIC. NO. REL. | 88. SSN | 89. OLN | | STATE |
| 90. BIRTHPLACE | 91. EMPLOYER/SCHOOL | | 92. MISC. NO. |

93. NARRATIVE

LATITUDE: 41 46:04.40           LONGITUDE: -77 11:59.30

SYNOPSIS:

In the commission of this crime Sarah MONSERRATE did not notify the victim, David BUSH, to the whereabouts of their children after a Protection From Abuse Order granted on 07/06/04 to MONSERRATE against BUSH expired on 01/06/06. MONSERRATE had cut off all type of communications with BUSH and failed to leave any forwarding address for BUSH to attempt any contact with his children.

INTERVIEWS:

On 02/23/06 at approx 1130 hrs the victim, David BUSH, reported this incident at PSP Mansfield where he was interviewed. He related that his ex-wife had been granted a PFA order on alleged physical abuse claims prohibiting any contact with MONSERRATE, but protested that contact with the children was no prohibited on the PFA that he understood. BUSH related that he had obeyed the PFA by ending all contact with MONSERRATE and the children until after the PFA order had expired, at which time he attempted to locate MONSERRATE in order set up arrangements for visitations and/or any contact with his children. BUSH related that he employed investigative services and conducted his own search for his ex-wife and children finding that MONSERRATE had gone to great lengths to secure their location from him by changing her identity and social security number. BUSH further related that he had discovered that MONSERRATE was periodically moving her place of residence and may not be in the state of PA. BUSH related that there have been no attempts by MONSERRATE to restore any contact between the children and himself after the expiration of the PFA. For further details refer to the victim/witness statement for provided by David BUSH attached to this report.

ADDITIONAL INFORMATION:

A copy of this PFA order verifies that BUSH was not to have any type of contact with MONSERRATE or their three children while the order was in effect. The three children listed on the PFA order are all under the age of 18 years, Steph Cadence BUSH – DOB 08/27/97, Skyler Raine BUSH – DOB 11/01/00 and Shiloh Deseree BUSH – DOB 06/27/02.

(Continued)

| 94. OFFICER'S NAME/SIGNATURE Tpr. Eric J. WHISNER / | BADGE NO. 10146 | 95. INVES. RECM. ☒ CONT. ☐ TERM. | 96. SUPV. INIT/BADGE NO. | 97. ☒ CONCUR ☐ NONCONCUR | 98. PAGE 02 |
|---|---|---|---|---|---|

DEPARTMENT HEADQUARTERS

| SP 7-0051 (3-96) | REPORT TYPE | DATE(S)/DAY(S) OF INCIDENT | INCIDENT NO. |
|---|---|---|---|
| PENNSYLVANIA STATE POLICE<br>CONTINUATION SHEET ☐<br>SUPPLEMENTAL INVESTIGATION REPORT ☒ | ☒ INCIDENT<br>☐ OTHER | 06/06 FRI<br>TIME(S) OF INCIDENT<br>1600 HRS | F05-0891031<br>JUVENILE ☐   DOMESTIC VIOLENCE ☐ |

ATTACHMENTS:   ☐ MISSING PERSON CHECKLIST   DISP.: ☐ CLEARED BY ARREST   ☐ UNFOUNDED   ☒ EXCEPTIONALLY CLEARED - DATE
☐ FELONY CRIMES AGAINST THE PERSON   ☐ STATEMENT FORM(S)   A ☐ DEATH OF ACTOR   D ☐ VICTIM REFUSED TO COOPERATE   12/17/06
☐ VICTIM/WITNESS ASSISTANCE GUIDE RECEIPT   ☐ RIGHTS WARNING AND WAIVER   B ☒ PROSECUTION DECLINED   E ☐ JUVENILE/NO CUSTODY
☐ PROPERTY RECORD   ☐ OTHER   C ☐ EXTRADITION DENIED   N ☐ NOT APPLICABLE   ☐ MULTIPLE CLEAR-UP

| 1. ORI/STATION | | 2. DATE OF REPORT |
|---|---|---|
| PAPSP5300/MANSFIELD | | 12/17/06 |
| 3. OFFENSE<br>CONCEALMENT OF WHEREABOUTS OF A CHILD | 4. VICTIM<br>David (NMN) BUSH | |

**5. NARRATIVE**

On 10/13/06 David BUSH had taken physical custody of his children in Richmond VA with a flawed court order given to him in Luzerne County PA on 06/23/06. The children were taken out of the school that they were attending by local authorities and placed into David BUSH'S custody.

On 10/23/06 Sarah BUSH, who had changed her name to Isara Isabella SERENE, had the Luzerne Co. court order which gave David BUSH custody of the children vacated.

On 10/24/06 an emergency protection from abuse order was placed against David BUSH by the Commonwealth of Virginia forbidding him from having any contact with SERENE or any of the children.

On 10/25/06 a warrant of arrest was issued by the Commonwealth of Virginia for abduction. A request for FBI involvement was then made by the local authorities in Virginia.

On 11/26/06 David BUSH'S attorney, William GOLDMEN, contacted FBI Philadelphia to arrange BUSH'S surrender in Doylestown PA. After David BUSH turned himself in, the Newtown Police Dept returned the children to SERENE.

The preceding information was provided to this R/O by FBI Agent Timothy OMALI , PH # 570-323-5328.

The Tioga County District Attorney's Office is not seeking any prosecution towards any party involved at this time. The BUSH children were located ending this department's involvement in this incident. This investigation is closed.

In compliance with GM 7-2, General Responsibilities & Instructions, Section G-2 Terminating an Investigation, all attachments have been removed from the station copy of this report & forwarded to DHQ.

No property remains in evidence and there are no CLEAN / NCIC entries associated with this investigation

LIST OF ATTACHMENTS:

There are sixty-seven pages of miscellaneous documents that were provided by SGT. TRIPP, Station Commander PSP Mansfield, and attached to this report.

| 6. OFFICER'S NAME/SIGNATURE<br>Tpr. Eric J. WHISNER / | BADGE NO. | 7. INVEST. RECM.<br>☐ CONT.  ☒ TERM. | 8. SUPV. INIT./BADGE NO. | 9. ☐ CONCUR<br>☐ NONCONCUR | 10. PAGE<br>07 |
|---|---|---|---|---|---|

DEPARTMENT HEADQUARTERS



**JOHN F. COWLEY**
*District Attorney*

**GEORGE W. WHEELER**
*Assistant District Attorney*

*OFFICE OF*
**THE DISTRICT ATTORNEY**
*TIOGA COUNTY, PENNSYLVANIA*
Courthouse
Wellsboro PA. 16901
570-724-1350   FAX 570-724-7108

Staff:
**JOHN T. DAVIS**
*Chief County Detective*
**REVA J. BALDWIN**
*Victim/Witness Coordinator*
**MARY K. KIMBALL**
*Secretary*

April 26, 2006

Lyle and Helga Bush
2565 Route 660
Wellsboro, PA 16901

Dear Mr. and Mrs. Bush:

I received your correspondence on April 26, 2006, and am forwarding the information to the State Police, who are conducting an investigation into this matter. You may want to pursue possible visitation rights with your private attorney if that is your interest.

Sincerely yours,

John F. Cowley
District Attorney

JFC:mkk

cc: Sgt. Joseph Tripp
Tpr. Eric Whisner