```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID BUSH and CHRISTOPHER BUSH, : CIVIL ACTION
                                 :
                    Plaintiffs   :
                                 :
          vs.                    :
                                 :
S.C. ADAMS, et al.,              : NO. 07-4936
                    Defendants   :
```

**DEFENDANTS HILL, IGNATZ AND TRIPP'S REPLY TO PLAINTIFF'S OPPOSSITION TO DEFENDANTS HILL TRIPP AND IGNATZ'S MOTION FOR SUMMARY JUDGMENT**

**I. STATEMENT OF THE CASE**

On August 11, 2010, defendants Hill, Ignatz and Tripp moved for summary judgment. On October 1, 2010, plaintiffs Christopher and David Bush filed an Opposstion to Hill, Ignatz and Tripp's motion. Pursuant to Rule 56(c)(1)(B) of the Federal Rules of Civil Procedure, defendants Hill Ignatz and Tripp now file this Reply to Plaintiff's Opposition to Defendants Hill, Tripp and Ignatz' Motion for Summary Judgment.

**II. ARGUMENT**

Plaintiffs argue that defendants Hill, Ignatz and Tripp's motion should be denied because the motion was not accompanied by "Statement of Undisputed Facts". Plaintiffs argue that Rule 56 of the Federal Rules of Civil Procedure 56 requires that the motion be accompanied by a "Statement of Undisputed Facts". Rule 56, however, has no such requirement. While some judges in the Eastern District require a separate "Statement of Undisputed Facts" when filing a motion for summary judgment, this Court's

procedures on summary judgment motions require only a recitation of facts with citation to the record. Defendants Hill, Ignatz and Tripp's motion for summary judgment contains a recitation of facts with citation to the record. Their motion complies with Rule 56 of the Federal Rules of Civil Procedure and this Court's procedure set for in its Preliminary General Matters.

Plaintiffs also argue that David Bush has a First and Fourteenth Amendment civil rights action that asserts an interference with family relations claim and denial of equal protection of law claim. Plaintiffs' opposition at p. 15 references Complaint ¶¶ 47 and 8 "a, "b, and "e". Plaintiffs, however, filed amended complaint. By filing the amend complaint, their original complaint was superseded.  Daimler Chrysler Corp. v. Askinazi, 152 F.Supp 2d. 655, 662 (E.D. Pa. 2001). As such, the original complaint no longer performs any function and is treated thereafter as non-existent. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). The amended complaint does not contain an interference with family relations claim nor a denial of equal protection of law claim by David Bush. Hill, Ignatz and Tripp are entitled to summary judgment against David Bush.

Christopher Bush argues that there is a genuine issue of material fact that a jury must decided on his First Amendment claim. He argues that it was Hill's letter to the Township that solely caused the Township's decision which resulted in his termination. This argument is flawed.

2

There is nothing in the record that factual supports Christopher Bush's assertion that it was Hill's letter to the Township that solely caused the Township's decision which resulted in his termination. A reasonable inference can be drawn that Hill's letter may have prompted the Township to conduct its own investigation into Christopher Bush's actions with his brother's custody issues. It, however, was the Township's findings during the investigation that were used to terminate Bush, not Hill's letter[1]. There is no factual dispute on this issue. Hill nor Ignatz can be held constitutionally liable for a decision made by a third party upon findings from a it own investigation.

Plaintiffs also argue that defendants are not entitled to qualified immunity. They argue the law was clearly established that Christopher Bush had a right to file a complaint with PSP and not be retaliated against for filing the complaint.

In considering qualified immunity, a district court must determine the issue "with respect to the conduct of each individual defendant." Grant v. City of Pittsburgh, 98 F.3d 116, 121 (3d Cir. 1996). The court must address each defendant's specific conduct to determine whether he or she acted in an objectively unreasonable manner. Rouse v. Plantier, 182 F.3d

---

[1] Contrary to plaintiffs' assertion, Christopher Bush did not prevail in the arbitration. While he was reinstated, the arbitrator found that Christopher Bush engaged in significant misconduct that warranted a thirty day suspension without pay.

192, 200 (3d Cir. 1999). This analysis "demands a highly individualized inquiry." Id. (citing Grant, 98 F.3d at 122). Resolution of any assertion of qualified immunity always requires "a careful examination of the record" including "a detailed factual description of the actions of each individual defendant[.]" Rouse, 182 F.3d at 200 (quoting Grant, 98 F.3d at 121-122).

It follows that, if the facts of each defendant's conduct are to be examined individually, the relevant law must be viewed with each defendant's particular actions in mind, not in a broad, abstract sense. E.g., Brosseau v. Haugen, 543 U.S. 194, 198 (2004). The analysis of qualified immunity cannot be premised on an overly general concept of the right at issue. Grant, 98 F.3d at 122. Yet, that is exactly what plaintiffs effectively suggest when they argue that the defendants cannot be shielded by qualified immunity in this case because the Supreme Court and Third Circuit have rendered a variety of decisions interpreting the First Amendment. The Third Circuit disapproved of just such a facile approach (at the pleading stage) in Thomas v. Independence Twp., 463 F.3d 285 (3d Cir. 2006), stating:

> [T]hese are the kinds of broad propositions of law that cannot guide a court in determining whether a constitutional right is clearly established. If such broad propositions of law were sufficient for purposes of the qualified immunity analysis, "[p]laintiffs would be able to convert the rule of qualified immunity that our cases plainly establish into a rule of virtually unqualified

4

> liability simply by alleging violation of extremely abstract rights."

Id., 463 F.3d at 300 (quoting Anderson v. Creighton, 483 U.S. 635, 639 (1987)). Using the proper legal standard, it is clear, given the facts that each defendant confronted and the actions they took, that each defendant is entitled to qualified immunity.

Lastly, plaintiffs' argue that Hill is not entitled to sovereign immunity because there is a genuine issue of material about Hill's job duties. They contend there is no evidence that "Hill was sending letters in the performance of his duties as Troop Commander. Such a contention belies the record and common sense.

First, Exhibit C Bush 4 to Christopher Bush's deposition clearly shows that letter was sent on PSP letterhead and was signed "Captain Kenneth F. Hill, Troop Commander, Troop F Montoursville". Second, there is no need to be trial on whether a Captain from the PSP job duties includes sending letters to public. This Court can take judicial notice of the fact that from time to time public servants employment duties include sending letters to public. It would be a colossal waste of this Court's time and jury resources to try this issue. The record is clear that Hill was acting in the scope of his employment duties when he sent the letter. Hill is entitled to sovereign immunity

5

on any state law claim that Christopher Bush associates with Hill sending the letter to his employer.

**III. CONCLUSION**

Based upon the foregoing and defendants Hill, Ignatz and Tripp's motion for summary judgment, judgment should be entered in favor of Hill, Ignatz and Tripp and against Christopher Bush and David Bush.

        THOMAS W. CORBETT, JR
        ATTORNEY GENERAL

BY: /s/RANDALL J. HENZES
    Randall J. Henzes
    Deputy Attorney General
    Identification No. 53256

    Susan J. Forney
    Chief Deputy Attorney General
    Chief, Litigation Section

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID BUSH and CHRISTOPHER BUSH,  :    CIVIL ACTION
                                  :
                  Plaintiffs      :
                                  :
          vs.                     :
                                  :
S. C. ADAMS, et al.,              :    NO. 07-4936
                                  :
                  Defendants     :
```

### CERTIFICATE OF SERVICE

I, Randall J. Henzes, Deputy Attorney General, hereby certify that on October 5, 2010, Defendants Hill, Ignatz and Tripp's Reply to Plaintiffs' Opposition to Defendants Hill, Ignatz and Tripp's Motion for Summary Judgment was filed electronically and is available for viewing and downloading from the ECF system. I further certify that a true and correct copy of said document was served by electronic means to:

puricellib@verizon.net

```
                         THOMAS W. CORBETT, JR.
                         ATTORNEY GENERAL

                    BY:  s/Randall J. Henzes
                         Randall J. Henzes
                         Deputy Attorney General
                         Identification No. 53256
```

7